GARCIA RAINEY BLANK & BOWERBANK LLP
A Limited Liability Partnership
NORMA V. GARCIA, Cal. Bar No. 223512
ngarciaguillen@garciarainey.com
JEFFREY M. BLANK, Cal. Bar No. 217522
jblank@garciarainey.com
695 Town Center Drive, Suite 700
Costa Mesa, California 92626-1925
Telephone: 714-382-7000
Facsimile: 714-784-0031

Attorneys for Plaintiffs
CLIFFORD A. ROSEN and
ROLAND A. CHRISTENSEN

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLIFFORD A. ROSEN, an individual; RONALD CHRISTENSEN, an individual<br><br>Plaintiffs,<br>vs.<br>URBAN COMMONS, LLC, a Delaware Limited Liability Company; URBAN COMMONS 6TH AVE SEATTLE, a Delaware Limited Liability Company; URBAN COMMONS BATTERY PARK, LLC, a Delaware Limited Liability Company; CHICAGO ANALYTIC TRADING COMPANY, LLC, d/b/a LITTLERIVER CAPITAL,LLC, a Delaware Limited Liability Company; DIGITAL CAPITAL MARKETS, LLC, a Maryland Limited Liability Company; TAYLOR WOODS, an individual; HOWARD WU, an individual; C. BRIAN EGNATZ, an individual; and DOES 1 through 10, inclusive<br><br>Defendants. | Case No. 8:20-cv-01973-JLS-DFM<br><br>**JOINT REPORT OF COUNSEL** |

The parties to this action, plaintiffs CLIFFORD A. ROSEN and RONALD A. CHRISTENSEN ("Plaintiffs"), and defendants URBAN COMMONS, LLC, URBAN COMMONS 6TH AVE SEATTLE, LLC, URBAN COMMONS BATTERY PARK, LLC, TAYLOR WOODS, HOWARD WU, BRIAN EGNATZ, (together the "Urban Common Parties") and defendant CHICAGO ANYALYTIC TRADING COMPANY, LLC; d/b/a LITTLERIVER CAPITAL, LLC ("Chicago Analytic"), through their counsel of record, conducted the "conference of parties" as required by Federal Rules of Civil Procedure Rule 26(f) and Local Rule 26-1 on January 5, 2021. The following report documents the issues discussed.

**1. <u>Statement of the Case</u>**

**<u>Plaintiff</u>**

This action stems from the unscrupulous, fraudulent and unlawful sales of unregistered and non-exempt securities by Defendants (together the Urban Common Parties and Chicago Analytic shall be referred to as "Defendants") to Plaintiffs. The Defendants misled the Plaintiffs into investing $750,000 in January and March of 2020, falsely promising that said offerings would be completed within weeks and months of such investment. All the while, Defendants knew their parent company was being investigated for securities violations in Singapore. Worse yet, Defendants knew they were in default of a facility loan critical to their ongoing operations. Yet, none of these material facts were disclosed to Plaintiffs.

Plaintiffs allege that all Defendants conspired and committed violations of Federal and California Securities Laws and other statutes, as well as actual and constructive fraud, intentional misrepresentation, and/or negligent misrepresentations, and other torts for which Plaintiffs seek relief and remedies herein.

Defendants made material omissions and material misrepresentations to Plaintiffs to induce such investments, including but not limited to (i) misrepresenting that the offerings would be completed on or before March 2020, (ii) misrepresenting that if the offerings were not completed by such date, the investment funds would be returned with interest to Plaintiffs, (iii) misrepresenting that the investment funds would be held in escrow until such offerings were completed, (iv) failing to disclose that certain Urban Common Parties were in default of financing required to complete the projects subject to offerings, and (v) failing to disclose that the parent company and principals of Urban Commons LLC were under a federal investigation in Singapore which has since landed several directors, among others, in prison in Singapore.

Plaintiffs, commencing in May 2020, have consistently requested from Defendants written proof that either the offerings were completed or that their investment funds remain in an interest-bearing escrow account. Defendants, however, have failed to produce such evidence. Plaintiffs are informed and believe, and on that basis allege, that the Defendants cannot do so because they have absconded the investment funds. Indeed, Plaintiffs are informed and believe, and on that basis allege, that Defendants used their investment funds for purposes other than those set forth in the subscription agreements. Accordingly, Defendants have committed securities violations and defrauded Plaintiffs out of over $750,000. Plaintiffs seek damages and/or rescission of securities sale contracts and transactions at issue, with restitution, monies on common counts, and other relief in this action.

