UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 8:20-cv-01973-JLS-DFM | Date: April 15, 2021 |
| Title: Clifford Rosen et al v. Urban Commons, LLC et al | |

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| | |
|---|---|
| Melissa Kunig | N/A |
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:   ATTORNEYS PRESENT FOR DEFENDANT:

Not Present                                                     Not Present

**PROCEEDINGS:**   **(IN CHAMBERS) ORDER DENYING PLAINTIFFS' EX PARTE APPLICATION FOR A TEMPORARY PROTECTIVE ORDER, TEMPORARY RESTRAINING ORDER, OR EXPEDITED DISCOVERY (Doc. 34)**

On March 30, 2021, Plaintiffs Clifford Rosen and Ronald A. Christensen filed an *ex parte* application for a right to attach order and writ of attachment, or, in the alternative, a temporary protective order or restraining order. (App., Doc. 34.) Plaintiffs also requested expedited discovery. (*See id*.) Defendants opposed. (Doc. 39.) With the exception of the alternative request for a temporary protective or restraining order, the application was automatically referred to the Magistrate Judge under General Order 05-07.

On April 1, 2021, Magistrate Judge McCormick denied the application, primarily because he found Plaintiffs had failed to show "that great or irreparable injury would result to the plaintiff if issuance of the order were delayed until the matter could be heard on notice" as required for a writ of attachment to issue under California law. (Doc. 41 at 3 (citing Cal. Civ. Proc. Code §§ 485.010(a), 485.210(c)).) While denying Plaintiffs' request to proceed *ex parte*, the Magistrate Judge permitted Plaintiffs to refile the matter as a noticed motion to be heard on an expedited basis. (*Id.* at 4.)

This Court now addresses Plaintiffs' alternative requests for (1) a temporary protective order pursuant to California law to preclude the transfer or encumbrance of any of Defendants' property, to restrict Defendants' ability to withdraw or transfer moneys in bank accounts, and to create a lien on all of the Defendants' attachable property in favor of Plaintiffs (App. at 20); or (2) a temporary restraining order freezing Defendants' assets in the total sum of $750,000 related to Plaintiffs' rescission claim at issue in this case. (*Id*.) As with the standard governing the issuance of a writ of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 8:20-cv-01973-JLS-DFM | Date: April 15, 2021 |
| Title: Clifford Rosen et al v. Urban Commons, LLC et al | |

attachment, Plaintiffs' alternative requests for a temporary protective order under California law or a TRO under Federal Rule of Civil Procedure 65(b) require showing that irreparable harm would result if the matter were heard on a regularly noticed motion. *See* Cal. Code Civ. Proc. § 486.020 (requiring a showing that the movant "will suffer great or irreparable injury . . . if the temporary protective order is not issued"); *Winter v. Natural Res. Def. Council,* 555 U.S. 7, 24-25 (2008) (the party moving for preliminary injunctive relief must make a showing of irreparable harm).

Having reviewed the application and supporting evidence, the Court adopts Magistrate Judge McCormick's reasoning in finding Plaintiffs failed to make a showing of irreparable harm. (Doc. 41 at 3-4.) This reasoning applies with equal force to preclude Plaintiffs' request for a temporary protective order or *ex parte* treatment of Plaintiffs' request for an asset freeze. The Court also finds that Plaintiffs' have failed to explain or sufficiently demonstrate a need for expedited discovery.

Accordingly, Plaintiffs' *ex parte* request for a temporary protective order, TRO, and expedited discovery is DENIED. (Doc. 34.) Moreover, because the Magistrate Judge indicated that he would hear Plaintiffs' request for a writ of attachment on shortened time if they refiled it as a noticed motion, and because Plaintiffs' request for a temporary protective order or TRO was made in the alternative, the Court will not hear a request for freeze of Defendants' assets as a regularly-noticed motion until Plaintiffs have pursued their request for a writ of attachment before the Magistrate Judge.

Initials of Deputy Clerk: mku