GARCIA RAINEY BLANK & BOWERBANK LLP
A LIMITED LIABILITY PARTNERSHIP
NORMA V. GARCIA, Cal. Bar No. 223512
ngarciaguillen@garciarainey.com
JEFFREY M. BLANK, Cal. Bar No. 217522
jblank@garciarainey.com
HUGO A. LOPEZ, Cal. Bar No. 315846
hlopez@garciarainey.com
695 Town Center Drive, Suite 700
Costa Mesa, CA 92626
Telephone:   (714) 382-7000
Facsimile:   (714) 784-0031

Attorneys for Plaintiffs
Clifford A. Rosen, MD and Ronald A. Christensen, MD.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLIFFORD A. ROSEN, an individual; RONALD A. CHRISTENSEN, an individual<br><br>Plaintiffs,<br>vs.<br>URBAN COMMONS, LLC, a Delaware Limited Liability Company; URBAN COMMONS 6TH AVE SEATTLE, LLC, a Delaware Limited Liability Company; URBAN COMMONS BATTERY PARK, LLC, a Delaware Limited Liability Company; CHICAGO ANALYTIC TRADING COMPANY, LLC, d/b/a LITTLERIVER CAPITAL, LLC, a Delaware Limited Liability Company; DIGITAL CAPITAL MARKETS, LLC, a Maryland Limited Liability Company; TAYLOR WOODS, an individual; HOWARD WU, an individual; C. BRIAN EGNATZ, an individual; and DOES 1 through 10, inclusive<br><br>Defendants | **Case No.:** 8:20-cv-01973-JLS-DFM<br><br>**PLAINTIFFS CLIFFORD A. ROSEN AND RONALD A. CHRISTENSEN'S NOTICE OF APPLICATION FOR RIGHT TO ATTACH ORDER, ORDER FOR ISSUANCE OF WRIT OF ATTACHMENT; AND REQUEST FOR AN ORDER PERMITTING EXPEDITED DISCOVERY**<br><br>Date:           May 14, 2021<br>Courtroom:   6B, 6th Floor<br>Judge:         Hon. Douglas F. McCormick |

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT** on May 14, 2021 at 10:00 a.m. or as soon thereafter as the matter may be heard in Department 6B of the above-entitled court located at 411 W. Fourth Street, Santa Ana, California 92701, Plaintiffs Clifford A. Rosen ("Dr. Rosen"), and Ronald A. Christensen ("Dr. Christensen", and, together with Dr. Rosen, "Plaintiffs"), will and hereby do apply under Federal Rules of Civil Procedure 64 and California Code of Civil Procedure Sections 483.010 *et seq.*, 484.010 *et seq.*, 484.020 *et seq.*, and 487.010 *et seq.* for a right to attach order ("RTAO") and order for issuance of a Writ of Attachment ("Application") against the individual and joint property of defendants, (i) Urban Commons, LLC ("Urban Commons"), a Delaware limited liability company; (ii) Urban Commons 6th Ave Seattle, LLC ("UC Seattle'), a Delaware limited liability company; (iii) Urban Commons Battery Park, LLC ("UC Battery Park"), a Delaware limited liability company; (iv) Taylor Woods ("Woods"), a natural person who resides in California; and (v) Howard Wu ("Wu" and, together with Urban Commons, UC Seattle, UC Battery Park, and Woods, "Defendants"), a natural person who resides in California, in the amount of $750,000.

In addition to the relief sought above, Plaintiffs also respectfully request the Court issue an order permitting expedited discovery pursuant to Federal Rules of Civil Procedure 30(b)(1), 33(b)(2), and 34(b)(2)(A). More specifically, Plaintiffs seek an order: (i) shortening the time Defendants have to respond to the special interrogatories attached as **Exhibits V-Z** to the Appendix of Exhibits, and (ii) that Defendants appear for deposition within 5 days of issuance of the Court's order, provide testimony on topics and produce documents in response to document requests narrowly tailored and pertaining to their assets as set forth in the notices of deposition attached as **Exhibits Q-U** to the Appendix of Exhibits.

Plaintiffs are applying to the Court for a writ of attachment after having been victimized by Defendants for $750,000. As part of a predatory scheme, Defendants aggressively pursued Plaintiffs and fraudulently induced Plaintiffs into investing their

hard earned money into "can't miss" opportunities by purchasing a membership interest Urban Commons 6th Ave Seattle, LLC ("UC Seattle") and Urban Commons Battery Park, LLC ("UC Battery Park"), two separate single purpose limited liability companies formed by Defendants through which Defendants were to purportedly purchase two separate hotel properties, the Hilton Seattle to be purchased by and through UC Seattle and the Wagner Hotel (formerly known as the Ritz-Carlton Battery Park), to be purchased by and through UC Battery Park.

Based on a myriad of lies, material misrepresentations and omissions, Plaintiffs each invested $250,000 in UC Seattle and Dr. Christensen invested an additional $250,000 in UC Battery Park. Unfortunately for Plaintiffs, Defendants' promises were empty and false and regrettably in the end, Plaintiffs found themselves cheated out of $750,000 by Defendants. Now, having been fleeced out of $750,000, Plaintiffs, apply for an order for a writ of attachment against defendants Urban Commons, UC Seattle, UC Battery Park, Woods, and Wu to protect themselves from being further damaged by Defendants.

