GARCIA RAINEY BLANK & BOWERBANK LLP
   A LIMITED LIABILITY PARTNERSHIP
NORMA V. GARCIA, Cal. Bar No. 223512
ngarciaguillen@garciarainey.com
JEFFREY M. BLANK, Cal. Bar No. 217522
jblank@garciarainey.com
HUGO A. LOPEZ, Cal. Bar No. 315846
hlopez@garciarainey.com
695 Town Center Drive, Suite 700
Costa Mesa, CA 92626
Telephone:  (714) 382-7000
Facsimile:  (714) 784-0031

Attorneys for Plaintiffs
Clifford A. Rosen, MD and Ronald A. Christensen, MD.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLIFFORD A. ROSEN, an individual; RONALD A. CHRISTENSEN, an individual<br><br>            Plaintiffs,<br>vs.<br>URBAN COMMONS, LLC, a Delaware Limited Liability Company; URBAN COMMONS 6TH AVE SEATTLE, LLC, a Delaware Limited Liability Company; URBAN COMMONS BATTERY PARK, LLC, a Delaware Limited Liability Company; CHICAGO ANALYTIC TRADING COMPANY, LLC, d/b/a LITTLERIVER CAPITAL,LLC, a Delaware Limited Liability Company; DIGITAL CAPITAL MARKETS, LLC, a Maryland Limited Liability Company; TAYLOR WOODS, an individual; HOWARD WU, an individual; C. BRIAN EGNATZ, an individual; and DOES 1 through 10, inclusive<br><br>            Defendants. | **Case No.: 8:20-cv-01973 JLS (DFMx)**<br>**Judge: Hon. Josephine L. Staton**<br>**Dept.: 10A**<br><br>**STIPULATED PROTECTIVE ORDER GOVERNING TRADE SECRETS AND OTHER PRIVATE AND CONFIDENTIAL INFORMATION** |

IT IS HEREBY STIPULATED by Plaintiffs Clifford A. Rosen and Ronald A. Christensen ("Plaintiffs") and defendants Urban Commons, LLC, Urban Commons 6th Ave Seattle, LLC, Urban Commons Battery Park, LLC, Chicago Analytic Trading Company, LLC, LittleRiver Capital. LLC, Digital Capital Markets, LLC, Taylor Woods, Howard Wu, and C. Brian Egnatz (collectively, "Defendants") by and through their respective attorneys of record, that discovery or disclosure in this case of private, privileged, proprietary, and confidential information under Federal Rule of Civil Procedure 26, California Civil Code Section 3426, and other relevant California and federal laws, shall be had on the following terms and conditions:

**DEFINITIONS**

1. As used herein, the term "confidential" means: (a) any type of information that has not been made public and the disclosure of which the disclosing party contends would cause substantial harm to the disclosing party's business operations or interests or divulge their personal financial affairs or transactions, including, but not limited to, customer lists, customer data, vendor information, employees, financial information, costs of goods or services sold, or other costs of doing business, employee salaries, marketing plans, banking records, accounts payable, accounts receivable, financial statements, tax returns, characteristics of proprietary products, financial performance data, and sales, product development, and business development strategies as well as anything meeting the definition of a "writing" as used in Fed. R. Evid. 1001; (b) data derived from such confidential information, including any summaries, compilations, quotes, or paraphrases thereof; (c) any other oral, written, or recorded material which consists of or contains trade secrets (as defined in California Civil Code § 3426.1(d)) or other confidential research, development, or commercial information as defined in Federal Rules of Civil Procedure, Rule 26(c)(7); and, (d) any other type of information that has been held to be confidential in any precedential case decided by the U.S. Supreme Court, the 9th Circuit, the Federal Court of Appeals, the Federal District Court for the Central District of California, or by the California Supreme Court, or any other precedential California state court cases.

2. As used herein, the terms "document" or "documents" mean documents and writings, and include, but are not limited to, records, exhibits, reports, samples, transcripts, video

or audio recordings, disks, affidavits, briefs, summaries, notes, abstracts, drawings, company records and reports, answers to interrogatories, responses to requests for admissions, and motions, including copies or computer-stored versions of any of the foregoing.

