PAUL S. MARKS, State Bar No. 138407
   pmarks@neufeldmarks.com
TODD W. NIELSEN, State Bar No. 181718
   tnielsen@neufeldmarks.com
YURIKO M. SHIKAI, State Bar No. 229232
   yshikai@neufeldmarks.com
**NEUFELD MARKS**
   **A Professional Corporation**
250 E. 1st Street, Suite 1101
Los Angeles, California 90012
Telephone:  (213) 625-2625
Facsimile:   (213) 625-2650

Attorneys for Defendants
Urban Commons, LLC, Urban Commons
6th Ave Seattle, LLC, Urban Commons
Battery Park, LLC, Taylor Woods,
Howard Wu, and Brian Egnatz

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| CLIFFORD A. ROSEN, an individual; RONALD A. CHRISTENSEN, an Individual,<br><br>        Plaintiffs,<br><br>    vs.<br><br>URBAN COMMONS, LLC, a Delaware Limited Liability Company; URBAN COMMONS 6TH AVE SEATTLE, LLC, a Delaware Limited Liability Company; URBAN COMMONS BATTERY PARK, LLC, a Delaware Limited Liability Company; CHICAGO ANALYTIC TRADING COMPANY, LLC, d/b/a LITTLERIVER CAPITAL, LLC, a Delaware Limited Liability Company; DIGITAL CAPITAL MARKETS, LLC, a Maryland Limited Liability Company; TAYLOR WOODS, an individual; HOWARD WU, an individual; C. BRIAN EGNATZ, an individual; and DOES 1 through 10, inclusive,<br><br>        Defendants. | Case No. 8:20-cv-01973-JLS-DFM<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFFS' APPLICATION FOR RIGHT TO ATTACH ORDER, ORDER FOR ISSUANCE OF WRIT OF ATTACHMENT, AND EXPEDITED DISCOVERY; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>[*Evidentiary Objections; Declarations of Taylor Woods and Yuriko M. Shikai filed concurrently herewith*]<br><br>*Judge: Hon. Douglas F. McCormick*<br><br>Complaint Filed:  October 13, 2020<br><br>Discovery Cut-off:   January 31, 2022<br>Final Pretrial Conf.:  June 17, 2022<br><br>Date:   May 14, 2021<br>Time:  10:00 a.m.<br>Ctrm:  6B, 6th Floor<br>     Ronald Reagan Federal Bldg.<br>     411 W. Fourth Street<br>     Santa Ana, CA 92701 |

NEUFELD MARKS
A PROFESSIONAL CORPORATION
250 E. 1st Street • Suite 1101 • Los Angeles, California 90012
Telephone: (213) 625-2625 • Facsimile: (213) 625-2650

1

## <u>TABLE OF CONTENTS</u>

I.    INTRODUCTION. ..................................................................................4

II.   STATEMENT OF FACTS. .....................................................................5

III.  PLAINTIFFS' APPLICATION FOR AN ATTACHMENT IS FATALLY DEFECTIVE AND SHOULD BE DENIED. .........................................6

IV.   PLAINTIFFS' DECLARATIONS CONTAIN INADMISSIBLE STATEMENTS THAT FAIL TO SUPPORT THEIR ARGUMENTS. ..............7

V.    CONCLUSION. .....................................................................................9

2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

NEUFELD MARKS
A PROFESSIONAL CORPORATION
250 E. 1st Street • Suite 1101 • Los Angeles, California 90012
Telephone: (213) 625-2625  •  Facsimile: (213) 625-2650

DEFENDANTS' OPPOSITION TO PLAINTIFFS' APPLICATION FOR WRIT OF ATTACHMENT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

NEUFELD MARKS
A PROFESSIONAL CORPORATION
250 E. 1ˢᵗ Street • Suite 1101 • Los Angeles, California 90012
Telephone: (213) 625-2625 • Facsimile: (213) 625-2650

# <u>TABLE OF AUTHORITIES</u>

<u>Page(s)</u>

<u>FEDERAL CASES</u>

*Hamilton Beach Brands, Inc. v. Metric and Inch Tools, Inc.*
  614 F. Supp. 2d 1056 (C.D. Cal. 2009) ....................................................................6

*Pos-A-Traction, Inc. v. Kelly-Springfield Tire Co.*
  112 F. Supp. 2d 1178 (C.D. Cal. 2000) ...............................................................6, 7

<u>STATE CASES</u>

*Kemp Bros. Constr., Inc. v. Titan Electric Corp.*
  146 Cal. App. 4th 1474 ..........................................................................................6

*McCall v. Superior Court*
  1 Cal.2d 527 (1934) ...............................................................................................8

*Pacific Decision Sciences Corp. v. Superior Court*
  121 Cal. App. 4th 1100 (2004) ..............................................................................6

<u>STATE STATUTES</u>

(C.C.P.) Sections 481.010 ..........................................................................................6

Calif.Evid.C. § 702 ....................................................................................................7

DEFENDANTS' OPPOSITION TO PLAINTIFFS' APPLICATION FOR WRIT OF ATTACHMENT

1

NEUFELD MARKS
A PROFESSIONAL CORPORATION
250 E. 1st Street • Suite 1101 • Los Angeles, California 90012
Telephone: (213) 625-2625 • Facsimile: (213) 625-2650

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION.

