PAUL S. MARKS, State Bar No. 138407
  pmarks@neufeldmarks.com
TODD W. NIELSEN, State Bar No. 181718
  tnielsen@neufeldmarks.com
YURIKO M. SHIKAI, State Bar No. 229232
  yshikai@neufeldmarks.com
**NEUFELD MARKS**
   **A Professional Corporation**
250 E. 1st Street, Suite 1101
Los Angeles, California 90012
Telephone:  (213) 625-2625
Facsimile:   (213) 625-2650

Attorneys for Defendants
Urban Commons, LLC, Urban Commons
6th Ave Seattle, LLC, Urban Commons
Battery Park, LLC, Taylor Woods,
Howard Wu, and Brian Egnatz

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| CLIFFORD A. ROSEN, an individual; RONALD A. CHRISTENSEN, an Individual,<br><br>Plaintiffs,<br><br>vs.<br><br>URBAN COMMONS, LLC, a Delaware Limited Liability Company; URBAN COMMONS 6TH AVE SEATTLE, LLC, a Delaware Limited Liability Company; URBAN COMMONS BATTERY PARK, LLC, a Delaware Limited Liability Company; CHICAGO ANALYTIC TRADING COMPANY, LLC, d/b/a LITTLERIVER CAPITAL, LLC, a Delaware Limited Liability Company; DIGITAL CAPITAL MARKETS, LLC, a Maryland Limited Liability Company; TAYLOR WOODS, an individual; HOWARD WU, an individual; C. BRIAN EGNATZ, an individual; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 8:20-cv-01973-JLS-DFM<br><br>**DEFENDANTS' EVIDENTIARY OBJECTIONS TO, AND MOTION TO STRIKE, DECLARATIONS OF (1) NORMA GARCIA, (2) DR. CLIFFORD ROSEN, AND (3)  DR. RONALD CHRISTENSEN**<br><br>[*Opposition to Application re Attachment, Declarations of Taylor Woods and Yuriko M. Shikai filed concurrently herewith*]<br><br><u>*Judge: Hon. Douglas F. McCormick*</u><br><br>Complaint Filed:  October 13, 2020<br><br>Discovery Cut-off:    January 31, 2022<br>Final Pretrial Conf:   June 17, 2022<br><br>Date:      May 14, 2021<br>Time:     10:00 a.m.<br>Ctrm:     6B, 6th Floor<br>              Ronald Reagan Federal Bldg.<br>              411 W. Fourth Street<br>              Santa Ana, CA 92701 |

1   Defendants Urban Commons, LLC, Urban Commons 6th Ave Seattle, LLC,

2   Urban Commons Battery Park, LLC, Taylor Woods, Howard Wu, and Brian Egnatz

3   (collectively, "Defendants") hereby object to, and move to strike, the following

4   evidence presented by plaintiffs Clifford A. Rosen and Ronald A. Christensen

5   (collectively, "Plaintiffs") in connection with their application for attachment set for

6   hearing on May 14, 2021 before this Court:

7   <u>**DECLARATION OF NORMA GARCIA**</u>

8   1.      Paragraph 4, page 2, lines 21 to 23:  "Plaintiffs' rescission claim

9   against Defendants arises out of Defendants unlawful sale of unregistered,

10   unqualified and non-exempt securities (UC Seattle and UC Battery Park) in

11   California."

12   Objections:  No personal knowledge.  Fed. R. Evid. 602; *Bank Melli Iran v.*

13   *Pahlavi*, 58 F.3d 1406, 1412 (9th Cir. 1995) (statements in declarations entitled to

14   no weight where declarant lacks personal knowledge).  Conclusory; inadmissible

15   opinion.  Fed. R. Evid. 803(8)(C); *Sullivan v. Dollar Tree Stores, Inc.*, 623 F.3d 770,

16   777 (9th Cir. 2010) (legal conclusions or opinions are not admissible evidence).

17   2.      Paragraph 6, page 2, lines 26 to 27:  "Additionally, Plaintiffs'

18   rescission claim is unsecured, by real property or otherwise."

