1  PAUL S. MARKS, State Bar No. 138407
       pmarks@neufeldmarks.com
2  YURIKO M. SHIKAI, State Bar No. 229232
       yshikai@neufeldmarks.com
3  **NEUFELD MARKS**
     **A Professional Corporation**
4  250 E. 1st Street, Suite 1101
   Los Angeles, California 90012
5  Telephone:  (213) 625-2625
   Facsimile:   (213) 625-2650
6
   Attorneys for Defendants
7  Urban Commons, LLC, Urban Commons
   6th Ave Seattle, LLC, Urban Commons
8  Battery Park, LLC, Taylor Woods,
   Howard Wu and Brian Egnatz
9

10

## UNITED STATES DISTRICT COURT

11

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

12

13

| | |
|---|---|
| 14  CLIFFORD A. ROSEN, an individual; RONALD A. CHRISTENSEN, an Individual, | Case No. 8:20-cv-01973-JLS-DFM |
| 15                      Plaintiffs, | **NEUFELD MARKS' NOTICE OF MOTION AND SECOND MOTION FOR ORDER ALLOWING IT TO WITHDRAW AS COUNSEL FOR DEFENDANTS;** |
| 16             vs. | |
| 17  URBAN COMMONS, LLC, a Delaware Limited Liability Company; URBAN COMMONS 6TH AVE | **MEMORANDUM OF POINTS AND AUTHORITIES;** |
| 18  SEATTLE, LLC, a Delaware Limited Liability Company; URBAN | **DECLARATIONS OF PAUL S. MARKS AND YURIKO M. SHIKAI IN SUPPORT THEREOF** |
| 19  COMMONS BATTERY PARK, LLC, a Delaware Limited Liability | |
| 20  Company; CHICAGO ANALYTIC TRADING COMPANY, LLC, d/b/a | |
| 21  LITTLERIVER CAPITAL, LLC, a Delaware Limited Liability Company; | *Judge:  Hon. Josephine L. Staton* |
| 22  DIGITAL CAPITAL MARKETS, LLC, a Maryland Limited Liability Company; | Trial Date:       None Set |
| 23  TAYLOR WOODS, an individual; HOWARD WU, an individual; C. | Date:      February 18, 2022 |
| 24  BRIAN EGNATZ, an individual; and DOES 1 through 10, inclusive, | Time:      10:30 a.m. Ctrm:      10A, 10th Floor |
| 25 | Ronald Reagan Federal Bldg. |
| 26             Defendants. | 411 W. Fourth Street Santa Ana, CA 92701 |

27

28

NEUFELD MARKS  A PROFESSIONAL CORPORATION  250 E. 1st Street • Suite 1101 • Los Angeles, California 90012  Telephone: (213) 625-2625  • Facsimile: (213) 625-2650

1  TO THE COURT, THE PARTIES, AND THEIR ATTORNEYS OF

2  RECORD:

3  PLEASE TAKE NOTICE that on February 18, 2022 at 10:30 a.m., or as soon

4  thereafter as the matter may be heard in the above-entitled Court, in Courtroom 10A

5  of the above-entitled Court, located at 411 West Fourth Street, Santa Ana, California

6  92701, Neufeld Marks ("NM"), counsel of record for defendants Urban Commons,

7  LLC, Urban Commons 6th Ave Seattle, LLC, Urban Commons Battery Park, LLC,

8  Taylor Woods, Howard Wu, and Brian Egnatz (collectively, "Clients"), will and

9  hereby does move for an order allowing it to withdraw as counsel of record for

10  Clients.  This is the second such motion that NM has filed, the first of which was

11  previously denied without prejudice.  NM further requests that the Court allow it to

12  provide additional information and documents for the Court's *in camera* review

13  before ruling on the motion, and is concurrently filing an *ex parte* application for an

14  order (1) advancing the hearing date on the motion, to be heard as soon as possible,

15  and (2) for *in camera* review of the Supplemental Declaration of Yuriko M. Shikai

16  in support. (Declaration of Yuriko M. Shikai ("Shikai Decl.") ¶ 10.)

17  This motion is made in good faith and pursuant to Local Rule 83-2.3 and its

18  subparts, as well as California Rule of Professional Conduct 1.6, which governs the

19  withdrawal of attorneys, on the grounds that the Clients and NM have reached a

20  conflict which affects NM's ability to represent Clients effectively.  Moreover, the

21  substantial prejudice to NM and its attorneys in continuing to represent the Clients

22  far outweigh any prejudice to other parties in this case.

