| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, state bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Norma V. Garcia/Jeffrey M. Blank   SBN: 223512/217522<br>GARCIA RAINEY BLANK & BOWERBANK LLP<br>695 Town Center Drive, Suite 700<br>Costa Mesa, CA 92626<br>TELEPHONE NO.: (714) 382-7000    FAX NO.: (714) 784-0031<br>ATTORNEY FOR (Name): Plaintiffs Clifford A. Rosen and Ronald A. Christensen | |
| NAME OF COURT: United States District Court, Central District of California<br>STREET ADDRESS: 411 W. Fourth Street<br>MAILING ADDRESS: 411 W. Fourth Street<br>CITY AND ZIP CODE: Santa Ana, California 92701<br>BRANCH NAME: Ronald Reagan Federal Building & United States Courthouse | |
| PLAINTIFF: Clifford A. Rosen et al.<br><br>DEFENDANT: Urban Commons, LLC et al. | |
| [X] **RIGHT TO ATTACH ORDER AND ORDER FOR ISSUANCE OF WRIT OF ATTACHMENT AFTER HEARING**<br>[ ] **ORDER FOR ISSUANCE OF ADDITIONAL WRIT OF ATTACHMENT AFTER HEARING** | CASE NUMBER:<br>8:20-cv-01973-JLS-DFM |

1. a. The application of plaintiff (name): Clifford A. Rosen Et Al.
      for   [X] a right to attach order and order for issuance of writ of attachment
            [ ] an order for issuance of additional writ of attachment
      against the property of defendant (name): Taylor Woods
      came on for hearing as follows:
      (1) Judge (name): Douglas F. McCormick
      (2) Hearing date: April 29, 2021        Time:                Courtroom: 6B
   b. The following persons were present at the hearing:
      (1) [ ] Plaintiff (name):                    (3) [ ] Plaintiff's attorney (name):
      (2) [ ] Defendant (name):                    (4) [ ] Defendant's attorney (name):

**FINDINGS**

2. THE COURT FINDS
   a. Defendant (specify name): Taylor Woods           is a   [X] natural person   [ ] partnership
      [ ] unincorporated association   [ ] corporation   [ ] other (specify):
   b. The claim upon which the application is based is one upon which an attachment may be issued.
   c. Plaintiff has established the probable validity of the claim upon which the attachment is based.
   d. The attachment is not sought for a purpose other than the recovery on the claim upon which the attachment is based.
   e. The amount to be secured by the attachment is greater than zero.
   f. [ ] Defendant failed to prove that all the property described in plaintiff's application is exempt from attachment.
   g. [ ] The following property of defendant, described in plaintiff's application
         (1) [ ] is exempt from attachment (specify):
         (2) [ ] is not exempt from attachment (specify):
   h. [ ] The following property, not described in plaintiff's application, claimed by defendant to be exempt
         (1) [ ] is exempt from attachment (specify):
         (2) [ ] is not exempt from attachment (specify):
   i. [ ] An undertaking in the amount of: $10,000              is required before a writ shall issue, and plaintiff
         [X] has   [ ] has not   filed an undertaking in that amount.
   j. A Right to Attach Order was issued on (date): April 29, 2021                               pursuant to
      [X] Code of Civil Procedure section 484.090 (on hearing)   [ ] Code of Civil Procedure section 485.220 (ex parte)
   k. [ ] Other (specify):

| SHORT TITLE: Rosen et al. v. Urban Commons, LLC et al. | CASE NUMBER: 8:20-cv-01973-JLS-DFM |
|---|---|

## ORDER

3. THE COURT ORDERS
   a. Plaintiff has a right to attach property of defendant *(name)*: Taylor Woods
      in the amount of: $750,000.00
   b. ☐ The property described in items 2g(1) and 2h(1) of the findings is exempt and shall not be attached.
   c. The clerk shall issue   ☒ a writ of attachment   ☐ an additional writ of attachment   in the amount stated in item 3a
      ☒ forthwith   ☐ upon the filing of an undertaking in the amount of: $10,000
      (1) ☐ for any property of a defendant who is **not** a natural person for which a method of levy is provided.
      (2) ☒ for the property of a defendant who is a natural person that is subject to attachment under Code of Civil Procedure section 487.010, described as follows *(specify)*: See Attachment 1

      (3) ☐ for the property covered by a bulk sales notice with respect to a bulk transfer by defendant or the proceeds of sale of such property, described as follows *(specify)*:

      (4) ☐ for plaintiff's pro rata share of proceeds from an escrow in which defendant's liquor license is sold. The license number is *(specify)*:

   d. ☒ Defendant shall transfer to the levying officer possession of
      (1) ☒ any documentary evidence in defendant's possession of title to any property described in item 3c;
      (2) ☒ any documentary evidence in defendant's possession of debt owed to defendant described in item 3c;
      (3) ☒ the following property in defendant's possession *(specify)*: See Attachment 1

> **NOTICE TO DEFENDANT: FAILURE TO COMPLY WITH THIS ORDER MAY SUBJECT YOU TO ARREST AND PUNISHMENT FOR CONTEMPT OF COURT.**

   e. ☐ Other *(specify)*:

   f. Total number of boxes checked in item 3: 3

Date: November 4, 2021

Douglas F. McCormick
(TYPE OR PRINT NAME)                                   (SIGNATURE OF JUDGE OR MAGISTRATE JUDGE)

**RIGHT TO ATTACH ORDER AFTER HEARING AND ORDER FOR ISSUANCE OF WRIT OF ATTACHMENT (Attachment)**                               Page two

## **ATTACHMENT 1 – Property of Defendant Taylor Woods ("Woods")**

Wood's personal property, including:

1. All bank accounts held by Taylor Woods at Wells Fargo, including bank account ending in 1391
2. All bank accounts held by Taylor Woods at Bank of America, N.A.
3. All bank accounts held by Taylor Woods at East West Bank
4. All other bank accounts, foreign or domestic, held by Taylor Woods.

5. Accounts receivable, chattel paper, and general intangibles arising out of the conduct by Taylor Woods of a trade, business, or profession, except any such individual claim with a principal balance of less than one hundred and fifty dollars ($150),

6. Negotiable documents of title,

7. Any vehicles owned by Taylor Woods, and

8. Any other allowable categories of property pursuant to Section 485.210 et seq., whether owned or held, in whole or in part, by Defendant Taylor Woods.