GARCIA RAINEY BLANK & BOWERBANK LLP
   A LIMITED LIABILITY PARTNERSHIP
NORMA V. GARCIA, Cal. Bar No. 223512
ngarciaguillen@garciarainey.com
JEFFREY M. BLANK, Cal. Bar No. 217522
jblank@garciarainey.com
695 Town Center Drive, Suite540
Costa Mesa, CA 92626
Telephone:   (714) 382-7000
Facsimile:    (714) 784-0031

Attorneys for Plaintiffs
Clifford A. Rosen, MD and Ronald A. Christensen, MD.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA -WESTERN DIVISION

| | |
|---|---|
| CLIFFORD ROSEN, an individual, and RONALD CHRISTENSEN<br><br>              Plaintiffs,<br><br>       vs.<br><br>URBAN COMMONS 6th AVE SEATTLE, a Delaware limited liability company, URBAN COMMONS BATTERY PARK, LLC, a Delaware limited liability company, TAYLOR WOODS, an individual, HOWARD WU, an individual, BRIAN EGNATZ, an individual, WU DEVELOPMENT, LLC, a California limited liability company<br><br>              Defendants. | **CASE NO.: 8:20-cv-01973-JLS-DFM**<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION TO STRIKE DEFENDANTS ANSWERS AND ENTER DEFAULT AGAINST DEFENDANTS URBAN COMMONS, LLC, URBAN COMMONS 6TH AVE SEATTLE AND URBAN COMMONS BATTERY PARK, LLCS' PURSUANT TO RULE 55(a)**<br><br>**DATE:** October 28, 2022<br>**TIME:** 10:30am<br>**DEPT:**  8a, 8th Floor, First Street US Courthouse, 350 West 1st Street – Los Angeles, CA<br>**Judge:**  Hon. Josephine L. Staton |

-1-

**DECLARATION OF NORMA V. GARCIA IN SUPPORT OF NOTICE OF MOTION AND MOTION IN SUPPORT OF PLAINTIFF'S MOTION TO STRIKE AND MOTION FOR ENTRY OF DEFAULT JUDGMENT**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on October 21, 2022, at 10:30 a.m., or as soon thereafter as the matter may be heard before the Honorable Josephine L. Staton, located at 350 W. 1st Street, Courtroom 8A, Los Angeles, California 90012, Plaintiffs Clifford A. Rosen M.D. and Ronald A. Christensen M.D. ("Plaintiffs") will and hereby do move the Court, pursuant to this Court's Minutes (In Chambers) Order Granting Defendant's Motion to Withdraw as Counsel ("Order") (Docket. No. 121) and Federal Rule of Civil Procedure 55(a), to enter Defendants Urban Commons, LLC, Urban Commons 6th Ave. Seattle, LLC and Urban Commons Battery Park, LLC ("Defendants") default.

On September 16, 2021 this Court ordered Defendants to obtain substitute counsel within thirty (30) days of being served with the Order granting Kenco's prior counsel's motion to withdraw. (Docket No. 121.) This deadline has passed and Defendants have failed to comply with the Order.  Therefore, good cause exists to strike Defendants' answers and to enter Defendants' default pursuant to Federal Rule of Civil Procedure 12(f) and 55(a).

Corporations and other business entities cannot appear in federal court unless represented by legal counsel. *See, e.g., Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 202 (1993). Because Defendants, three limited liability companies, cannot appear in this matter *pro se* (*see* L.R. 83- 2.2.2), and because Defendants are not represented by counsel, this motion is made without a prior L.R. 7-3 conference of counsel.

This motion is supported by the attached memorandum of points and authorities, the declaration of Norma V. Garcia and exhibits thereto, all other files and records in this action, and upon such further showing as may be made at any hearing that the Court shall convene thereon.

_____
**DECLARATION OF NORMA V. GARCIA IN SUPPORT OF NOTICE OF MOTION AND MOTION IN SUPPORT OF PLAINTIFF'S MOTION TO STRIKE AND MOTION FOR ENTRY OF DEFAULT JUDGMENT**

1  DATED:  June 30, 2022                    GARCIA RAINEY BLANK & BOWERBANK LLP

2

3

4

5                                    By        */S/ Norma V. Garcia*

6                                              NORMA V. GARCIA
                                               JEFFREY M. BLANK
7                                              Attorneys for Plaintiffs
                                     Clifford A. Rosen, MD and Ronald Christensen, MD
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DECLARATION OF NORMA V. GARCIA IN SUPPORT OF NOTICE OF MOTION AND MOTION IN SUPPORT OF PLAINTIFF'S MOTION TO STRIKE AND MOTION FOR ENTRY OF DEFAULT JUDGMENT**

