UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:20-cv-01973-JLS-DFM            Date: October 05, 2022
Title: Clifford Rosen et al v. Urban Commons LLC et al

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

   V.R. Vallery                                       N/A
   Deputy Clerk                                   Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFF:    ATTORNEYS PRESENT FOR DEFENDANT:

      Not Present                                Not Present

**PROCEEDINGS: (IN CHAMBERS) ORDER GRANTING DEFENDANT JASON BIRT'S MOTION TO DISMISS (Doc. 232)**

Before the Court is a Motion to Dismiss filed by Defendant Jason Birt. (Mot., Doc. 232.) Plaintiffs opposed. (Opp., Doc. 255.) The Court finds this matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); C.D. Cal. R. 7-15. Accordingly, the hearing scheduled for **October 7, 2022 at 10:30 a.m.** is VACATED. Having considered the parties' papers, and for the following reasons, the Court now GRANTS the Motion and gives Plaintiffs leave to amend.

### I. BACKGROUND

Plaintiffs allege that Defendants, including Birt, "misled the Plaintiffs into investing $750,000 in January and March of 2020" in two entities, Defendants Urban Commons 6th Ave Seattle LLC ("UC Seattle") and Urban Commons Battery Park LLC ("UC Battery Park") (collectively, the "UC entities"). (Second Amended Complaint ("SAC"), Doc. 200 at ¶¶ 1, 30-31, 43.) Plaintiffs contend that Defendants, in soliciting Plaintiffs to purchase membership interests in UC Seattle and UC Battery Park, made untrue statements and material omissions concerning their credentials, the value of the return on investment, financial information about the entities, and the status of the investment. (*Id.* at ¶ 66.) Plaintiffs state that they are "currently unaware of where their

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 8:20-cv-01973-JLS-DFM | Date: October 05, 2022 |
| Title: Clifford Rosen et al v. Urban Commons LLC et al | |

collective $750,000 investment went or how it was used by Defendants.  Defendants refuse to provide an accounting of same.  Plaintiffs fear that Defendants have absconded the $750,0000." (*Id.* at ¶ 73.)  They bring claims for violations of the Securities Act of 1933, the Securities and Exchange Act of 1934, the California Corporations Code, and California's Unfair Competition Law ("UCL"), and for fraud, theft by false pretense, negligent and intentional misrepresentation, and negligence.  (*Id.* at ¶¶ 82-221.)

On October 12, 2021, the Plaintiffs sought leave to amend their complaint in order to, inter alia, substitute Jason Birt for Doe 2.  (Mem. ISO Mot. to Amend, Doc. 127-1 at 2.)  They stated that they learned about Birt's role "in the fraudulent scheme perpetrated against Plaintiffs" during the discovery process.  (*Id.*)  The Court granted leave to amend on March 28, 2022.  (Mar. 28 Order, Doc. 127.)  Plaintiffs filed the Second Amended Complaint on March 31, 2022, adding Jason Birt as a defendant.  (SAC at 1.)

On May 23, 2022, Birt filed his Motion to Dismiss the Second Amended Complaint for both failure to state a claim, *see* Fed. R. Civ. P. 12(b)(6), and lack of personal jurisdiction, *see* Fed. R. Civ. P. 12(b)(2).  For the reasons stated below, the Court finds that Plaintiffs have adequately pleaded personal jurisdiction, but have not pleaded their fraud claims with sufficient particularity as to Birt and have not stated a claim as to their non-fraud claims, and therefore grants the Motion.