**The Urban Commons Parties**

The Urban Commons Parties believe that this report is supposed to be a neutral, jointly-prepared report intended to inform the Court about the issues in the case; not a rhetoric-filled advocacy piece that plaintiffs have made it. That said, Urban Commons asserts that plaintiffs' investments were made with knowledge of all relevant facts and that there was no material misrepresentation. The subject

investments were in the hospitality industry, which has been particularly hard-hit by COVID-19. The Urban Common defendants are still attempting to close on the subject acquisitions for which plaintiffs and many others invested funds.

**Chicago Analytic**

Chicago Analytic is a small firm in Alabama. It does not have insurance coverage for this matter. One of its owners invested with Urban Commons as well, much like Plaintiffs. It is unfortunate that the event relating to COVID-19 have impacted the projects at issue, which Plaintiffs seemingly ignore. Chicago Analytic received no funds from Plaintiffs.

**2.    Procedural History**

On or about October 13, 2020, the Plaintiffs filed this action against defendants the Urban Common Parties and Chicago Analytic alleging the following twenty-one causes of action in their Complaint: (1) Violation of Section 5 of the Securities and Exchange Act ("SEA"); (2) Violation of Section 12 of the 1933 Securities Act (the "Securities Act"); (3) Violation of Section 15 of the Securities Act; (4) Violation of Section 17 of the Securities Act; (5) Violation of Section 10(b) of the 1934 SEA and Rule 10b-5; (6) Violation of California Corporations Code ("Corp. Code") Sections 25401 and 25501; (7) Violation of Corp. Code Sections 2400 and 25500; (8) Violation of Corp. Code Section 25403; (9) Violation of Corp. Code Sections 25503, 25504.1 and 25110; (10) Violation of Corp. Code Section 25504; (11) Violation of Corp. Code Sections 25401 and 25504.1; (12) Violation of Corp. Code Sections 25200, et seq. and 25501.5; (13) Violation of Corp. Code Sections 25200, et seq. and 25501.5; (14) Theft by False Pretenses (Cal. Penal Code Section 496(c)); (15) Constructive Fraud; (16) False Promise; (17) Concealment; (18) Intentional Misrepresentation; (19) Negligent Misrepresentation; (20) Negligence; and (21) Unfair Business Practices.

The Defendants disagree with the Plaintiffs' claims.

On or about December 7, 2020, the Urban Common Parties filed their Answer.

On or about December 14, 2020 Chicago Analytic filed a Motion to Dismiss seeking to be heard on January 22, 2021, which the Court reset to be heard on **April 30, 2021** at 10:30 a.m.

**3. Legal Issues**

The Plaintiffs believe this is a straightforward securities fraud, conversion, and unfair business practices action. Defendants' failure to produce any evidence establishing where the Plaintiffs' $750,000 funds are currently held or proof that the offerings were completed timely makes this ripe for a motion for summary judgment, which Plaintiffs intend to bring.

Plaintiffs understand that the Urban Common Parties intend to bring a Motion to Compel Arbitration based upon an Operating Agreement containing an arbitration clause. Plaintiffs have explained to the Urban Common Parties that absent any proof that (i) the offering was completed, and (ii) the subject properties purchased timely, the alleged Operating Agreement does not govern the parties' relationship—the Subscription Agreement does. Plaintiffs have informed the Urban Common Parties that bringing such a motion without a solid factual or legal basis will force Plaintiffs to bring a motion for sanctions under Rule 11.

Chicago Analytic believes that Plaintiffs repeated, intentional inclusion of Chicago Analytic within the "Defendants" is misleading. Above is just one example, as Plaintiffs are aware that they did not provide any funds to Chicago Analytic.

**4. This Case Is Not A Complex Case (Local Rule 26-1(a))**

The parties agree that the pending action is not a "complex case" and that the procedures of the Manual for Complex Litigation should therefore not be utilized.