*Relief Requested*. Plaintiffs respectfully request that the Court issue a RTAO and Order for Issuance of Writ of Attachment pursuant to Sections 484.020 and 484.090 against the allowable categories of property, as defined by Section 487.010, of Defendants, owned or held, in whole or in part, including all real and personal property identified in the accompanying form (CV-4D) and attachments to same, in the amount of $750,000.

**Grounds for Application**. This Application is made on the grounds that Plaintiffs have met the statutory requirements for a RTAO and Writ of Attachment. Pursuant to Sections 484.020 and 484.090 of the California Code of Civil Procedure, a court will issue a right to attach order if it finds that: (1) the claim is one based on which an attachment may be issued; (2) the plaintiff has established the probable validity of the claim on which the attachment is based; (3) the attachment is not sought for a purpose other than the recovery on the claim which the attachment is based; and (4) the amount to be secured by

attachment is greater than zero. (Cal. Code Civ. Proc. §§ 484.020, 484.090.) Further, under Section 484.020, subsection (e), a description of the property to be attached under the writ of attachment and a statement that the plaintiff is informed and believes that such property is subject to attachment must also be provided. (Cal. Code Civ. Proc. § 484.020(e).)

Plaintiffs have satisfied all four requirements set forth in Section 484.020 and 484.090.

***First***, Plaintiffs' rescission claim is a claim upon which a writ of attachment may issue. (Cal. Code Civ. Proc. § 484.090(a)(1); *Trachsel v. Buchholz*, No. C-08-2248 RMW, 2009 WL 839117, at *3 (N.D. Cal. Mar. 30, 2009.).)

***Second***, Plaintiffs have established the probable validity of their claim, in that Plaintiffs have established a prima facie case for its rescission claim. To establish the "probable validity" of a claim, the applicant must show "it is more likely than not" it will obtain a judgment against the defendant on its claim. (Cal. Code Civ. Proc. §481.190.) In other words, the plaintiff must, at a minimum, establish a prima facie case. (*5LP-OEM, LLC v. Z & E Creative Ent., Inc.*, No. EDCV141729VAPSPX, 2015 WL 10912341, at *5 (C.D. Cal. Jan. 5, 2015).) Specifically, Plaintiffs have established that Defendants unlawfully offered and sold to Plaintiffs unregistered, unqualified, and non-exempt securities in the State of California. (Cal. Corp. Code § 25110.) In particular, not only were the securities offered and sold to Plaintiffs unregistered in violation of Sections 5(a) and 5(c) of the Securities Act, but the UC Seattle and UC Battery Park securities were unqualified because Defendants failed to: (i) obtain a permit from the Business Oversight Commissioner, authorizing Defendants to sell and issue a specified amount of securities in UC Seattle and UC Battery Park within a specified period of time, or (ii) give notice of information already furnished to the SEC under federal securities law. (Cal. Corp. Code §§ 25112, 25113; 15 U.S.C. §§ 77e(a), 77e(c).) Nor were the securities registered with the Securities Exchange Commission ("SEC"). Additionally, Defendants' selling of UC Seattle and UC Battery Park securities was not exempt from the provisions of Section

25110. (Cal. Corp. Code § 25102.) Therefore, because neither UC Seattle nor UC Battery Park were qualified securities nor were they exempt, the sale of same to Plaintiffs was unlawful. (*People v. Coster*, 151 Cal. App. 3d 1188, 1193–94 (Ct. App. 1984); *Trachsel v. Buchholz*, No. C-08-02248 RMW, 2009 WL 839117, at *5 (N.D. Cal. Mar. 30, 2009).) Thus, under Section 25503 of the Corporations Code, Plaintiffs may "sue to recover the consideration they paid for the securities with interest at the legal rate." (Cal. Corp. Code § 25503.)

*Third*, the writ is not being sought for a purpose other than the recovery of Plaintiffs' investment in UC Seattle and UC Battery Park. (Cal. Code Civ. Proc. §§ 484.090(a)(3).)

*Fourth*, the amount to be secured by the attachment is Plaintiffs' $750,000 total investment, a sum which is greater than zero. (Cal. Code Civ. Proc. § 484.090(a)(4).)

*Fifth*, the property Plaintiffs seek to attach is subject to attachment. With regards to Urban Commons, UC Seattle, and UC Battery Park, because they are corporate entities, all corporate property which is subject to attachment pursuant to subdivision (a) of the Code of Civil Procedure Section 487.010 is attachable. (Cal. Code Civ. Proc. § 484.020(e).) With regards to Woods and Wu, Plaintiffs seek to attach all property that is subject to attachment under Section 487.010(c) as outlined in greater detail in forms CV-4A. (*See* Cal. Code Civ. Proc. § 487.010(c).)

This Application will be and is based upon this Notice of Application, the Memorandum of Points and Authorities in support thereof, the Declarations of Ronald A. Christensen, Clifford A. Rosen, and Norma V. Garcia, the Appendix of Exhibits, form CV-4D, and attachments thereto, and all pleadings and papers on file in this action, and any further evidence or argument as may be permitted at the hearing on the Application.

//
//
//
//

PLAINTIFFS' NOTICE OF APPLICATION FOR WRIT OF ATTACHMENT

DATED: April 16, 2021

GARCIA RAINEY BLANK & BOWERBANK LLP

By _____
NORMA V. GARCIA
JEFFREY M. BLANK
HUGO A. LOPEZ
Attorneys for Plaintiffs
Clifford A. Rosen, MD and Ronald Christensen, MD