## DESIGNATION OF PROTECTED MATERIAL

3. This Order encompasses all confidential material that is designated by a party or a third party as confidential information under this Order, as defined below, whether such disclosure is by order of the Court, in response to questions in a deposition, written interrogatories, requests for the production of documents and other tangible things, requests for admission, or any other discovery undertaken in this action. This Order is meant to encompass all forms of disclosure that may contain confidential material, including any document, pleading, motion, exhibit, declaration, affidavit, deposition transcript, inspection and all other tangible items (electronic media, photographs, videocassettes, etc.).

4. Any party may designate as "CONFIDENTIAL" documents or materials containing information that is proprietary, confidential, private, technical, commercial, or financial or otherwise as defined above. Any designation under this Order *must be made in good faith*. The parties and third parties shall use reasonable care to avoid designating any materials as "CONFIDENTIAL" that are not entitled to such designation or that are generally available to the public.

5. Material shall be designated as "CONFIDENTIAL" by stamping or otherwise designating the material as "CONFIDENTIAL." Such designation shall be accomplished by placing the appropriate designation on every page of each document so designated or by any other reasonable methods. In the case of confidential information disclosed in a non-paper medium (*e.g.*, videotape, audiotape, computer disks, etc.), the appropriate designation shall be affixed to the outside of the medium or its container so as to clearly give notice of the designation. Such designation is deemed to apply to the document itself and to the confidential information contained therein.

6. With respect to the examination of witnesses upon oral deposition, when designated confidential information is supplied to the deponent, or when the deponent's testimony contains, reflects, or comments on information designated confidential the witness shall answer such question (unless otherwise instructed not to do so on grounds of privilege) provided that the only persons in attendance at the deposition are persons who are qualified to receive such information pursuant to the provisions below. If designated "CONFIDENTIAL" information is to be discussed or disclosed in a deposition, any party or third party claiming such confidentiality may exclude from the room any person, who is not entitled to receive such confidential information and who has not executed a Declaration in the form and scope of Exhibit A attached hereto, during that portion of the deposition in which the confidential information is actually discussed or disclosed.

7. Deposition testimony may be designated as "CONFIDENTIAL" by (1) identifying and designating as confidential the testimony on the record at the deposition, or (2) following the deposition, by sending notice of the designation in writing within 14 days after receipt by the designating party of the deposition transcript. The portion of the deposition that reflects such confidential information shall be bound in a separate transcript (and recorded on a separate videotape if the deposition is videotaped). The reporter and/or videotape operator shall then place on the cover of any such separate transcript or videotape the words "CONFIDENTIAL," as appropriate. Counsel for the parties shall then take appropriate steps to prevent such separate transcript or videotape designated pursuant to this Order from being disclosed to any person, except as provided herein.

### RESTRICTIONS ON CONFIDENTIAL MATERIAL

8. Any material designated as "CONFIDENTIAL" shall not be disclosed except to those persons or entities set forth in paragraph 12 of this Order.

9. Any material designated as "CONFIDENTIAL" will be used solely for the purposes of this lawsuit and for no other purpose.

10.     While the disclosure of designated information under this Order to persons not authorized by this Order could, by definition, be prejudicial to the privacy, business, or operations of the designating party or third party, the appropriate confidential designations should not be overused.

11.     Information designated as "CONFIDENTIAL" and any copies thereof, and information obtained from inspecting such "CONFIDENTIAL" information and notes made therefrom, shall not be used by any person for any purpose other than the litigation of this action, except with prior written consent of Counsel for the Party that produced such designated "CONFIDENTIAL" information or with the prior Order of this Court. Designated "CONFIDENTIAL" information and any copies thereof and notes made therefrom, shall be disclosed only to qualified persons, who shall be bound by the terms of this Order.