Defendants hereby oppose plaintiffs' application for an attachment and expedited attachment-related discovery, based on plaintiffs' investments. Defendants categorically dispute the claims made by Plaintiffs.  Defendants did not commit any fraud, misrepresentation, negligence or unfair business practices relating to investment offerings, and these investment offerings were made pursuant to applicable exemptions from securities registration requirements.  Plaintiffs are trying to get back their investments primarily because the COVID pandemic has created general economic uncertainty.  However, plaintiffs (who represented that they are "accredited investors" within the meaning of securities laws) are well aware that they cannot unilaterally demand back investments they have already made. Therefore, they have instead made unfounded allegations of fraud, misrepresentation, and securities violations merely as a pressure tactic to get back these investments back.

Plaintiffs' application for attachment and expedited attachment-related discovery should be denied on the following grounds:

• Plaintiffs' application is fatally defective for the failure to file and serve the Application for Right to Attach Order and Order for Issuance of Writ of Attachment which is a Judicial Council form, as required by California law;

• Plaintiffs application is fatally defective for the failure to provide a description of the properties that Plaintiffs seek to attach as well as from which defendants;

• Plaintiffs' supporting declarations contain inadmissible evidence and misstatements that fail to support their application.

Accordingly, defendants respectfully request that the Court deny plaintiffs' application for an attachment and expedited discovery in its entirety.

/ / /

## II.     STATEMENT OF FACTS.

Defendant Urban Commons, LLC ("Urban Commons") is a managing member of defendants Urban Commons 6th Ave Seattle, LLC ("UC Seattle"), and Urban Commons Battery Park, LLC ("UC Battery Park").  (Declaration of Taylor Woods ("Woods Decl.") ¶ 3.)  Plaintiffs Clifford A. Rosen and Ronald A. Christensen (collectively, "Plaintiffs") irrevocably committed to invest in UC Seattle in January 2020 and in UC Battery in February 2020.  (Woods Decl. ¶ 4.)

The UC Seattle investment involves the acquisition and purchase of property located at 1301 6th Avenue, Seattle, Washington ("Seattle Property"), which still remains in escrow.  (Woods Decl. ¶ 5.)  UC Seattle has already received the $60,000,000 financial commitment for the acquisition of the Seattle Property which is currently in escrow.  (*Id.*)

Although the closing for the Seattle Property was originally targeted for March 2020, due to the COVID-19 pandemic which hit in March 2020, the closing has been unavoidably extended.  (Woods Decl. ¶ 6.)  Due to the prolonged pandemic, the Seattle Property began losing business and money, and Urban Commons did not want to prematurely complete acquisition and purchase of a property that was losing money.  (*Id.*)  However, UC Seattle and Urban Commons are still planning to close escrow and escrow for the Seattle Property is estimated to close in about 60 days.  (*Id.*)

Thus, UC Seattle is still in the process of completing this acquisition.  (Woods Decl. ¶ 7.)  UC Seattle's earnest money deposit, a portion of which was derived from Plaintiffs' capital contributions, remains in the escrow account for the purchase of the Seattle Property.  (*Id.*)

The UC Battery investment involves the property located at 2 West Street, New York, New York ("New York Property").  (Woods Decl. ¶ 8.)  Plaintiff Christensen contributed his investment after the acquisition and purchase of the New York Property.  (*Id.*)  The funds plaintiff contributed in exchange for his

NEUFELD MARKS
A PROFESSIONAL CORPORATION
250 E. 1st Street • Suite 1101 • Los Angeles, California 90012
Telephone: (213) 625-2625  • Facsimile: (213) 625-2650

ownership interest in UC Battery are used for purposes as provided in the operating agreement for this entity, such as for operational expenses of the New York Property.  (*Id.*)

Defendant Taylor Woods ("Woods") never said that Plaintiffs would get a guaranteed 30% return on their investment, and only referenced estimated projections and possible returns.  (Woods Decl. ¶ 9.)  Woods also did not state to Plaintiffs that $25,000,000 was already raised for UC Seattle or that he "had personally invested $5,000,000 to $10,000,000".  (*Id.*)