19   Objections:  No personal knowledge.  Fed. R. Evid. 602; *Bank Melli Iran v.*

20   *Pahlavi*, 58 F.3d 1406, 1412 (9th Cir. 1995) (statements in declarations entitled to

21   no weight where declarant lacks personal knowledge).  Conclusory; inadmissible

22   opinion.  Fed. R. Evid. 803(8)(C); *Sullivan v. Dollar Tree Stores, Inc.*, 623 F.3d 770,

23   777 (9th Cir. 2010) (legal conclusions or opinions are not admissible evidence).

24   3.      Paragraph 6, page 2, lines 27 to 28:  "On information and belief, the

25   property Plaintiffs are seeking to attach is not exempt from attachment."

26   Objections:  No personal knowledge.  Fed. R. Evid. 602; *Bank Melli Iran v.*

27   *Pahlavi*, 58 F.3d 1406, 1412 (9th Cir. 1995) (statements in declarations entitled to

28   no weight where declarant lacks personal knowledge).  Conclusory; inadmissible

NEUFELD MARKS
A PROFESSIONAL CORPORATION
250 E. 1st Street • Suite 1101 • Los Angeles, California 90012
Telephone: (213) 625-2625  •  Facsimile: (213) 625-2650

opinion.  Fed. R. Evid. 803(8)(C); *Sullivan v. Dollar Tree Stores, Inc.*, 623 F.3d 770, 777 (9th Cir. 2010) (legal conclusions or opinions are not admissible evidence).

## **DECLARATION OF DR. CLIFFORD A. ROSEN**

4.    Paragraph 4, page 2, lines 18 to 20:  "Our rescission claim against Defendants arises out of Defendants unlawful sale of unregistered, unqualified and non-exempt securities (UC Seattle and UC Battery Park) in California."

Objections:  No personal knowledge.  Fed. R. Evid. 602; *Bank Melli Iran v. Pahlavi*, 58 F.3d 1406, 1412 (9th Cir. 1995) (statements in declarations entitled to no weight where declarant lacks personal knowledge).  Conclusory; inadmissible opinion.  Fed. R. Evid. 803(8)(C); *Sullivan v. Dollar Tree Stores, Inc.*, 623 F.3d 770, 777 (9th Cir. 2010) (legal conclusions or opinions are not admissible evidence).

5.    Paragraph 5, page 2, line 28 to page 3, line 2:  "Additionally, the $250,000 investment amount owed to me is unsecured, by real property or otherwise and to the best of my knowledge, the property I am seeking to attach is not exempt from attachment."

Objections:  No personal knowledge.  Fed. R. Evid. 602; *Bank Melli Iran v. Pahlavi*, 58 F.3d 1406, 1412 (9th Cir. 1995) (statements in declarations entitled to no weight where declarant lacks personal knowledge).  Conclusory; inadmissible opinion.  Fed. R. Evid. 803(8)(C); *Sullivan v. Dollar Tree Stores, Inc.*, 623 F.3d 770, 777 (9th Cir. 2010) (legal conclusions or opinions are not admissible evidence).

6.    Paragraph 18, page 6, lines 14 to 22:  "Importantly, Woods omitted the following critical and material facts from these conversations which would have impacted my decision to invest: (i) that the EHT had defaulted on its $340,000,000 facility loan with Bank of America only weeks before our call with Woods, (ii) that trading of the EAGLEHT units had been suspended on the Singapore Exchange, (iii) that there would be exposure to Singapore market fluctuations and risk and (iv) that the EHT was under investigation by the Monetary Authority of Singapore (MAS)

NEUFELD MARKS
A PROFESSIONAL CORPORATION
250 E. 1st Street • Suite 1101 • Los Angeles, California 90012
Telephone: (213) 625-2625  •  Facsimile: (213) 625-2650

NEUFELD MARKS
A PROFESSIONAL CORPORATION
250 E. 1st Street • Suite 1101 • Los Angeles, California 90012
Telephone: (213) 625-2625 • Facsimile: (213) 625-2650

1 | and the Singapore Exchange for suspected breaches of disclosure requirements and
2 | breaches of regulations and listing rules."