23  NM has informed the Clients in writing that Urban Commons, LLC, Urban

24  Commons 6th Ave Seattle, LLC, and Urban Commons Battery Park, LLC

25  (collectively, the "Urban Commons Entities") cannot represent themselves in this

26  action and are required to retain new counsel, and has advised the Clients in writing

27  of the potential consequences should the Urban Commons Entities fail to appoint

28  substitute counsel.   (Declaration of Paul S. Marks ¶ 4; Local Rule 83-2.3.4.)

NEUFELD MARKS
A PROFESSIONAL CORPORATION
250 E. 1st Street • Suite 1101 • Los Angeles, California 90012
Telephone: (213) 625-2625   • Facsimile: (213) 625-2650

1    This Motion is made following the conference of counsel pursuant to Local

2  Rule 7.3, on May 25 and 27, 2021, and August 24, 2021, and NM seeks relief on an

3  *ex parte* basis. (Declaration of Yuriko M. Shikai. ¶¶ 3-5, 11; Ex. A.)

4    This motion is based upon this Notice of Motion; the attached Memorandum

5  of Points and Authorities; the accompanying Declarations of Paul S. Marks and

6  Yuriko M. Shikai; the pleadings, records, files, and papers in this action; and any

7  argument or evidence that may be presented to or considered by the Court.

8

9  DATED:  August 24, 2021          NEUFELD MARKS

10                                    A Professional Corporation

11                                  Paul S. Marks
                                    Yuriko M. Shikai

12

13

14                             By:        /s/ Yuriko M. Shikai
                                   _____
15                                   Yuriko M. Shikai

16                                   Attorneys for Defendants
                                     Urban Commons, LLC, Urban Commons
17                                   6th Ave Seattle, LLC, Urban Commons
                                     Battery Park, LLC, Taylor Woods,
18                                   Howard Wu and Brian Egnatz

19

20

21

22

23

24

25

26

27

28

**NEUFELD MARKS**
A PROFESSIONAL CORPORATION
250 E. 1st Street • Suite 1101 • Los Angeles, California 90012
Telephone: (213) 625-2625 • Facsimile: (213) 625-2650

**NEUFELD MARKS**
A PROFESSIONAL CORPORATION
250 E. 1st Street • Suite 1101 • Los Angeles, California 90012
Telephone: (213) 625-2625 • Facsimile: (213) 625-2650

1

**MEMORANDUM OF POINTS AND AUTHORITIES**

2

**I.      INTRODUCTION AND FACTUAL BACKGROUND.**

3        Defendants Urban Commons, LLC, Urban Commons 6th Ave Seattle, LLC,

4   Urban Commons Battery Park, LLC, Taylor Woods, Howard Wu, and Brian Egnatz

5   (collectively, "Clients") retained Neufeld Marks ("NM") to represent them in the

6   instant lawsuit.  (Declaration of Paul S. Marks ("Marks Decl.") ¶ 2.)  However,

7   conflicts have arisen between NM and its Clients which prevent NM attorneys from

8   fulfilling their obligations to their Clients pursuant to both the ABA Model Rules

9   and California Rules of Professional Conduct.  (Marks Decl. ¶ 3; Declaration of

10   Yuriko M. Shikai ("Shikai Decl.") ¶¶ 2-4, 6.)  NM and its Clients have been unable

11   to resolve the conflicts in good faith.  (Marks Decl. ¶ 3.)  NM has given notice to the

12   Clients well in advance regarding withdrawal of representation.  (Marks Decl. ¶ 4.)

13   NM has also provided written notice to the entity defendants of the consequences of

14   their inability to appear pro se pursuant to Local Rule 83-2.3.4.  (Marks Decl. ¶ 4.)

15        Neufeld Marks ("NM") seeks to withdraw as counsel for defendants Urban

16   Commons, LLC ("Urban Commons"), Urban Commons 6th Ave Seattle, LLC,

17   Urban Commons Battery Park, LLC, Taylor Woods, Howard Wu, and Brian Egnatz

18   (collectively, "Defendants" or "Clients") based on the following grounds.

19        Clients have not been current with their outstanding legal fees owed to NM

20   since at least March of 2021, despite repeated requests by NM, and despite its

21   retainer agreement with Clients that requires NM to be paid promptly for its legal

22   services.  (Shikai Decl. ¶ 2.)  The failure of Clients to pay constitutes a breach of

23   that agreement.  (Shikai Decl. ¶ 2.)

24        Moreover, in May 2021, NM attempted to obtain substantive responses to

25   discovery from Clients but was unable to do so, and therefore NM was required to

26   serve objections to the discovery.  (Shikai Decl. ¶ 3.)  Clients' failure to cooperate

27   with NM is also a breach of the retainer agreement.  (Shikai Decl. ¶ 3.)