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

Plaintiffs Clifford A. Rosen and Ronald A. Christensen ("Plaintiffs") respectfully request that the Court strike the answers and enter the default of Defendants Urban Commons, LLC, Urban Commons 6th Ave Seattle, LLC ("UC Seattle") and Urban Commons Battery Park, LLC ("UC Battery Park") (collectively "Defendants") pursuant to Federal Rule of Civil Procedure Rules 12(f) and 55(a) and Local Rule 83-2.2.2. Defendants have been unrepresented by counsel since their counsel's withdrawal from the instant action was approved by this Court on September 16, 2021. (Docket. Nos. 121 and 122). In the Court's September 16, 2021, Order Granting Defense Counsel's Motion to Withdraw as Counsel, this Court warned Defendants that failure to timely retain new counsel may result in the entry of default against them. (Docket No. 121). The October 18, 2021 deadline for Defendants to obtain replacement counsel under the Order has now passed. Counsel was not obtained by this deadline or anytime thereafter. It is now more than 250 days past this deadline. Defendants' failure to timely retain new counsel warrants the striking of Defendants answers and the entry of default against Defendants so this case can be resolved by default judgment.

## II.   RELEVANT PROCEDURAL HISTORY

Plaintiffs initiated this action by filing their complaint on October 13, 2020. (Docket No. 1.) Defendants filed their answer on December 7, 2020. (Docket No. 17.) At the time of the filing of their answer, Defendants were represented by counsel as required by Local Rule 83-2.2.2. On June 6, 2021, counsel for Defendants filed a Motion to Withdraw as Counsel (the "Motion"). (Docket No. 66). On June 8, 2021, Plaintiffs filed an Opposition and Request for Judicial Notice. (Docket Nos. 72 and 73). On June 14, 2021, this Court granted Defense Counsel's Ex Parte Application to Advance Hearing Date for its Motion to Withdraw as Counsel. (Docket No. 77). On June 25, 2021, Defense Counsel

-4-

1   filed their reply to the Motion. (Docket No. 91). On August 24, 2021 Defense

2   Counsel then filed a Second Notice of Motion and Motion to Withdraw as

3   Counsel (the "Second Motion") and a second Ex Parte Application. (Docket Nos.

4   112 and 113). On September 3, 2021 Plaintiffs filed their Opposition to the

5   Second Motion. (Docket No. 119).

6       In the September 16, 2021 Order Granting Defendants' Motion to

7   Withdraw as Counsel (Docket No. 121) this Court noted:

8       Defense Counsel has provided the requisite written notice to the corporate
9       defendants that they are not able to represent themselves in the lawsuit.
        (Doc 112 at 2.)' (Marks Decl. paragraph 4.) Defense counsel is also
10      directed to provide a copy of this Order to the corporate defendants and to
        notify them that they have 30 days from the date of this Order to obtain
11      new counsel. ***Corporate Defendants failure to timely obtain new counsel
12      may result in the entry of default against them.***

13

14      Since the entry of this order (Docket No. 122), Defendants have failed to

15  obtain new corporate counsel. More than 250 days have elapsed since Defendants

16  were required to obtain new corporate counsel. Because Defendants are required

17  to be represented by counsel pursuant to LR 83-2.2.2, and the 30-day period from

18  the date of the entry of the Order expired on Monday October 18, 2021 (extended

19  from Saturday October 16, 2021), Defendants' answers should be stricken and

20  default should be entered under Federal Rule of Civil Procedure 12(f) and 55(a).

21  ## III.  <u>LEGAL ARGUMENT</u>

22      "A corporation may appear in federal court only through licensed counsel."

23  *United States v. High Country Broad. Co.*, 3 F.3d 1244, 1245 (9th Cir. 1993); *see*

24  *also D-Beam Ltd. P'ship v. Roller Derby Skates, Inc.*, 366 F.3d 972, 973-74 (9th

25  Cir. 2004) ("It is a longstanding rule that [c]orporations and other unincorporated

26  associations must appear in court through an attorney.") (internal quotation

27  omitted). Similarly, Central District Local Rule 83-2.2.2 states: "[n]o organization

28  or entity of any other kind . . . including corporations . . . may appear in any action

-5-

1  or proceeding unless represented by an attorney permitted to practice before this

2  Court under L.R. 83-2.1." L.R. 83-2.2.2.  The entry of default against a

3  corporation is appropriate where, as here, a corporation remains unrepresented by

4  counsel. *Emp. Painters' Tr. v. Ethan Enters*., 480 F.3d 993, 998 (9th Cir. 2007)

5  ("default [is] a permissible sanction for failure to comply with local rules requiring

6  representation by counsel.") The Clerk's entry of default is automatic, not

7  discretionary, and a Clerk must enter default as soon as information necessary for

8  the entry of default has been provided. *Gordon-Ross v. Nuview Union School*

9  *District,* No. 09-cv-00670, 2009 WL 10675565, at *1 (C.D. Cal. May 28, 2009).