## II.  LEGAL STANDARD

### A.  12(b)(2)

Rule 12(b)(2) allows a party to move to dismiss for lack of personal jurisdiction. Fed. R. Civ. P. (12)(b)(2).  "Although the defendant is the moving party on a motion to dismiss, the plaintiff bears the burden of establishing that [personal] jurisdiction exists." *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1019 (9th Cir. 2002).  Personal jurisdiction over a nonresident is proper when the requirements of the state's long-arm

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 8:20-cv-01973-JLS-DFM | Date: October 05, 2022 |
| Title: Clifford Rosen et al v. Urban Commons LLC et al | |

statute have been satisfied and the exercise of jurisdiction "comports with the constitutional principles of due process." *Id.* Because California permits the exercise of personal jurisdiction "on any basis not inconsistent with the Constitution of this state or of the United States," Cal. Civ. Proc. Code § 410.10, courts in California need only determine whether the exercise of jurisdiction comports with due process. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800-01 (9th Cir. 2004). "For due process to be satisfied, a defendant, if not present in the forum, must have 'minimum contacts' with the forum state such that the assertion of jurisdiction 'does not offend traditional notions of fair play and substantial justice.'" *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1155 (9th Cir. 2006) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 315 (1945)).

"Applying the 'minimum contacts' analysis, a court may obtain either general or specific jurisdiction over a defendant." *Doe v. Unocal Corp.*, 248 F.3d 915, 923 (9th Cir. 2001), *abrogated on other grounds by Williams v. Yamaha Motor Co. Ltd.*, 851 F.3d 1015, 1024 (9th Cir. 2017). "If the defendant's activities in the forum are substantial, continuous and systematic, general jurisdiction is available; in other words, the foreign defendant is subject to suit even on matters unrelated to his or her contacts to the forum." *Id.* On the other hand, "[a] court may exercise specific jurisdiction over a foreign defendant if his or her less substantial contacts with the forum give rise to the cause of action before the court." *Id.* The Ninth Circuit applies a three-part test to determine whether a district court can exercise specific personal jurisdiction over a nonresident defendant:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 8:20-cv-01973-JLS-DFM | Date: October 05, 2022 |
| Title: Clifford Rosen et al v. Urban Commons LLC et al | |

> forum, thereby invoking the benefits and protections of its laws;
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004) (quoting *Lake v. Lake*, 817 F.2d 1416, 1421 (9th Cir. 1987)).

"The plaintiff bears the burden of satisfying the first two prongs of the test." *Schwarzenegger*, 374 F.3d at 802. "If the plaintiff succeeds in satisfying both of the first two prongs, the burden then shifts to the defendant to 'present a compelling case' that the exercise of jurisdiction would not be reasonable." *Id.* (quoting *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 477 (1985)). "Where, as here, the motion is based on written materials rather than an evidentiary hearing, 'the plaintiff need only make a prima facie showing of jurisdictional facts.'" *Schwarzenegger*, 374 F.3d at 800 (quoting *Sher v. Johnson*, 911 F.2d 1357, 1361 (9th Cir. 1990)). "[U]ncontroverted allegations in the complaint must be taken as true" and "[c]onflicts between parties over statements contained in affidavits must be resolved in the plaintiff's favor." *Id.*

### B. 12(b)(6)

In deciding a motion to dismiss under Rule 12(b)(6), courts must accept as true all "well-pleaded factual allegations" in a complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Furthermore, courts must draw all reasonable inferences in the light most favorable to the non-moving party. *See Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). However, "courts are not bound to accept as true a legal conclusion couched as a factual allegation." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotations omitted). The complaint must contain "sufficient factual matter, accepted as

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 8:20-cv-01973-JLS-DFM | Date: October 05, 2022 |
| Title: Clifford Rosen et al v. Urban Commons LLC et al | |

true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Although a complaint "does not need detailed factual allegations," the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Thus, a complaint must (1) "contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively," and (2) "plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

Finally, the Court may not dismiss a complaint without leave to amend unless "it is clear that the complaint could not be saved by any amendment." *Livid Holdings Ltd. v. Salomon Smith Barney, Inc.*, 416 F.3d 940, 946 (9th Cir. 2005).