**5. Damages**

Plaintiffs seek the $750,000, plus prejudgment interest, interest, attorneys' fees and costs, punitive damages and treble of same pursuant to California Penal Code Section 496(c). Hence, Plaintiffs will seek over $2,250,000 at trial. Defendants assert that trebling of damages under Penal Code section 496 is unavailable in cases not involving the crime of receiving stolen goods. This issue is currently before the California Supreme Court. (*Siry Investments, LLC v. Farkhondehpour, et al.*, California Supreme Court Case No. S262081; California Court of Appeal Case No. B277750.)

**6. Insurance**

The Urban Commons Parties are exploring the potential for insurance coverage, but believe it likely does not exist.

Chicago Analytic does not have any relevant insurance coverage.

**7. Anticipated Motion Practice**

The Plaintiffs anticipate bringing a motion for summary judgment and writs of attachment.

The Urban Common Parties anticipate they will bring a motion to compel arbitration.

Chicago Analytic anticipates bringing potentially another 12(b)(6) motion and a motion for summary judgment. Chicago Analytic has already brought a 12(b)(6) motion.

Plaintiffs propose that the last day to file dispositive motions should be, depending on the scheduling order, **September 13, 2021**, a week after expert discovery cut-off and seven weeks before the Final Pretrial Conference (proposed in the attached **Exhibit A** as **November 1, 2021**).

Defendants propose that the last day to file dispositive motions should be, depending on the scheduling order, **April 21, 2022**, a week after expert discovery cut-off and seven weeks before the Final Pretrial Conference (proposed in the attached **Exhibit A** as **June 15, 2022**).

**8. Anticipated Discovery Period/Expert Discovery (Fed. Rules Civ. Proc. 26(f); Local Rule 26-1(f))**

Plaintiffs anticipate that fact discovery can be completed by **July 6, 2021**. Defendants anticipate that fact discovery can be completed by January 31, 2022, and believe that the expedited fact discovery cut-off date proposed by Plaintiffs would be inappropriate in general and even more sure given the delays, both foreseen and unforeseen, attributable to the challenges of the current pandemic.

The parties agree that (a) no special discovery sequence is necessary, (b) no modification of the regular limits on discovery is necessary, and (c) expert discovery should be scheduled according to the rules set forth in Fed. Rules Civ. Proc., Rule 26(2)(a) except for the expert reports which the parties have set their respective proposed dates in **Exhibit A** attached hereto. However, the parties agree that should the circumstances change and additional discovery is necessary, the parties will be able to ask the Court for relief. Notwithstanding the above, Chicago Analytic objects to the issuance of any discovery to Chicago Analytic until such time as it files an answer.

The parties agree that should a stipulated protective order be necessary, they will meet and confer and lodge a proposed stipulated protective order with the Court.

**9. Settlement (Local Rule 26-1(c))**

Plaintiffs and the Urban Common Parties negotiated settlement terms for several months, and even reduced terms to writing, before being forced to file the instant action. Plaintiffs do believe that the parties would benefit from a formal mediation process.

Plaintiffs prefer to utilize Mandatory Settlement Procedure 3 (private dispute resolution) of Local Rule 16-15.4, while the Urban Common Parties and Chicago Analytic prefer to utilize Mandatory Settlement Procedure 2 (Court Mediation Panel). Chicago Analytic in particular does not wish to incur the fees associated with a private mediator.

**10. Trial Estimate (Local Rule 26-1(d))**

Plaintiffs requested a jury trial. Plaintiffs anticipate a five to seven day trial, while the Urban Common Parties anticipate a three to five day trial, and Chicago Analytic anticipates a five day trial.

The case will be tried by Norma V. Garcia and Jeffrey M. Blank for the Plaintiffs, and by Paul S. Marks for the Urban Common Parties, and Derek J. Meyer for Chicago Analytic.

**11. Additional Parties (Local Rule 26-1(e))**

At this time, the parties do not anticipate any additional parties will be added to this case.

**12. Rule 26(a)(1) Disclosures**

The parties agree to make its respective Rule 26(a)(1) disclosures by email on **January 26, 2021** pursuant to Rule 26(a)(1)(C).