12.     Information designated "CONFIDENTIAL" must be viewed only by:

   a.   counsel (as defined in paragraph 13) of the receiving party;

   b.   the Court and court personnel;

   c.   the parties and their current and former employees of the parties involved in the prosecution or defense of the litigation, and to whom disclosure of the confidential information is reasonably necessary for the purposes of this litigation;

   d.   court reporters taking testimony in these actions and their necessary stenographic, videographic, and clerical personnel who have executed a Declaration in the form and scope of Exhibit A attached hereto;

   e.   vendors, investigators, translators, jury consultants, and mock jury members who are not presently employees of a party and who have executed a Declaration in the form and scope of Exhibit A, attached hereto;

   f.   by independent personnel retained or consulted by counsel for the parties to furnish technical or other expert services or advice or to give expert testimony who have executed a Declaration in the form and scope of Exhibit A attached hereto;

   g.   stenographic and clerical employees associated with the individuals identified above; and

1          h.    any other person or entity as to whom the parties agree in writing.

2    13.    For the purposes of this Order, the term "counsel" will mean outside counsel of record, and other attorneys, paralegals, secretaries, and other support staff employed in the law firms identified below: Garcia Rainey Blank & Bowerbank LLP, attorneys for Plaintiffs, Prospect Law LLP, attorneys for Chicago Analytic Trading Company, LLC, and Neufeld Marks, attorneys for the other Defendants, or any other counsel retained by the parties. Additionally, "counsel" shall include in-house counsel for the parties.

  14.    Nothing herein shall prohibit a party, or its counsel, from disclosing a document that contains confidential information to the person whom the document identifies as an author, addressee, or recipient of such document.

  15.    The terms of the Order shall not apply to or restrict the disclosure or use by a producing party or its counsel of the producing party's own confidential information. The voluntary disclosure of confidential information by a producing party, however, may provide grounds for an opposing party to challenge the confidential designation of the same information pursuant to the procedures outlined below.

### CONFIDENTIALITY AGREEMENT

  16.    Prior to disclosure of material designated as "CONFIDENTIAL," each person to whom disclosure is to be made will execute a written "Confidentiality Agreement" (in the form attached as Exhibit "A") consenting to be bound by the terms of this Order. The counsel making the disclosure will keep the signed Confidentiality Agreement and make it available to the other party upon request. The parties, counsel for the respective parties (including legal assistants and other personnel), and the Court are deemed to be bound by this Order and are not required to execute a Confidentiality Agreement.

  17.    If a deponent refuses to execute a Confidentiality Agreement, disclosure of confidential material during the deposition shall not constitute a waiver of confidentiality. Under such circumstances, the witness shall sign the original deposition transcript in the presence of the court reporter or counsel, and no copy of the transcript or exhibits shall be given to the deponent.

**FILING DOCUMENTS UNDER SEAL PER LOCAL RULE 79-5.2**

18.  Any party intending to submit to the Court any other materials designated by another party as "CONFIDENTIAL" will notify the party who produced the confidential materials of its intent to submit the materials not less than five (5) business days prior to the intended submission unless it is submitted in support of an *ex parte* application. The notice shall identify with particularity (including by Bates number, if any) the materials intended to be submitted. If the party who produced the confidential materials wishes the Court to seal the materials, the party who designated such information confidential shall make an appropriate application or motion to the Court in accordance with local rule 79-5.2 on the same day or prior to the submission of the other party's moving papers or other documents to which the confidential materials pertain.

19.  Such materials to be filed or lodged under seal shall be filed or lodged in a sealed envelope, or other appropriate sealed container, on which shall be written the title and case number of this action, an indication of the nature of the contents of such sealed envelope or other container, the term for the appropriate confidential designation, and a statement in substantially the following form: "This envelope is sealed and contains CONFIDENTIAL information filed [or lodged] in this case by [name of party or third party] and is not to be opened, nor the contents thereof displayed or revealed, except by order of the Court or pursuant to stipulation of the parties to this action." Such envelope or container shall not be opened without order of the Court except by officers of the Court or the attorneys of record who, after reviewing the contents, shall return them to the clerk in a sealed envelope or container. If an application or motion to seal the materials is made, then the confidential materials shall be treated as conditionally under seal until the Court rules on the application or motion.