Plaintiffs falsely state that Woods purportedly withheld information regarding EHT defaulting on a $340,000,000 loan with Bank of America "only weeks before our call with Woods [in or about January 15, 2020]," that "trading of the EAGLEHT units had been suspended on the Singapore Exchange," and that "the EHT as under investigation by the Monetary Authority of Singapore (MAS) and the Singapore Exchange".  (Woods Decl. ¶ 10.)  Any default by EHT on the loan occurred on March 20, 2020 and trading was suspended on March 19, 2020 (*Id.*)  Moreover, no charges have been filed regarding the purported investigation.  (*Id.*)

Furthermore, Plaintiffs' misstatements are completely irrelevant to the UC Seattle acquisition and the UC Battery Park investments.  (Woods Decl. ¶ 10.) EHT is not required to be the buyer of the Seattle Property and is not related to the New York Property, and any issues with EHT's default of its loan and whether EHT's trading was suspended, has nothing to do with the Seattle Property, the New York Property, or Plaintiffs' investments.  (*Id.*)

## III. PLAINTIFFS' APPLICATION FOR AN ATTACHMENT IS FATALLY DEFECTIVE AND SHOULD BE DENIED.

Plaintiffs have failed to comply with strict California requirements for an attachment.  "In California, the procedures and grounds for obtaining orders permitting prejudgment writs of attachment are governed by Code of Civil
/ / /

NEUFELD MARKS
A PROFESSIONAL CORPORATION
250 E. 1st Street • Suite 1101 • Los Angeles, California 90012
Telephone: (213) 625-2625 • Facsimile: (213) 625-2650

DEFENDANTS' OPPOSITION TO PLAINTIFFS' APPLICATION FOR WRIT OF ATTACHMENT

1   Procedure (C.C.P.) Sections 481.010 et seq." *Pos-A-Traction, Inc. v.*

2   *Kelly-Springfield Tire Co.*, 112 F. Supp. 2d 1178, 1181 (C.D. Cal. 2000).

3       "Since California's attachment law is purely statutory, it must be strictly

4   construed." *Hamilton Beach Brands, Inc. v. Metric and Inch Tools, Inc.*, 614

5   F. Supp. 2d 1056, 1060 (C.D. Cal. 2009) (*citing to Kemp Bros. Constr., Inc. v. Titan*

6   *Electric Corp.*, 146 Cal. App. 4th 1474, 1476; *Pacific Decision Sciences Corp. v.*

7   *Superior Court*, 121 Cal. App. 4th 1100, 1106 (2004)).  "To the extent California

8   law sets forth a method for service of process that is specific to attachment

9   proceedings, the Court applies California law." *Hamilton Breach Brands, Inc.*, 614

10  F. Supp. 2d at 1061.

11      Here, Plaintiffs failed to file the required Application for Right to Attach

12  Order and Order for Issuance of Writ of Attachment which is a Judicial Council

13  form, as required by California law.  Plaintiffs' Notice of Application references that

14  it is based on, among other things, "form CV-4D and attachments thereto" but no

15  such documents were ever filed or served with Plaintiffs' papers.  (*See* Plaintiffs'

16  Notice of Application at 5:20-23; Declaration of Yuriko M. Shikai ("Shikai Decl.")

17  ¶ 2.)

18      In particular, Plaintiffs' papers reference that the properties sought to be

19  attached are described on form CV-4D, but since no such form was ever filed or

20  served with Plaintiffs' papers, Defendants have <u>no</u> notice of what Plaintiffs seek to

21  attach.  (*See* Notice of Application at 3:19-20; Shikai Decl. ¶ 3.)

22      Thus, Plaintiffs' application fails to comply with California law and is

23  procedurally defective.  For that reason alone, Plaintiff's entire application should

24  be denied.

25  **IV.    <u>PLAINTIFFS' DECLARATIONS CONTAIN INADMISSIBLE</u>**

26  **<u>STATEMENTS THAT FAIL TO SUPPORT THEIR ARGUMENTS.</u>**

27      The application for a right to attach order must be supported by an affidavit or

28  declaration showing that the applicant is entitled to a judgment on the claim on

NEUFELD MARKS
A PROFESSIONAL CORPORATION
250 E. 1st Street • Suite 1101 • Los Angeles, California 90012
Telephone: (213) 625-2625  •  Facsimile: (213) 625-2650

1   which the attachment is based.  *Pos–A–Traction, Inc*, 112 F. Supp. 2d at 1182 (C.D.

2   "At a minimum, this means that the affiant or declarant must show actual, personal

3   knowledge of the relevant facts, rather than the ultimate facts commonly found in

4   pleadings, and such evidence must be admissible and not objectionable.

5   Calif.Evid.C. § 702; Local Rule 7.5.3." *Id.*

6       Here, Plaintiffs rely on their own declarations as well as the Declaration of

7   Norma Garcia.  However, the declarations contain inadmissible statements,

8   including statements that are not based on personal knowledge, are legal conclusions

9   and opinions, are hearsay, and are speculative.  (*See* Evidentiary Objections.)