3 | Objections: No personal knowledge. Fed. R. Evid. 602; *Bank Melli Iran v.*
4 | *Pahlavi*, 58 F.3d 1406, 1412 (9th Cir. 1995) (statements in declarations entitled to
5 | no weight where declarant lacks personal knowledge). Hearsay. Fed. R. Evid.
6 | 801(c), 802; *Orr v. Bank of America, NT & SA*, 285 F.3d 764, 778 (9th Cir. 2002)
7 | (stating hearsay rule and finding inadmissible hearsay). Conclusory; inadmissible
8 | opinion. Fed. R. Evid. 803(8)(C); *Sullivan v. Dollar Tree Stores, Inc.*, 623 F.3d 770,
9 | 777 (9th Cir. 2010) (legal conclusions or opinions are not admissible evidence).
10 | Speculation. *Nat'l Indus., Inc. v. Republic Nat. Life Ins. Co.*, 677 F.2d 1258, 1267
11 | (9th Cir. 1982) (speculation is not admissible evidence).

12 | 7. Paragraph 18, page 6, lines 22 to 24: "Significantly, had I been made
13 | aware of any of these material omissions by Woods or any of the Defendants at any
14 | point in the UC Seattle Offering, I would not have invested $250,000 in UC
15 | Seattle."

16 | Objections: No personal knowledge. Fed. R. Evid. 602; *Bank Melli Iran v.*
17 | *Pahlavi*, 58 F.3d 1406, 1412 (9th Cir. 1995) (statements in declarations entitled to
18 | no weight where declarant lacks personal knowledge). Hearsay. Fed. R. Evid.
19 | 801(c), 802; *Orr v. Bank of America, NT & SA*, 285 F.3d 764, 778 (9th Cir. 2002)
20 | (stating hearsay rule and finding inadmissible hearsay). Conclusory; inadmissible
21 | opinion. Fed. R. Evid. 803(8)(C); *Sullivan v. Dollar Tree Stores, Inc.*, 623 F.3d 770,
22 | 777 (9th Cir. 2010) (legal conclusions or opinions are not admissible evidence).

23 | 8. Paragraph 18, page 6, lines 24 to 27: "After all, how could the EHT,
24 | which was financially insolvent, acquire the Seattle Hilton from UC Seattle 3-4
25 | months after the hotel property was purchased if it lacked the financial means to do
26 | so?"

27 | Objections: No personal knowledge. Fed. R. Evid. 602; *Bank Melli Iran v.*
28 | *Pahlavi*, 58 F.3d 1406, 1412 (9th Cir. 1995) (statements in declarations entitled to

1    no weight where declarant lacks personal knowledge).  Conclusory; inadmissible

2    opinion.  Fed. R. Evid. 803(8)(C); *Sullivan v. Dollar Tree Stores, Inc.*, 623 F.3d 770,

3    777 (9th Cir. 2010) (legal conclusions or opinions are not admissible evidence).

4    Speculation.  *Nat'l Indus., Inc. v. Republic Nat. Life Ins. Co.*, 677 F.2d 1258, 1267

5    (9th Cir. 1982)  (speculation is not admissible evidence).

6                  **DECLARATION OF DR. RONALD A. CHRISTENSEN**

7          9.      Paragraph 4, page 2, lines 17 to 19:  "Our rescission claim against

8    Defendants arises out of Defendants unlawful sale of unregistered, unqualified and

9    non-exempt securities (UC Seattle and UC Battery Park) in California."

10         Objections:  No personal knowledge.  Fed. R. Evid. 602; *Bank Melli Iran v.*

11   *Pahlavi*, 58 F.3d 1406, 1412 (9th Cir. 1995) (statements in declarations entitled to

12   no weight where declarant lacks personal knowledge).  Conclusory; inadmissible

13   opinion.  Fed. R. Evid. 803(8)(C); *Sullivan v. Dollar Tree Stores, Inc.*, 623 F.3d 770,

14   777 (9th Cir. 2010) (legal conclusions or opinions are not admissible evidence).

15         10.     Paragraph 5, page 2, line 28 to page 3, line 2:  "Additionally, the

16   $250,000 investment amount owed to me is unsecured, by real property or otherwise

17   and to the best of my knowledge, the property I am seeking to attach is not exempt

18   from attachment."