28   / / /

**NEUFELD MARKS**
A PROFESSIONAL CORPORATION
250 E. 1st Street • Suite 1101 • Los Angeles, California 90012
Telephone: (213) 625-2625 • Facsimile: (213) 625-2650

1  In addition, on April 29, 2021, creditors filed an involuntary petition against
2  Urban Commons, but NM was not informed that such a petition was filed against
3  Urban Commons at the time it was filed.  (Shikai Decl.") ¶ 6.)  It was not until
4  June 11, 2021, that NM's counsel became aware that the automatic stay took effect
5  due to the bankruptcy filing.  (Shikai Decl. ¶ 6.)  Therefore, on June 11, 2021, NM
6  filed a Notice of Filing of Involuntary Bankruptcy Petition and Imposition of
7  Automatic Stay.  (Shikai Decl. ¶ 6; *see* Dkt. No. 71.)  On or about June 24, 2021, the
8  Bankruptcy Court issued an Order for Relief.  (Shikai Decl. ¶ 6.)

9  Furthermore, NM and its attorneys are being severely prejudiced by
10  continuing to represent Clients who are not paying NM for its attorney's time in
11  working in this matter, and taking time away from other clients' matters that need
12  attention in their other cases.  (Shikai Decl. ¶¶ 8-9.)  NM requests that the Court
13  grant NM's *ex parte* application, concurrently filed herewith, for the Court's
14  *in camera* review of the supplemental declaration of Yuriko M. Shikai which will
15  provide additional evidence regarding the substantial prejudice to NM and its
16  attorneys.  (Shikai Decl. ¶ 10.)  Any alleged prejudice to Plaintiffs in granting NM's
17  motion is far outweighed by the prejudice to NM and its attorneys.

18  In terms of procedural status, plaintiffs Clifford A. Rosen and Ronald A.
19  Christensen (collectively, "Plaintiffs") filed a First Amended Complaint on May 19,
20  2021.  (*See* Dkt. 62.)  Also, the discovery cutoff is January 31, 2022, dispositive
21  motions are due by February 21, 2022, and trial has not yet been set.  (*See*
22  Scheduling Order at Dkt. 26.)  After Plaintiffs filed numerous motions which
23  required NM to file opposition briefs on behalf of Defendants, the Court denied
24  NM's prior motion to withdraw without prejudice.  (Shikai Decl. ¶¶ 7-8; Dkt. 94.)
25  A hearing on Plaintiffs' motions was held on July 23, 2021 and the Court ruled on
26  them, which included the denial of Plaintiffs' motion for contempt and sanctions
27  against Woods, Wu, and their attorneys.  (Shikai Decl. ¶ 8; *see* Dkt. 109, 111.)
28  Plaintiffs have now taken the depositions of defendants Woods, Wu, and Egnatz and

1  received additional document productions and additional discovery responses from

2  them.  (Shikai Decl. ¶ 8.)

3       NM has complied with all requirements to withdraw from representation. NM

4  has taken steps to avoid reasonably foreseeable prejudice to the rights of the Clients,

5  and has given due notice to the Clients and counsel for Plaintiffs and other parties of

6  its intent to withdraw, thereby allowing time for employment of other counsel.  NM

7  is no longer able to effectively represent Clients as is required under the

8  Professional Rules of Conduct due to their conflict.  (Marks Decl. ¶ 3.)

9       Accordingly, NM respectfully requests that the Court issue an order allowing

10  NM to immediately withdraw as counsel for Defendants.

11  **II.     LEGAL STANDARD.**

12       Local Rule 83-2.3.2 allows an attorney to withdraw as counsel upon leave of

13  court.  L.R. 83-2.3.2.  The motion to withdraw must be supported by good cause and

14  must be made upon written notice given reasonably in advance.  *Id.*  "The decision

15  to grant or deny counsel's motion to withdraw is committed to the sound discretion

16  of the trial court."  *Garcia v. Milky Way Factory, Inc.*, 2020 WL 8027776 *1 (C.D.

17  Cal. 2020) (granting motion to withdraw as counsel) (internal citation omitted).

18  "The court generally considers '(1) the reasons why withdrawal is sought; (2) the

19  prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might

20  cause to the administration of justice; and (4) the degree to which withdrawal will

21  delay the resolution of the case.' "  *Id.* (internal citation omitted). "In determining

22  how best to exercise that discretion, judges often look to the ABA Model Rules of

23  Professional Conduct, as well as the state's Professional Responsibility Rules for

24  guidance[.]"  *Id.* (internal citation omitted).