10 *see also* Fed. R. Civ. P. 55(a) (providing that when a defendant "has failed to plead

11 or otherwise defend" an action, "the clerk must enter the party's default").

12      Under Rule 12(f), "[t]he court may strike from a pleading an insufficient

13 defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R.

14 Civ. P. 12(f). This rule has been applied to strike the answer of corporate

15 defendants in cases where a corporate defendant failed to obtain new counsel. *See,*

16 *e.g. Adobe Sys. Inc. v. Software Tech*, 5:14-CV-02140, 2015 WL 6956632, at *2

17 (N.D. Cal. Nov. 10, 2015) (striking the answer of a corporate defendant and

18 entering default when the corporate defendant failed to hire new counsel). In *Adobe*

19 *Sys.,* the court granted plaintiff's motion to strike the corporate defendants' answer

20 and entered default against them, when the corporate defendant failed to obtain

21 new counsel. *Id.* at *1-2.

22      Courts routinely strike the answers of, and enter default against, defendants

23 who refuse to defend themselves, including by refusing to retain counsel.  *See*,

24 *e.g., Fuzzy Logic Prods., Inc. v. Trapflix, LLC*, CV 15-6203 PA (SSX), 2016 WL

25 3693738, at *2 (C.D. Cal. July 11, 2016) (noting that, after failure to substitute

26 withdrawn counsel, corporate defendant's answer was stricken and default

27 entered); *HeadBlade, Inc. v. Prods. Unlimited, LLC*, CV1502611SJOVBKX,

28 2016 WL 6237902, at *2 (C.D. Cal. May 23, 2016) (same); *Galtieri-Carlson v.*

-6-

_____

**DECLARATION OF NORMA V. GARCIA IN SUPPORT OF NOTICE OF MOTION AND MOTION IN SUPPORT OF PLAINTIFF'S MOTION TO STRIKE AND MOTION FOR ENTRY OF DEFAULT JUDGMENT**

1  *Victoria M. Morton Enters., Inc.*, 2:08-CV-01777, 2010 WL 3386473, at *3 (E.D.

2  Cal. Aug. 26, 2010) (striking answer and acknowledging court's authority to

3  enter default judgment where defendants "have made no ascertainable effort to

4  retain counsel or defend themselves"); *Rojas v. Hawgs Seafood Bar, Inc.*, No.

5  C08-03819 JF (PVT), 2009 WL 1255538, at *1 (N.D. Cal. May 5, 2009) ("When

6  a corporation fails to retain counsel to represent it in an action, its answer may be

7  stricken and a default judgment entered against it.") (citing *Emp. Painters' Tr. v.*

8  *Ethan Enters., Inc.*, 480 F.3d 993 (9th Cir. 2007) (finding corporation's violation

9  of local rules and failure to retain counsel as justification for entry of default

10  judgment).

11        Here, Defendants failed to timely retain replacement their counsel after

12  Defense Counsel withdrew from representation.  The consequences of this failure

13  were made clear in the Court's September 16 Order: – "***Corporate Defendants***

14  ***failure to timely obtain new counsel may result in the entry of default against***

15  ***them***" – (Docket No. 121).  Yet, Defendants have shown no interest in

16  participating in this litigation, have ignored this Court's deadline, and continue to

17  violate the Local Rules.  Counsel for Defendants filed their Motion to Withdraw

18  as Counsel on June 6, 2021. (Docket No. 66). As of the filing of this motion,

19  Defendants have had over one year to find and retain replacement counsel. They

20  have failed to do so. Therefore, good cause exists for the Court to strike

21  Defendants' Answers and to enter their default. Defendants' refusal to litigate

22  should not prevent Plaintiffs and this Court from resolving this case by way of

23  default judgment once Defendants' Answers are stricken and their default is

24  entered.