### III. DISCUSSION

#### A. Personal Jurisdiction

Plaintiffs argue this Court has specific jurisdiction over Birt because "he agreed to serve as 'exclusive' broker and place securities in the UC Entities whose principal place of business at the time was in Los Angeles, California." (Opp. at 16 (citations omitted).) In doing so, they argue, he availed himself of the Central District of California's jurisdiction by "agreeing to place securities in interstate commerce for entities located in Los Angeles." (*Id.*)

Birt argues that because he has "no connections with California" and resides in Iowa, this Court lacks personal jurisdiction over him. (Mot. at 15.) In making its determination, the Court will look to uncontroverted statements in the complaint and will

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 8:20-cv-01973-JLS-DFM | Date: October 05, 2022 |
| Title: Clifford Rosen et al v. Urban Commons LLC et al | |

resolve all disputes in affidavits in the Plaintiffs' favor. *See Schwarzenegger*, 374 F.3d at 800.

In their complaint, Plaintiffs allege that Birt resides in Iowa and conducts business in California. (SAC at ¶ 23.) They further allege that Birt "directly and indirectly controls" UC Seattle and UC Battery Park, that he "occupies a similar status and performs similar functions as a partner" in both entities, and that he is an agent of both entities. (*Id.* at ¶ 137.) In a declaration by Plaintiffs' counsel attached to the Motion to Dismiss, she attests that, in a deposition she conducted, another defendant informed her that Birt worked for the UC Entities:

> During the deposition, Egnatz testified about his working relationship with Jason Birt and confirmed that he worked with Birt. During that deposition, Egnatz authenticated an email where Egnatz confirmed he and Birt were "exclusive" agents in placing securities for the Urban Common LLC entities, including [UC Battery Park and UC Seattle]. Defendant Birt references the fact that Ms. Ellis states the same in his Motion on page 4, lines 23-25. I also learned during that deposition that Birt received compensation from the Urban Commons LLC.

(Garcia Dec., Doc. 255-2 at 2.) Birt does not directly contradict these claims; he does not say, for example, that he was not in charge of placing securities for the UC entities, nor does he claim that he does not directly or indirectly control the UC entities. Rather, he simply reiterates that he has no connection to California, which is arguably a legal contention and not a factual one, and that he resides in Iowa, a fact which Plaintiffs set forth in their Complaint. (*See* Opp. at 15; SAC at ¶ 23.) Plaintiffs have sufficiently alleged that Birt purposefully availed himself of the privilege of conducting activities in California. *See Schwarzenegger*, 374 F.3d at 802.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 8:20-cv-01973-JLS-DFM | Date: October 05, 2022 |
| Title: Clifford Rosen et al v. Urban Commons LLC et al | |

The issue remains whether the Plaintiffs' claims arise out of Birt's alleged contacts with California. *See id.* The Court finds that they do. The Plaintiffs allege that Defendants misled them into investing $750,000 collectively in the UC entities, of which they claim Birt is an agent. (SAC at ¶ 1, 137.) Birt's alleged contacts with California through these entities directly relate to the Plaintiffs' claims. Plaintiffs have sufficiently demonstrated that the Court has personal jurisdiction over Birt.

### B. Failure to Plead Claims Sounding in Fraud with Particularity

Claims sounding in fraud must be pleaded "with particularity." *See* Fed. R. Civ. P. 9(b). "Averments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (quoting *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir.1997)). "Rule 9(b) demands that the circumstances constituting the alleged fraud be specific enough to give defendants notice of the particular misconduct so that they can defend against the charge and not just deny that they have done anything wrong." *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009) (cleaned up). The claims in Plaintiffs' Complaint, including their conspiracy claims, are based on alleged intentional misrepresentations by Defendants, and thus must meet Rule 9(b)'s heightened pleading standard. *See Zetz v. Bos. Sci. Corp.*, 398 F. Supp. 3d 700, 712-13 (E.D. Cal. 2019); *see also Ajzenman v. Off. of Comm'r of Baseball*, 487 F. Supp. 3d 861, 867 (C.D. Cal. 2020) ("Plaintiffs are subject to the heightened pleading standard of Rule 9(b)" where "the object of the conspiracy is fraudulent") (quotations omitted). This heightened pleading standard also applies to most of Plaintiffs' state law claims under the California Corporations Code and the UCL, *see Kearns*, 567 F.3d at 1125, and to their claims for negligent and intentional misrepresentation, *see Zetz*, 398 F. Supp. 3d at 712-13; *see also Daniels v. Select Portfolio Servicing Inc.*, 246 Cal. App. 4th 1150, 1166 (2016) ("Causes of action for intentional and negligent misrepresentation sound in fraud.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 8:20-cv-01973-JLS-DFM | Date: October 05, 2022 |
| Title: Clifford Rosen et al v. Urban Commons LLC et al | |