**13. <u>Status of Discovery</u>**

The parties have not yet conducted discovery but propose their respective discovery fact discovery cut offs as set forth in **<u>Exhibit A</u>** hereto.

**14. <u>Discovery Plan</u>**

The parties have not yet conducted discovery but propose their respective fact discovery cut off to be as set forth in **Exhibit A** hereto. Additionally, following the issuance of written discovery, the parties will meet and confer to discuss the use and identification of keyword search terms for any electronic discovery and the production of metadata.

Chicago Analytic objects to the issuance of any discovery to Chicago Analytic until such time as it files an answer.

**15. <u>Independent Expert or Master FRCP 53</u>**

The parties do not believe an independent expert or master is appropriate for this matter at this time.

**16. <u>Other Issues</u>**

At this time, none.

DATED: January 15, 2021

GARCIA RAINEY BLANK & BOWERBANK LLP

By *<u>/s/ Norma V. García</u>*

NORMA V. GARCIA
Attorneys for Plaintiffs
CLIFFORD A. ROSEN AND RONALD A. CHRISTENSEN

DATED: January 15, 2021

NEUFELD MARKS LLP

By *_/s/ Paul. S. Marks_*

PAUL S. MARKS
Attorney for Defendants
URBAN COMMONS, LLC, URBAN COMMONS 6TH AVE SEATTLE, LLC, URBAN COMMONS BATTERY PARK, LLC, TAYLOR WOODS, HOWARD WU, BRIAN EGNATZ

DATED: January 15, 2021

LEONARD MEYER LLP

By *_/s/ Derek J. Meyer_*

DEREK J. MEYER
Attorney for Defendant
CHICAGO ANYALYTIC TRADING COMPANY, LLC; d/b/a LITTLERIVER CAPITAL, LLC

**CERTIFICATE OF SERVICE**

I hereby certify that on January 15, 2021, I electronically filed the foregoing document **JOINT REPORT OF COUNSEL** with the Clerk of the Court for the United States District Court Central District of California by using the CM/ECF system.

I certify that all parties of record to this appeal either are registered CM/ECF users, or have registered for electronic notice, or have consented in writing to electronic service, and that service will be accomplished through the CM/ECF system.

DATED: January 15, 2021

NEUFELD MARKS
A Professional Corporation
Paul S. Marks

By: /s/ Paul S. Marks
Paul S. Marks
Attorneys for Defendants
URBAN COMMONS, LLC, URBAN COMMONS 6TH AVE SEATTLE, LLC, URBAN COMMONS BATTERY PARK, LLC, TAYLOR WOODS, HOWARD WU, BRIAN EGNATZ

EXHIBIT A

PROPOSED SCHEDULE OF PRETRIAL AND TRIAL DATES

CASE NAME:

CASE NO:

| Matter | Deadline | Plaintiff(s) Request | Defendant(s) Request |
|---|---|---|---|
| Last Day to File Motions to Add Parties and Amend Pleadings | Scheduling Conference Date plus 60 Days | March 31, 2021 | Agreed. |
| Fact Discovery Cut-Off | 18 weeks before the Final Pretial Conference ("FPTC") | July 6, 2021 | January 31, 2022 |
| Last Day to Serve Initial Expert Reports | 16 weeks before the FPTC | July 19, 2021 | February 21, 2022 |
| Last Day to File Motions (except *Daubert* and all other Motions in Limine) | 16 weeks before the FPTC | July 19, 2021 | February 21, 2022 |
| Last Day to Serve Rebuttal Expert Reports | 12 weeks before the FPTC | August 31, 2021 | March 21, 2022 |
| Last Day to Conduct Settlement Proceedings | 9 weeks before the FPTC | September 7, 2021 | April 7, 2022 |
| Expert Discovery Cut-Off | 8 weeks before the FPTC | September 6, 2021 | April 14, 2022 |
| Last Day to File *Daubert* Motions | 7 weeks before the FPTC | September 13, 2021 | April 21, 2022 |
| Last Day to File Motions in Limine (other than *Daubert* Motions) | 4 weeks before the FPTC | October 1, 2021 | May 15, 2022 |
| Final Pre-Trial Conference **(Friday at 10:30 a.m.)** | | November 1, 2021 | June 15, 2022 |

**Revised: October 1, 2018**