**RESPONDING TO DISCOVERY REQUESTS IN OTHER PROCEEDINGS**

20.  If a non-designating party is subpoenaed or otherwise demanded through legal process to produce confidential material in another proceeding, such party shall promptly notify the designating party of the pending subpoena or demand and shall not produce any confidential

material until the designating party has had reasonable time to object or otherwise take appropriate steps to protect such confidential material.

### CHALLENGING A DESIGNATION

21. The parties agree that they will actively work to avoid the unnecessary designation of the information produced in discovery in this action. If only a portion of a document contains confidential information, and if reasonably feasible, only that portion will be designated "CONFIDENTIAL."

22. If a party believes that material designated as "CONFIDENTIAL" does not contain confidential information, it may contest the applicability of this Order to such information by notifying the designating party's counsel in writing and identifying the information contested with particularity including Bates Number. Outside counsel of record for the complaining and designating parties then shall meet and confer in good faith concerning such disputed confidential information within 14 days of receipt of the notice. If the dispute is not resolved within such 14-day period, the party who designated the material as "CONFIDENTIAL" shall have 15 days thereafter in which to make a motion for a protective order with respect to the contested information and shall have the burden of establishing all grounds necessary for protection. Information that is subject to a dispute as to whether it is properly designated shall be treated as designated in accordance with the provisions of this Order until the Court issues a final ruling. If any party takes a writ or appeal from the Court's ruling on any such motion, that party may apply for a stay pending determination of the writ or appeal. The Court may impose a monetary sanction against any party, person, or attorney who unsuccessfully makes or opposes such a motion, unless it finds that the one subject to the sanction acted with substantial justification or that other circumstances make the imposition of the sanction unjust.

23. No party shall be obliged to challenge the propriety of a designation, and a failure to do so shall not preclude a subsequent attack on the propriety of such designation.

**INADVERTENT DISCLOSURE**

24. The inadvertent failure to designate any material as "CONFIDENTIAL" shall not constitute a waiver of an otherwise valid claim of confidentiality pursuant to this Order, so long as a claim of confidentiality is asserted within 10 days after discovery of the inadvertent failure. At such time, arrangements shall be made by the parties to designate the material as "CONFIDENTIAL" in accordance with this Order.

25. No provision of this protective order shall be deemed to create a waiver as to inadvertently produced discovery materials that are protected from discovery on the basis of privilege or the work-product doctrine under Rule 26 of the Federal Rules of Civil Procedure. The inadvertent production of such documents or information does not waive any privilege or immunity with respect to such production or with respect to other materials or information referred to in the materials produced, so long as a request for the return or destruction of such documents or information is made in writing within ten (10) calendar days after the producing party learns of its inadvertent production, accompanied by a privilege log for the documents or information pursuant to Fed. R. Civ. P. 26(b)(5)(A). Within five (5) Court days of such request, the receiving party shall comply with Fed. R. Civ. P. 26(b)(5)(B). If the receiving party seeks to challenge the claim of privilege, the parties shall meet and confer and attempt to resolve the matter without Court intervention. If the dispute is not resolved by the parties, the receiving party may file a motion challenging the privilege claim within fourteen (14) calendar days of receipt of notice from the producing party that the document was inadvertently produced. If the receiving party fails to file a motion within the prescribed time, the receiving party must return or destroy all copies of the inadvertently produced document, and the receiving party shall certify in writing that it has done so. Nothing in this Paragraph shall prejudice the right of any party to seek discovery of communications, documents and things as to which a claim of privilege has been made.

25. In the event that confidential information is designated as "CONFIDENTIAL" after disclosure, the receiving party shall employ reasonable efforts to ensure that all

inadvertently disclosed information is subsequently treated as required pursuant to the terms of this Stipulation and Order.