10      Thus, Plaintiffs fail to support, with any admissible evidence, their argument

11  that Plaintiffs' investments are unlawful, unqualified, and non-exempt securities.

12  (*See* Plaintiff's Memo of Law at 12:15-17; Evidentiary Objections.)

13      Moreover, Plaintiffs have failed to provide any description of the properties

14  that they seek to attach as to each defendant against whom they seek an attachment.

15  (*See* Shikai Decl. ¶ 3.)  Each of Plaintiffs' declarations merely state that the

16  description is on form CV-4D, which is nonexistent.  (*See* Declaration of Dr.

17  Clifford A. Rosen ¶ 4; Declaration of Dr. Ronald A. Christensen ¶ 4.)

18      Furthermore, Plaintiffs' declarations have not shown that their investments

19  are valueless.  Plaintiffs made various misstatements in their declarations that are

20  pointed out by the Declaration of Taylor Woods.  (*See* Woods Decl. ¶¶ 2-11.)

21  Because the COVID-19 pandemic has created general economic uncertainty,

22  Plaintiffs are now trying to get their money back.  However, as the documents show,

23  Plaintiffs represented that they are "accredited investors" within the meaning of

24  securities laws and are well aware that they cannot unilaterally demand back

25  investments they have already made.   Plaintiffs are not entitled to an attachment

26  where they cannot show their investment is valueless.  *See McCall v. Superior*

27  *Court*, 1 Cal.2d 527, 534 (1934) (denying attachment where plaintiff failed to show

28  their security was valueless).

NEUFELD MARKS
A PROFESSIONAL CORPORATION
250 E. 1st Street • Suite 1101 • Los Angeles, California 90012
Telephone: (213) 625-2625 • Facsimile: (213) 625-2650

1    Consequently, Plaintiffs' application for attachment and for attachment-
2    related expedited discovery should be denied.

3    **V.    CONCLUSION.**

4    For the foregoing reasons, Defendants respectfully request that the Court deny
5    Plaintiffs' application for an attachment and for expedited attachment-related
6    discovery, in its entirety.

7

8    DATED:  April 23, 2021          NEUFELD MARKS
9                                    A Professional Corporation

10

11                             By:  *Yuriko M. Shikai*
12                                   Yuriko M. Shikai
13                                   Attorneys for Defendants
                                     Urban Commons, LLC, Urban Commons
14                                   6th Ave Seattle, LLC, Urban Commons
                                     Battery Park, LLC, Taylor Woods,
15                                   Howard Wu, and Brian Egnatz

16

17

18

19

20

21

22

23

24

25

26

27

28

NEUFELD MARKS
A PROFESSIONAL CORPORATION
250 E. 1st Street • Suite 1101 • Los Angeles, California 90012
Telephone: (213) 625-2625 • Facsimile: (213) 625-2650

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

  At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Los Angeles, State of California. My business address is 250 E. 1st Street, Suite 1101, Los Angeles, CA 90012.

  On April 23, 2021, I served true copies of the following document(s) described as **DEFENDANTS' OPPOSITION TO PLAINTIFFS' APPLICATION FOR RIGHT TO ATTACH ORDER, ORDER FOR ISSUANCE OF WRIT OF ATTACHMENT, AND EXPEDITED DISCOVERY; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** on the interested parties in this action as follows:

Norma V. Garcia, Esq.
Jeffrey M. Blank, Esq.
Hugo A. Lopez, Esq.
Garcia Rainey Blank & Bowerbank LLP
695 Town Center Drive Suite 700
Costa Mesa, CA 92626
Telephone: 714-382-7000
Facsimile: 714-382-0031
Email: jblank@garciarainey.com
Email: jeffblanklaw@gmail.com
Email: ngarciaguillen@garciarainey.com
Email: hlopez@garciarainey.com
Email: mjskapadia@garciarainey.com

*Attorneys for Plaintiff*

Derek J. Meyer, Esq.
LeonardMeyer LLP
10250 Constellation Blvd. 14th Floor
Los Angeles, CA 90067
Tel: (310) 220-0331
Email: rmeyer@leonardmeyerllp.com

*Attorney for Defendant Chicago Analytic Trading Company, LLC d/b/a Little River Capital, LLC*

  **BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused a copy of the document(s) to be sent from e-mail address rortega@neufeldmarks.com to the persons at the e-mail addresses listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

  I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

  Executed on April 23, 2021, at Los Angeles, California.

_____
Rachel Ortega

NEUFELD MARKS
A PROFESSIONAL CORPORATION
250 E. 1st Street • Suite 1101 • Los Angeles, California 90012
Telephone: (213) 625-2625 • Facsimile: (213) 625-2650