19         Objections:  No personal knowledge.  Fed. R. Evid. 602; *Bank Melli Iran v.*

20   *Pahlavi*, 58 F.3d 1406, 1412 (9th Cir. 1995) (statements in declarations entitled to

21   no weight where declarant lacks personal knowledge).  Conclusory; inadmissible

22   opinion.  Fed. R. Evid. 803(8)(C); *Sullivan v. Dollar Tree Stores, Inc.*, 623 F.3d 770,

23   777 (9th Cir. 2010) (legal conclusions or opinions are not admissible evidence).

24         11.     Paragraph 17, page 6, lines 16 to 24:  "Importantly, Woods omitted the

25   following critical and material facts from these conversations which would have

26   impacted my decision to invest: (i) that the EHT had defaulted on its $340,000,000

27   facility loan with Bank of America only weeks before our call with Woods, (ii) that

28   trading of the EAGLEHT units had been suspended on the Singapore Exchange, (iii)

NEUFELD MARKS
A PROFESSIONAL CORPORATION
250 E. 1st Street • Suite 1101 • Los Angeles, California 90012
Telephone: (213) 625-2625  •  Facsimile: (213) 625-2650

1 that there would be exposure to Singapore market fluctuations and risk and (iv) that
2 the EHT was under investigation by the Monetary Authority of Singapore (MAS)
3 and the Singapore Exchange for suspected breaches of disclosure requirements and
4 breaches of regulations and listing rules."

5 Objections:  No personal knowledge.  Fed. R. Evid. 602; *Bank Melli Iran v.*
6 *Pahlavi*, 58 F.3d 1406, 1412 (9th Cir. 1995) (statements in declarations entitled to
7 no weight where declarant lacks personal knowledge).  Hearsay.  Fed. R. Evid.
8 801(c), 802; *Orr v. Bank of America, NT & SA*, 285 F.3d 764, 778 (9th Cir. 2002)
9 (stating hearsay rule and finding inadmissible hearsay).  Conclusory; inadmissible
10 opinion.  Fed. R. Evid. 803(8)(C); *Sullivan v. Dollar Tree Stores, Inc.*, 623 F.3d 770,
11 777 (9th Cir. 2010) (legal conclusions or opinions are not admissible evidence).
12 Speculation.  *Nat'l Indus., Inc. v. Republic Nat. Life Ins. Co.*, 677 F.2d 1258, 1267
13 (9th Cir. 1982)  (speculation is not admissible evidence).

14 12.   Paragraph 17, page 6, lines 24 to 26:  "Significantly, had I been made
15 aware of any of these material omissions by Woods or any of the Defendants at any
16 point in the UC Seattle Offering, I would not have invested $250,000 in UC
17 Seattle."

18 Objections:  No personal knowledge.  Fed. R. Evid. 602; *Bank Melli Iran v.*
19 *Pahlavi*, 58 F.3d 1406, 1412 (9th Cir. 1995) (statements in declarations entitled to
20 no weight where declarant lacks personal knowledge).  Hearsay.  Fed. R. Evid.
21 801(c), 802; *Orr v. Bank of America, NT & SA*, 285 F.3d 764, 778 (9th Cir. 2002)
22 (stating hearsay rule and finding inadmissible hearsay).  Conclusory; inadmissible
23 opinion.  Fed. R. Evid. 803(8)(C); *Sullivan v. Dollar Tree Stores, Inc.*, 623 F.3d 770,
24 777 (9th Cir. 2010) (legal conclusions or opinions are not admissible evidence).

25 13.   Paragraph 17, page 6, line 26 to page 7, line 1:  "After all, how could
26 the EHT, which was financially insolvent, acquire the Seattle Hilton from UC
27 Seattle 3-4 months after the hotel property was purchased if it lacked the financial
28 means to do so?"