25       Under the ABA Model Rules of Professional Conduct, a lawyer is permitted

26  to withdraw from representing a client if "the representation will result in

27  unreasonable financial burden on the lawyer or has been rendered unreasonably

28  difficult by the client." ABA Model Rule 1.16(b)(6).  Similarly, under California

NEUFELD MARKS
A PROFESSIONAL CORPORATION
250 E. 1ˢᵗ Street • Suite 1101 • Los Angeles, California 90012
Telephone: (213) 625-2625  •  Facsimile: (213) 625-2650

6

NEUFELD MARKS
A PROFESSIONAL CORPORATION
250 E. 1st Street • Suite 1101 • Los Angeles, California 90012
Telephone: (213) 625-2625  • Facsimile: (213) 625-2650

1   Rule of Professional Conduct 1.16, an attorney is permitted to withdraw if the client

2   renders it unreasonably difficult for the lawyer to carry out the representation

3   effectively, or breaches an agreement or obligation, including in relation to the

4   attorney's expenses or fees.  Cal. Rule of Prof. Conduct 1.16(a)(4), (5).

5           Good cause also exists to allow withdrawal where there exists "fundamental

6   disagreement between counsel and defendants on matters of strategy, tactics,

7   authority and mutual obligations."  *Lindsey v. Admiral Ins. Co.*, 804 F. Supp. 47, 52

8   (N.D. Cal. 1992); *see also Ringgold Corp. v. Worrall*, 880 F.2d 1138, 1139-40 (9th

9   Cir. 1989) (allowing withdrawal when the ability of counsel to represent the client

10  has been "severely and detrimentally" affected by client's failure to pay legal fees,

11  retainer payment, obtaining responses to discovery, and a breakdown of

12  communications).

13          It is well established that the client's failure to pay attorneys' fees is a proper

14  ground to grant a motion to withdraw.  *Wimbeldon Fund, SPC (Class TT) v.*

15  *Graybox, LLC*, 2018 WL 3323874 *2 (C.D. Cal. 2018) (granting motion to

16  withdraw for client's failure to pay legal fees which are long overdue as a breach of

17  the retainer agreement); *Stewart v. Boeing Co.*, 2013 WL 3168269 *2 (C.D. Cal.

18  2013) (same).  Withdrawal is proper where the client has breached an agreement or

19  obligation to the attorney as to expenses or fees, or if the representation will result in

20  an unreasonable financial burden on the lawyer.  *Stewart*, 2013 WL 3168269 at *2

21  (*citing to* Cal. Rules of Prof'l Conduct R. 3-700(C)(1)(f) and Model Rules of Prof'l

22  Conduct R. 1.16(b)(6).); *Garcia v. Milky Way Factor Inc.*, 2020 WL 8027776 *1

23  (C.D. Cal. 2020).

24          Here, Clients owe NM a substantial amount of legal fees in breach of the

25  retainer agreement.  (Shikai Decl. ¶ 2.)  Clients have not been current since at least

26  March 2021, despite repeated and numerous requests to make their account current.

27  (Shikai Decl. ¶ 2.)  Moreover, NM's continued representation of Clients continues

28  / / /

NEUFELD MARKS
A PROFESSIONAL CORPORATION
250 E. 1st Street • Suite 1101 • Los Angeles, California 90012
Telephone: (213) 625-2625 • Facsimile: (213) 625-2650

1 to be an unreasonable and substantial financial burden on NM.  (Shikai Decl. ¶¶ 6,
2 8, 9, 10.)

3      In addition, where there is a breakdown of communications and conduct that
4 makes it unreasonably difficult for counsel to carry out his employment effectively,
5 the motion to withdraw is properly granted.  *See Ringgold Corp. v. Worrall*, 880
6 F.2d 1138, 1139-40 (9th Cir. 1989) (allowing withdrawal when the ability of
7 counsel to represent the client has been "severely and detrimentally" affected by
8 client's failure to pay legal fees, retainer payment, obtaining responses to discovery,
9 and a breakdown of communications); *Infoneuro Group v. Aetna Life Ins. Co.*, 2018
10 WL 6975140 *2 (C.D. Cal. 2018) (deterioration of attorney-client relationship and
11 conduct which renders it unreasonably difficult for counsel to carry out the
12 employment effectively constitutes good cause to withdraw).)