25  ///

26  ///

27  ///

28  ///

-7-

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## IV.    <u>CONCLUSION</u>

Based on the foregoing, Plaintiffs respectfully request this Court grant their motion to strike Defendants' answers to the complaint and for the clerk to enter default against Defendants.

DATED:  June 30, 2022          GARCIA RAINEY BLANK & BOWERBANK LLP

By _____*/S/ Norma V. Garcia*___
                                NORMA V. GARCIA
                                JEFFREY M. BLANK
                                Attorneys for Plaintiffs
                          Clifford A. Rosen, MD and Ronald Christensen, MD

-8-
_____
**DECLARATION OF NORMA V. GARCIA IN SUPPORT OF NOTICE OF MOTION AND MOTION IN SUPPORT OF PLAINTIFF'S MOTION TO STRIKE AND MOTION FOR ENTRY OF DEFAULT JUDGMENT**

PROOF OF SERVICE
STATE OF CALIFORNIA, COUNTY OF ORANGE

At the time of service, I was over 18 years of age and **not a party to this action.** I am employed in the County of Orange, State of California. My business address is 695 Town Center Drive, Suite 540, Costa Mesa, CA 92626- 1993.

On June 30, 2022, I served true copies of the following document(s) described as **PLAINTIFFS' NOTICE OF MOTION AND MOTION TO STRIKE DEFENDANTS ANSWERS AND ENTER DEFAULT AGAINST DEFENDANTS URBAN COMMONS, LLC, URBAN COMMONS 6TH AVE SEATTLE AND URBAN COMMONS BATTERY PARK, LLCS' PURSUANT TO RULE 55(a)** on the interested parties in this action as follows:

| | |
|---|---|
| Derek J Meyer<br>Prospect Law LLP<br>10990 Wilshire Blvd. Suite 800<br>Los Angeles, CA 90024 | Attorneys for Defendants<br>Phone: 310-220-0331<br>Email: rmeyer@prospectlaw.com |
| Eric Bensamochan<br>Bensamochan Law Firm Inc<br>9025 Wilshire Blvd. Suite 215<br>Beverly Hills, CA 90211 | Attorneys for Defendant<br>Phone: 818-574-5740<br>Fax: 818-961-0138<br>Email: eric@eblawfirm.us |
| Deborah Frankel<br>The Bensamochan Law Firm, Inc<br>54 Shadeland Ave<br>Drexel Hill, PA 19026 | Attorneys for Defendants<br>Phone: 818-574-5740<br>Fax: 818-961-0138<br>Email:<br>deborah_frankel@hotmail.com |
| Michael G Balmages<br>Balmages Law Office<br>360 E 1st St. No 896<br>Tustin, CA 92780-3211 | Attorneys for Defendant<br>Phone: 714-838-7000<br>Email:<br>mbalmages@balmageslaw.com |

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system.

-9-
_____
DECLARATION OF NORMA V. GARCIA IN SUPPORT OF NOTICE OF MOTION AND MOTION IN SUPPORT OF PLAINTIFF'S MOTION TO STRIKE AND MOTION FOR ENTRY OF DEFAULT JUDGMENT

Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

**SERVED BY UNITED STATES MAIL:** On June 30, 2022, I served the following person and/or entities at the last known addresses in this action by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows.

Urban Commons, LLC
c o Taylor Woods and Howard Wu
10250 Constellation Blvd. Suite 1750
Los Angeles, CA 90067

Urban Commons 6th Ave Seattle, LLC
10250 Constellation Blvd. Suite 1750
Los Angeles, CA 90067

Urban Commons Battery Park, LLC                    Attorneys for Defendant
c o Taylor Woods and Howard Wu
10250 Constellation Blvd. Suite 1750
Los Angeles, CA 90067

Taylor Woods
142 E Clearvue Drive
Meridian, ID 83646

Howard Wu
13600 Bayliss Road
Los Angeles, CA 90049

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on June 30, 2022, at Costa Mesa, California.

-10-

**DECLARATION OF NORMA V. GARCIA IN SUPPORT OF NOTICE OF MOTION AND MOTION IN SUPPORT OF PLAINTIFF'S MOTION TO STRIKE AND MOTION FOR ENTRY OF DEFAULT JUDGMENT**

1

2

3          */s Cielo Chavarria*
            _____
            Cielo Chavarria

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DECLARATION OF NORMA V. GARCIA IN SUPPORT OF NOTICE OF MOTION AND MOTION IN SUPPORT OF PLAINTIFF'S MOTION TO STRIKE AND MOTION FOR ENTRY OF DEFAULT JUDGMENT**