Plaintiffs argue that they have pleaded their claims with the requisite particularity because they have "adequately alleged that Birt, Egnatz, Wu, and Woods omitted material facts related to each of them, their credentials, experience, expertise, and capabilities to gain the trust and confidence of Plaintiffs so that they would invest" in the UC entities. (Opp. at 14-15.) The Court disagrees. As Birt points out, Plaintiffs do not allege that they ever communicated in any way with Birt. (Mot. at 9.) Though Plaintiffs allege that Birt was an agent of the UC entities, they do not say what specific actions he took that would support a claim for fraud under agency theory.

Plaintiffs make very few specific allegations as to Birt. They allege that Birt and multiple other Defendants "formed a plan to engage in a conspiracy to commit wrongful conduct, and all agreed to the shared common plan and were each aware that each other planned to participate in the plan and that the plan was unlawful and fraudulent." (SAC at ¶ 78.) They further allege that Egnatz, Urban Commons, UC Seattle, UC Battery Park, Wu Development, Birt, and Does 1 through 8 "aided and abetted the commission of the wrongful conduct alleged in this Complaint by Woods and Wu." (*Id.* at ¶ 79.) They claim that five defendants including Birt "transmitted, caused to be transmitted, delivered, caused to be delivered, or caused to be disseminated to Plaintiffs materially untrue statements and omissions of material fact as alleged in this Complaint." (*Id.* at ¶ 138.) "Rule 9(b) does not allow a complaint to merely lump multiple defendants together but requires plaintiffs to differentiate their allegations when suing more than one defendant and inform each defendant separately of the allegations surrounding his alleged participation in the fraud." *Swartz v. KPMG LLP*, 476 F.3d 756, 764–65 (9th Cir. 2007) (cleaned up). Plaintiffs make general claims as to all Defendants but fail to describe the circumstances and actions taken by Birt which would support their claims.

Even the Plaintiffs' most specific allegations against Birt do not meet Rule 9(b)'s heightened standard. They allege:

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 8:20-cv-01973-JLS-DFM | Date: October 05, 2022 |
| Title: Clifford Rosen et al v. Urban Commons LLC et al | |

> BIRT directly and indirectly controls UC SEATTLE and UC BATTERY PARK. BIRT occupies a similar status and performs similar functions as a partner in UC SEATTLE and UC BATTERY PARK. BIRT also is an agent of UC SEATTLE and UC BATTERY PARK who materially aided and assisted in the acts and transactions constituting the violation by UC SEATTLE and UC BATTERY PARK of California Corporations Code § 25401, and did so with the intent to deceive and defraud, incurring liability of UC SEATTLE and UC BATTERY PARK to Plaintiffs under California Corporations Code § 25501, as set forth in this Complaint. BIRT had knowledge of and reasonable grounds to believe in the existence of the facts by which the liability of UC SEATTLE and UC BATTERY PARK, under California Corporations Code §§ 25401 and 25501, is alleged to exist. BIRT is jointly and severally liable thereto, with and to the same extent as UC SEATTLE and UC BATTERY PARK.

(SAC at ¶ 137.) It is not enough for Plaintiffs to make these kinds of conclusory legal statements; rather, they must set forth with specificity the circumstances of the alleged fraud. Here, they have alleged only that Birt was an "agent," that he "had knowledge" of facts which would make the UC entities liable, and that he "directly and indirectly" controlled the UC entities. They have not given Birt sufficient notice of the particular misconduct Plaintiffs seek to remedy so that Birt can defend himself against their claims.