26. Should any document or information designated as "CONFIDENTIAL" be disclosed, through inadvertence or otherwise, to any person or party not authorized to see such materials under this Order, then the disclosing party shall use its best efforts to bind such person to the terms of this Order, and the disclosing party shall (a) promptly inform such person of all the provisions of the Order, (b) identify the name, address, telephone number, employer and title and position of such person immediately to the party that designated the information, and (c) request such person sign a "Confidentiality Agreement."

## NO WAIVER OF RIGHTS

27. This Order shall be without prejudice to the right of any party to oppose production of any information or object to its admissibility into evidence.

## REPORTING VIOLATIONS

28. When any counsel of record in this lawsuit becomes aware of any violation of this Order, or of facts constituting good cause to believe that a violation of this Order may have occurred, such attorney shall report that there may have been a violation of this Order to the Court and all counsel of record.

## TREATMENT OF CONFIDENTIAL INFORMATION AFTER LAWSUIT

29. Within 30 days after the termination of this lawsuit, all confidential material (including all copies) shall be returned to counsel for the designating party or destroyed. In addition, counsel returning or destroying such material shall execute an affidavit verifying that all confidential material produced to such counsel and any subsequently made copies are being returned in their entirety or destroyed in their entirety pursuant to the terms of this Order. Such a representation fully contemplates that counsel returning or destroying the materials has: (a)

contacted all persons to whom that counsel disseminated confidential material, and (b) confirmed that all such material has been returned to disseminating counsel.

30.     After the termination of this lawsuit, the provisions of this Order shall continue to be binding and this Court shall retain jurisdiction over the parties and any other person who has access to documents and information produced pursuant to this Order for the sole purpose of enforcement of its provisions.

## **MISCELLANEOUS**

31.     Documents designated "CONFIDENTIAL" shall be maintained in the custody of outside counsel of record for the parties except that: (a) any court reporter who transcribes testimony given in this action may maintain any such designated documents for the purpose of rendering his or her normal transcribing services; and (b) partial or complete copies of such documents may be retained by consultants entitled to see such documents under the terms of this Order to the extent necessary for their study, analysis, and preparation of the case. A person with custody of documents designated "CONFIDENTIAL" shall maintain them in a manner that limits access to those documents to only those persons entitled under this Order to access them.

32.     By entering into this Order, no party waives any objections it might have to the production of any documents, or other form of information, covered by this Order, except that neither party shall refuse to produce documents or respond to any discovery request of the other party based on the assertion that the request seeks confidential, proprietary trade secret information. Nothing in this Order shall preclude the parties from arguing that the Court and/or any appointed Referee can or should review any document or other materials in camera.

33.     No party to this action, by entering into this Stipulation and Order, by designating certain information under this Order, or by acquiescing in any other party's or third-party's such designation, shall be deemed to have admitted anything relative to the confidential status and/or trade secret status of the such information.

34.     The designation of confidentiality is not admissible before any trier of fact.

**BINDING STIPULATION**

35. The parties agree to comply with the terms of this Stipulated Protective Order once it is signed, regardless of whether it has been entered as an order by the Court or rejected by the Court.

NEUFELD MARKS

DATED: April 19, 2021          By: ___/s/ Yuriko M. Shikai_____
                                   Yuriko M. Shikai
                                   Attorney for Defendants
                                   Urban Commons, LLC,
                                   Urban Commons 6th Ave Seattle, LLC,
                                   Urban Commons Battery Park, LLC,
                                   Taylor Woods, Howard Wu, and
                                   Brian Egnatz

PROSPECT LAW LLP

DATED: April 19, 2021          By: ___/s/ Derek J. Meyer_____
                                   DEREK J. MEYER
                                   Attorney for Chicago Analytic Trading
                                       Company, LLC

GARCIA RAINEY BLANK & BOWERBANK LLP

DATED:  April 19, 2021         By: ___/s/ Norma V. Garcia_____
                                   NORMA V. GARCIA
                                   Attorneys for Plaintiffs Clifford A. Rosen and
                                   Ronald A. Christensen