NEUFELD MARKS
A PROFESSIONAL CORPORATION
250 E. 1st Street • Suite 1101 • Los Angeles, California 90012
Telephone: (213) 625-2625 • Facsimile: (213) 625-2650

DEFENDANTS' EVIDENTIARY OBJECTIONS TO PLAINTIFFS' EVIDENCE RE ATTACHMENT

1    <u>Objections</u>:  No personal knowledge.  Fed. R. Evid. 602; *Bank Melli Iran v.*
2    *Pahlavi*, 58 F.3d 1406, 1412 (9th Cir. 1995) (statements in declarations entitled to
3    no weight where declarant lacks personal knowledge).  Conclusory; inadmissible
4    opinion.  Fed. R. Evid. 803(8)(C); *Sullivan v. Dollar Tree Stores, Inc.*, 623 F.3d 770,
5    777 (9th Cir. 2010) (legal conclusions or opinions are not admissible evidence).
6    Speculation.  *Nat'l Indus., Inc. v. Republic Nat. Life Ins. Co.*, 677 F.2d 1258, 1267
7    (9th Cir. 1982)  (speculation is not admissible evidence).

8    14.    Paragraph 32, page 10, lines 5 to 13:  "Importantly, Woods and Egnatz
9    omitted the following critical facts from these conversations which would have
10   impacted my decision to invest: (i) that the EHT had defaulted on its $34020002000
11   facility loan with Bank of America only weeks before our call with Woods, (ii) that
12   trading of the EAGLEHT units had been suspended on the Singapore Exchange, (iii)
13   that there would be exposure to Singapore market fluctuations and risk and (iv) that
14   the EHT was under investigation by the Monetary Authority of Singapore (MAS)
15   and the Singapore Exchange for suspected breaches of disclosure requirements and
16   breaches of regulations and listing rules."

17   <u>Objections</u>:  No personal knowledge.  Fed. R. Evid. 602; *Bank Melli Iran v.*
18   *Pahlavi*, 58 F.3d 1406, 1412 (9th Cir. 1995) (statements in declarations entitled to
19   no weight where declarant lacks personal knowledge).  Hearsay.  Fed. R. Evid.
20   801(c), 802; *Orr v. Bank of America, NT & SA*, 285 F.3d 764, 778 (9th Cir. 2002)
21   (stating hearsay rule and finding inadmissible hearsay).  Conclusory; inadmissible
22   opinion.  Fed. R. Evid. 803(8)(C); *Sullivan v. Dollar Tree Stores, Inc.*, 623 F.3d 770,
23   777 (9th Cir. 2010) (legal conclusions or opinions are not admissible evidence).
24   Speculation.  *Nat'l Indus., Inc. v. Republic Nat. Life Ins. Co.*, 677 F.2d 1258, 1267
25   (9th Cir. 1982)  (speculation is not admissible evidence).

26   15.    Paragraph 32, page 10, lines 13 to 16:  "Significantly, had I been made
27   aware of any of these material omissions by Woods, Egnatz, or any of the
28

NEUFELD MARKS
A PROFESSIONAL CORPORATION
250 E. 1st Street • Suite 1101 • Los Angeles, California 90012
Telephone: (213) 625-2625 • Facsimile: (213) 625-2650

7

1    Defendants at any point in the UC Battery Park Offering, I would not have invested

2    $250,000 in UC Battery Park."

3        Objections:  No personal knowledge.  Fed. R. Evid. 602; *Bank Melli Iran v.*

4    *Pahlavi*, 58 F.3d 1406, 1412 (9th Cir. 1995) (statements in declarations entitled to

5    no weight where declarant lacks personal knowledge).  Hearsay.  Fed. R. Evid.

6    801(c), 802; *Orr v. Bank of America, NT & SA*, 285 F.3d 764, 778 (9th Cir. 2002)

7    (stating hearsay rule and finding inadmissible hearsay).  Conclusory; inadmissible

8    opinion.  Fed. R. Evid. 803(8)(C); *Sullivan v. Dollar Tree Stores, Inc.*, 623 F.3d 770,

9    777 (9th Cir. 2010) (legal conclusions or opinions are not admissible evidence).

10       16.    Paragraph 32, page 10, lines 16 to 18:  "After all, how could the EHT,

11   which was financially insolvent, acquire the Wagner Hotel from UC Battery Park 3-

12   4 months after the hotel property was purchased if it lacked the financial means to

13   do so?"