13      NM was not able to provide substantive responses to discovery in May 2021
14 due to the breakdown in communications.  (Shikai Decl. ¶ 3.) This is also a breach
15 of the retainer agreement.  (Shikai Decl. ¶ 3.)  NM is severely and detrimentally
16 affected by the circumstances hereto.  (*See* Shikai Decl. ¶¶ 2-6, 8-10.)

17      Moreover, despite Plaintiffs' arguments to the contrary, there is no prejudice
18 to Plaintiffs because the withdrawal of NM will not change the status of the case.
19 Defendants have already cooperated with Plaintiffs in producing additional
20 documents, additional discovery responses, and the depositions of Taylor Woods,
21 Howard Wu, and Brian Egnatz.  (Shikai Decl. ¶ 8.)  Consequently, Plaintiffs are also
22 not prejudiced by NM's withdrawal.  (Shikai Decl. ¶ 8.)  Therefore, NM's
23 withdrawal will not delay the resolution of the case.  (*See* Scheduling Order, Dkt.
24 26.)

25      Meanwhile, NM is substantially and unreasonably prejudiced, and continues
26 to be prejudiced, by its continued representation of Clients.  (Shikai Decl. ¶¶ 9-10.)
27 NM is a small law firm with only 3 regularly employed litigation attorneys.  (Shikai
28 Decl. ¶ 9.)  It is a substantial financial hardship for NM to keep working on

1  nonpaying matters at the expense of numerous other litigation matters at NM that

2  require NM attorneys' attention.  (Shikai Decl. ¶ 9.)  Thus, under all of the facts,

3  Plaintiffs' demand that NM continue to represent Defendants until substitute counsel

4  is retained is an eminently unreasonable one.  There is no basis to require NM to

5  continue representing Clients based on all of the above.

6  **III.    <u>THE MOTION SHOULD BE GRANTED.</u>**

7         Here, a conflict has arisen between the Clients and NM which prevents NM

8  from effectively representing the Clients and is preventing NM from complying

9  with its obligations in providing effective representation pursuant to the Rules of

10  Professional Conduct.  (Marks Decl. ¶ 3).  *See Aceves v. Superior Court*, 51 Cal.

11  App. 4th 584, 590 (1996) (motion to withdraw granted based on conflicts between

12  client and attorney); *Manfredi & Levine v. Superior Court*, 66 Cal. App. 4th 1128,

13  1134-36 (1998) (in moving to withdraw, counsel may meet its burden by describing,

14  "in general terms," the nature of the conflict; if the Court deems the disclosure of

15  confidential information necessary to rule upon the request, an *in camera* hearing

16  may be set).  Here, if the Court requires further information, NM requests that it be

17  allowed to submit a declaration with attorney-client privileged or otherwise private

18  information for the Court's *in camera* review.

19         Allowing NM to withdraw will not prejudice the Clients.  The case is still in

20  its relatively early stages in that Plaintiffs just filed their First Amended Complaint

21  on May 19, 2021; the discovery cutoff is January 31, 2022; dispositive motions are

22  due by February 21, 2022, Plaintiffs took the depositions of Taylor Woods, Howard

23  Wu, and Brian Egnatz who also provided additional document productions and

24  additional discovery responses, and trial has not yet been set.  (Shikai Decl. ¶ 8; *see*

25  Scheduling Order at Dkt. 26; First Amended Complaint at Dkt. 62.)  Thus, NM's

26  withdrawal will cause no significant delay or other unreasonable interruption.

27  / / /

28  / / /

NEUFELD MARKS
A PROFESSIONAL CORPORATION
250 E. 1st Street • Suite 1101 • Los Angeles, California 90012
Telephone: (213) 625-2625  •  Facsimile: (213) 625-2650

IV.   **CONCLUSION.**

For all of the foregoing reasons, NM respectfully requests that the Court grant its Motion in its entirety and permit NM to withdraw as counsel of record for Defendants as soon as possible.


DATED:  August 24, 2021          NEUFELD MARKS
                                   A Professional Corporation
                                 Paul S. Marks
                                 Yuriko M. Shikai


                                 By:     /s/ Yuriko M. Shikai
                                       _____
                                       Yuriko M. Shikai
                                       Attorneys for Defendants
                                       Urban Commons, LLC, Urban Commons
                                       6th Ave Seattle, LLC, Urban Commons
                                       Battery Park, LLC, Taylor Woods,
                                       Howard Wu and Brian Egnatz

**NEUFELD MARKS**
A PROFESSIONAL CORPORATION
250 E. 1st Street • Suite 1101 • Los Angeles, California 90012
Telephone: (213) 625-2625 • Facsimile: (213) 625-2650