### C. Failure to State a Claim as to Non-Fraud Claims

Several of Plaintiffs' claims do not sound in fraud and therefore are not subject to Rule 9(b)'s heightened pleading requirements. These are their claims for negligence,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 8:20-cv-01973-JLS-DFM | Date: October 05, 2022 |
| Title: Clifford Rosen et al v. Urban Commons LLC et al | |

violation of Cal. Corp. Code § 17704.10, violation of Cal. Corp. Code. §§ 25200 *et seq.* and 25501.5, violation of Cal Corp. Code §§ 25503, 25504.1, and 25110, and violation of section 5 of the Securities and Exchange Act.  For all of these causes of action, Plaintiffs have failed to state a claim against Birt.

As to negligence, Plaintiffs merely recite the elements of a claim for negligence without adducing facts as to why Birt owed them a duty of care, how he breached that duty of care, and how Birt's breach was a proximate cause of their injury.  *See Saldate v. Wilshire Credit Corp.*, 686 F. Supp. 2d 1051, 1062 (E.D. Cal. 2010) ("The elements of a cause of action for negligence are (1) a legal duty to use reasonable care, (2) breach of that duty, and (3) proximate [or legal] cause between the breach and (4) the plaintiff's injury.") (quoting *Mendoza v. City of L.A.*, 66 Cal. App. 4th 1333, 1339 (1998)) (alteration in original).

Their non-fraud claims under the California Corporations Code and the Securities and Exchange Act fare no better.  Cal. Corp. Code § 17704.10 imposes a duty on members of a member-managed firm to provide certain documents for inspection to members or transferees upon request.  However, Plaintiffs have not alleged that Birt was a member of the UC entities or that they demanded any information of him that he failed to provide.  Cal. Corp. Code. §§ 25200 *et seq.* and 25501.5 permit buyers to rescind the purchase of securities from unlicensed broker-dealers.  Plaintiffs have not alleged that Birt sold anything to them or that he was required to be licensed or made sales of securities without appropriate certification.  Cal. Corp. Code §§ 25503 and 25110 prohibit the offer or sale of securities without properly qualifying the securities for sale.  Plaintiffs have not alleged that Birt offered or sold any securities in California.[1]  For the same reason, Plaintiffs have failed to state a claim against Birt for a violation of section 5

---

[1] Plaintiffs also bring claims under Cal. Corp. Code § 25504.1, which makes those who materially assist with such sales "with intent to deceive or defraud" jointly and severally liable.  For the reasons discussed in the foregoing section, Plaintiffs do not plead this claim with sufficient particularity to state a claim against Birt.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 8:20-cv-01973-JLS-DFM | Date: October 05, 2022 |
| Title: Clifford Rosen et al v. Urban Commons LLC et al | |

of the Securities and Exchange Act, which prohibits the sale of unregistered securities. *See* 15 U.S.C. § 77e.

In short, taking all allegations as true that are not legal conclusions couched as facts, Plaintiffs do not make facially plausible allegations of misconduct by Birt as to the non-fraud claims.

### D. Amendment

Plaintiffs request that, should the Court grant Birt's motion, they be given leave to amend. (Opp. at 16-18.) The Court finds that the deficiencies in the Complaint could be cured by amendment, *see Livid Holdings*, 416 F.3d at 946, and therefore grants leave to amend.[2]

### IV. CONCLUSION

For the foregoing reasons, the Court GRANTS Birt's Motion to Dismiss. Plaintiffs are GRANTED LEAVE TO AMEND the pleading, correcting the deficiencies identified herein. Plaintiffs may not add claims or new defendants to their pleading. Any amended complaint shall be filed within **fourteen** days of the date of this Order. Plaintiffs' failure to timely file an amended complaint will result in the dismissal of Jason Birt from this action.

Initials of Deputy Clerk: vrv

---

[2] Plaintiffs also request to reopen discovery. (Opp. at 16-18.) This request is not properly before the Court; if Plaintiffs wish to reopen discovery, they must file a motion to do so and should address with specificity the factors the Ninth Circuit laid out in *City of Pomona v. SQM North America Corp*, 866 F.3d 1060, 1066 (9th Cir. 2017).