DATED: _____        _____
                                   Hon. Josephine L. Staton
                               United States District Court, Central District of California

**EXHIBIT A.  AGREEMENT TO BE BOUND BY PROTECTIVE ORDER**

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CLIFFORD A. ROSEN, an individual; RONALD A. CHRISTENSEN, an individual<br><br>　　　　　　Plaintiffs,<br>　　　vs.<br>URBAN COMMONS, LLC, a Delaware Limited Liability Company; URBAN COMMONS 6TH AVE SEATTLE, LLC, a Delaware Limited Liability Company; URBAN COMMONS BATTERY PARK, LLC, a Delaware Limited Liability Company; CHICAGO ANALYTIC TRADING COMPANY, LLC, d/b/a LITTLERIVER CAPITAL,LLC, a Delaware Limited Liability Company; DIGITAL CAPITAL MARKETS, LLC, a Maryland Limited Liability Company; TAYLOR WOODS, an individual; HOWARD WU, an individual; C. BRIAN EGNATZ, an individual; and DOES 1 through 10, inclusive<br><br>　　　　　　Defendants. | Case No. **8:20-cv-01973 JLS (DFMx)**<br><br>**AGREEMENT TO BE BOUND BY PROTECTIVE ORDER**<br><br>Assigned to: Hon. Josephine L. Staton |

I, _____, declare and say that:

1. I am employed as _____ by _____.

2. I have read the Protective Order signed by the parties, through their respective counsel of record, in *Rosen and Christensen v. Urban Commons, LLC., et al.*, United States District Court, Central District of California Case No. 8:20-cv-01973 JLS (DFMx) and have received a copy of the Stipulated Protective Order.

3. I promise that I will use any and all "CONFIDENTIAL" information, as defined in the Protective Order, given to me only in a manner authorized by the Protective Order, and only to assist counsel in the litigation of this matter.

4. I promise that I will not disclose or discuss such "CONFIDENTIAL" information with anyone other than the persons described in paragraphs 12 and 13 of the Protective Order.

5. I agree that I shall return or destroy all documents containing any information designated as "CONFIDENTIAL" that have been provided to me, together with any work product including such information designated as "CONFIDENTIAL," upon demand by the Court or the counsel or party who furnished such information to me.

6. I acknowledge that, by signing this agreement, I am subjecting myself to the jurisdiction of the United States District Court, Central District of California, with respect to enforcement of the Protective Order.

7. I understand that any disclosure or use of "CONFIDENTIAL" information in any manner contrary to the provisions of the Protective Order may subject me to sanctions for contempt of court.

I declare under penalty of perjury that the foregoing is true and correct.

DATED: _____        By:_____

**PROOF OF SERVICE**

I, Emily Evans, state:

I am employed in the County of Orange, State of California. My business address is 695 Town Center Drive, Suite 700, Costa Mesa, CA 92626. I am over the age of eighteen years and not a party to this action.

On the date set forth below, I served true copies of the foregoing document(s) described as **STIPULATED PROTECTIVE ORDER** on the interested parties in this action as follows:

Paul S. Marks
Yuriko M. Shikai
Neufeld Marks
250 East 1st Street, Suite 1101
Los Angeles, CA 90012
pmarks@neufeldmarks.com
yshikai@neufeldmarks.com
Attorney for Defendants Urban Commons, LLC, Urban Commons 6th Ave Seattle, LLC, Urban Commons Battery Park, LLC Taylor Woods, Howard Wu, and Brian Egnatz

Derek J. Meyer
Prospect Law LLP
rmeyer@leonardmeyerllp.com, rmeyer@prospectlaw.com
Attorney for Chicago Analytic Trading Company, LLC

X   BY ELECTRONIC MAIL: Based on an agreement of the parties to accept service by electronic mail, I caused the document(s) identified above to be transmitted electronically to the person(s) at the e-mail address(es) listed above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct. Executed on April 19, 2021 at Costa Mesa, California.

*/s/ Emily Evans*

Emily Evans