14       Objections:  No personal knowledge.  Fed. R. Evid. 602; *Bank Melli Iran v.*

15   *Pahlavi*, 58 F.3d 1406, 1412 (9th Cir. 1995) (statements in declarations entitled to

16   no weight where declarant lacks personal knowledge).  Conclusory; inadmissible

17   opinion.  Fed. R. Evid. 803(8)(C); *Sullivan v. Dollar Tree Stores, Inc.*, 623 F.3d 770,

18   777 (9th Cir. 2010) (legal conclusions or opinions are not admissible evidence).

19   Speculation.  *Nat'l Indus., Inc. v. Republic Nat. Life Ins. Co.*, 677 F.2d 1258, 1267

20   (9th Cir. 1982)  (speculation is not admissible evidence).

21   / / /

22   / / /

23   / / /

24   / / /

25   / / /

26   / / /

27   / / /

28   / / /

NEUFELD MARKS
A PROFESSIONAL CORPORATION
250 E. 1st Street • Suite 1101 • Los Angeles, California 90012
Telephone: (213) 625-2625  •  Facsimile: (213) 625-2650

DEFENDANTS' EVIDENTIARY OBJECTIONS TO PLAINTIFFS' EVIDENCE RE ATTACHMENT

1    Defendants respectfully request that the Court sustain the above objections

2  and strike the evidence referred to above.

3

4  DATED:  April 23, 2021                    NEUFELD MARKS

5                                               A Professional Corporation

6

7                                     By: _____
                                               *Yuriko M. Shikai*
8                                            Yuriko M. Shikai

9                                            Attorneys for Defendants
                                             Urban Commons, LLC, Urban Commons
10                                           6th Ave Seattle, LLC, Urban Commons
                                             Battery Park, LLC, Taylor Woods,
11                                           Howard Wu, and Brian Egnatz

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NEUFELD MARKS
A PROFESSIONAL CORPORATION
250 E. 1st Street • Suite 1101 • Los Angeles, California 90012
Telephone: (213) 625-2625  •  Facsimile: (213) 625-2650

DEFENDANTS' EVIDENTIARY OBJECTIONS TO PLAINTIFFS' EVIDENCE RE ATTACHMENT

## PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Los Angeles, State of California. My business address is 250 E. 1st Street, Suite 1101, Los Angeles, CA 90012.

On April 23, 2021, I served true copies of the following document(s) described as **DEFENDANTS' EVIDENTIARY OBJECTIONS TO, AND MOTION TO STRIKE, DECLARATIONS OF (1) NORMA GARCIA, (2) DR. CLIFFORD ROSEN, AND (3) DR. RONALD CHRISTENSEN** on the interested parties in this action as follows:

Norma V. Garcia, Esq.
Jeffrey M. Blank, Esq.
Hugo A. Lopez, Esq.
Garcia Rainey Blank & Bowerbank LLP
695 Town Center Drive Suite 700
Costa Mesa, CA 92626
Telephone: 714-382-7000
Facsimile: 714-382-0031
Email: jblank@garciarainey.com
Email: jeffblanklaw@gmail.com
Email: ngarciaguillen@garciarainey.com
Email: hlopez@garciarainey.com
Email: mjskapadia@garciarainey.com

*Attorneys for Plaintiff*

Derek J. Meyer,Esq.
LeonardMeyer LLP
10250 Constellation Blvd. 14th Floor
Los Angeles, CA 90067
Tel: (310) 220-0331
Email: rmeyer@leonardmeyerllp.com

*Attorney for Defendant Chicago Analytic Trading Company, LLC d/b/a Little River Capital, LLC*

**BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused a copy of the document(s) to be sent from e-mail address rortega@neufeldmarks.com to the persons at the e-mail addresses listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on April 23, 2021, at Los Angeles, California.

Rachel Ortega

NEUFELD MARKS
A PROFESSIONAL CORPORATION
250 E. 1st Street • Suite 1101 • Los Angeles, California 90012
Telephone: (213) 625-2625 • Facsimile: (213) 625-2650