GARCIA RAINEY BLANK & BOWERBANK LLP
A LIMITED LIABILITY PARTNERSHIP
NORMA V. GARCIA, Cal. Bar No. 223512
ngarciaguillen@garciarainey.com
JEFFREY M. BLANK, Cal. Bar No. 217522
jblank@garciarainey.com
695 Town Center Drive, Suite 540
Costa Mesa, CA 92626
Telephone:   (714) 382-7002
Facsimile:    (714) 784-0031

Attorneys for Plaintiffs
Clifford A. Rosen, MD and Ronald A. Christensen, MD.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLIFFORD A. ROSEN, an individual; RONALD A. CHRISTENSEN, an individual<br><br>Plaintiff,<br><br>vs.<br><br>URBAN COMMONS, LLC, a Delaware Limited Liability Company; URBAN COMMONS 6TH AVE SEATTLE, LLC, a Delaware Limited Liability Company; URBAN COMMONS BATTERY PARK, LLC, a Delaware Limited Liability Company; CHICAGO ANALYTIC TRADING COMPANY, LLC, d/b/a LITTLERIVER CAPITAL, LLC, a Delaware Limited Liability Company; DIGITAL CAPITAL MARKETS, LLC, a Maryland Limited Liability Company; TAYLOR WOODS, an individual; HOWARD WU, an individual; C. BRIAN EGNATZ, an individual; and DOES 1 through 10, inclusive<br><br>Defendants | Case No. 8:20-cv-01973 JLS (DFMx)<br><br>**PLAINTIFFS CLIFFORD A. ROSEN AND RONALD A. CHRISTENSEN'S NOTICE OF MOTION AND MOTION TO ENFORCE THE SETTLEMENT AGREEMENT**<br><br>DATE:  May 5, 2023<br>TIME:  10:30 a.m.<br>CTRM: 8A<br>JUDGE: Hon. Josephine L. Staton<br><br>[Filed concurrently with Declaration of Norma V. Garcia] |

PLEASE TAKE NOTICE THAT on May 5, 2023 at 10:30 a.m., or as soon thereafter as this matter can be heard, in the courtroom of the Honorable Josephine L. Staton, United States Courthouse, 350 West 1st Street, Los Angeles, California, Plaintiffs Clifford A. Rosen and Ronald A. Christensen ("Plaintiffs") will move the Court for an order enforcing the Settlement Agreement agreed to in principle by the parties on February 23, 2023.  In the alternative, Plaintiffs seek the Court reset the Final Status Conference so the matter can be set for trial.

This motion is made on the grounds that the February 23, 2023 Settlement Agreement is binding and enforceable.

Defendant requests an evidentiary hearing, which would allow the oral examination of any witness pursuant to C.D. LOCAL RULE 7-6.  This motion is made following the Court's Order issued on March 6, 2023 directing Plaintiffs to file this Motion on or before March 20, 2023.  [Docket No. 317.]

This Motion is based on the attached Memorandum of Points and Authorities, the files and records in this action and such other and further evidence as may be presented at the time of the hearing on this matter.

DATED:  March 20, 2023

                    GARCIA RAINEY BLANK & BOWERBANK LLP

By     */s/ Norma V. Garcia*
       NORMA V. GARCIA
       JEFFREY M. BLANK
       Attorneys for Plaintiffs
       CLIFFORD A. ROSEN and RONALD A. CHRISTENSEN

-1-

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.
## INTRODUCTION

Plaintiffs seek a Court order enforcing a settlement agreement negotiated by the parties' counsel over the course of several months and agreed to by counsel following a court order that had rejected a conditional settlement agreement signed by all parties.

On February 15, 2023, the parties Plaintiffs Clifford A. Rosen ("Dr. Rosen") and Ronald A. Christensen ("Dr. Christensen", and, together with Dr. Rosen, "Plaintiffs") as well as Defendants Taylor Woods ("Woods"), Howard Wu ("Wu"), C.Brian Egnatz ("Egnatz"), and Jason Birt ("Birt" and, together with Woods, Wu and Egnatz, "Defendants") executed a Confidential Conditional Settlement Agreement ("Conditional Agreement") after months of negotiations. (Garcia Decl., Exh. A, Lodged Under Seal.) The Conditional Agreement required Court approval, as the dismissal of the complaint with prejudice would follow 91-days following the final payment under same due on July 31, 2023.

On February 21, 2023, however, this Court did not approve the Conditional Agreement because litigation would resume if there was a material breach and ordered the parties to either agree to stipulated judgments or appear for the Final Status Conference scheduled for February 24, 2023. (Docket No. 306.)

As a result, the Plaintiffs and Defendants, through counsel, further negotiated the terms of the settlement agreement. Because the parties had extensively negotiated the terms over the course of months, the parties' counsel focused on the Court's order and agreed to modify just the payment terms and default remedies, including the stipulated judgment per the Court's February 21, 2023 Order.

On February 23, 2023, the Defendants and Plaintiffs agreed on the terms. More specifically, the parties agreed to revise the payment terms of the previously negotiated Conditional Agreement, to include a specific payment timeline and a stipulated judgment in the event of a default against all Defendants including, Urban Commons Battery Park LLC and Urban Commons 6th Ave Seattle LLC. (Garcia Decl., Exh. B, Lodged Under Seal.)

On February 23, 2023, counsel for Wu and Egnatz prepared and filed a Notice of Settlement. (Garcia Decl., Exh. D, Lodged Under Seal; Docket No. 309.) In the Notice of Settlement, counsel for Wu and Egnatz represented that the parties had reached settlement but required additional time to revise and execute the long term agreement. (*Id.*)

On Monday, February 27, 2023, counsel for Defendants advised counsel for Plaintiffs that Defendant Egnatz reneged on the settlement agreement as it related to the stipulated judgment. (Garcia Decl., ¶ 9; Docket No. 311.) Counsel for Defendants made a series of proposals thereafter that were unacceptable to Plaintiffs. As a result, Plaintiffs filed its Notice that Defendants had reneged on the agreed upon terms, and asked this Court to reset the Final Status Conference. (Docket No. 311.) The Court instead issued its March 6, 2023 Order directing Plaintiffs to file the instant Motion seeking to enforce the settlement terms agreed upon by the parties on February 23, 2023.

The District Court has the equitable power to summarily enforce settlement agreements in pending cases. *Callie v. Near*, 829 F.2d 888, 890 (9th Cir. 1987). Consequently, Plaintiffs respectfully request that the Court find the settlement is fair, adequate, and reasonable, and enforce the parties' February 23, 2023 agreement. In the alternative, Plaintiffs respectfully request the Court reset the Final Status Conference as soon as the Court is available.

-3-

PLAINTIFFS CLIFFORD A. ROSEN AND RONALD A. CHRISTENSEN'S NOTICE OF MOTION AND MOTION TO ENFORCE THE SETTLEMENT AGREEMENT

## II.

## STATEMENT OF FACTS

### A. Plaintiffs Brought Claims Alleging Fraud and Securities Violations Against Defendants

Plaintiffs filed this action on or about October 13, 2020, as case no 8:20-cv-01973-JLS-DFM. Plaintiffs allege that the Defendants, among other things, failed to disclose and omitted material facts concerning Urban Commons, LLC, Taylor Woods, and Howard Wu in the offering of the membership interests. Defendants steadfastly deny all such allegations.

Plaintiffs further allege that the sale of the membership interests by the Defendants and its managers, members, and Advisory Board members constitutes the unlawful sale of unregistered securities not subject to an exemption from registration pursuant to the Securities Act of 1933. Likewise, the sales of membership interest subscriptions were sold in violation of the registration or qualification provisions of the securities laws of Arizona, California, and New York. Defendants steadfastly deny all such allegations.

As a result, on or about May 17, 2020, Plaintiffs issued a notice of rescission to the Urban Common Parties alleging, among other things, securities fraud. Defendants steadfastly deny all such allegations.

On March 8, 2022, Plaintiffs filed an Adversary Proceeding alleging fraud and securities fraud, among other things, against Howard Wu in the voluntary bankruptcy filed by Howard Wu in the Central District Bankruptcy Court, Case No. No. 2:22-ap-01061-ER (the "Wu Adversary Proceeding"). Defendants steadfastly deny all such allegations.

On October 27, 2022, Plaintiffs also filed an Adversary Proceeding alleging fraud and securities fraud, among other things, against Taylor Woods in the involuntary bankruptcy filed against Taylor Woods in the Central District

Bankruptcy Court, Case No. 2:22-ap-01195-ER (the "Woods Adversary Proceeding"). Defendants steadfastly deny all such allegations.

B.  **The Parties Reached a Settlement And Filed Notice of Settlement Following this Court's February 21, 2023 Order**

On February 15, 2023, the Plaintiffs and Defendants executed the Conditional Agreement including terms addressing avoidance bankruptcy issues and requiring Court approval.  Importantly, following the Court's disapproval of same on February 21, 2023, the parties agreed that the non-payment terms would remain the same but further negotiated the payment terms of the settlement and the default provisions to provide for stipulated judgment as to all Defendants.  The new material terms as to payment and default are as follows:

- Defendants shall pay [amount part of settlement agreement lodged under seal] to settle the dispute.
- [amount part of settlement agreement lodged under seal] monthly payments starting on April 1, 2023 with the last installment due on December 23, 2023 in the amount of [amount part of settlement agreement lodged under seal].
- Defendants would get 30 days to cure any default.
- Any failure to cure the default will result in a stipulated judgment in the amount of [amount part of settlement agreement lodged under seal] against all Defendants.

(Garcia Decl., Exh B, Lodged Under Seal.)

Additionally, the long-term critical terms negotiated in the Conditional Agreement would remain, including the avoidance language and conditional dismissal to be filed 91-days following the last payment received.  Indeed, counsel

-5-

for Plaintiffs and Defendants had planned on seeking a telephonic hearing from this Court to address this issue. (Garcia Decl., Exh. C, Lodged Under Seal.)

Importantly, Birt and Woods, although they do not have counsel of record in this matter, have been represented in the negotiations for months by attorney Brian Sullivan. Both Mr. Sullivan and counsel for Wu and Egnatz, Eric Bensamochan represented to counsel for Plaintiffs that they had the authority to bind their respective clients. Indeed, they both had their respective clients execute the Conditional Agreement. (Garcia Decl., Exh. A, Lodged Under Seal.) As a result, Mr. Bensamochan drafted and filed the Notice of Settlement on February 23, 2023.

## III.
## LEGAL ARGUMENT

The parties negotiated a valid and enforceable settlement agreement on February 23, 2023. Defendant Egnatz, however, purportedly had cold feet on a material term before the parties could finalize the revised long-form settlement agreement changing the payment terms and default terms.

Defendants cannot dispute that they entered into a settlement agreement on February 23, 2023. Indeed, their counsel drafted and filed the Notice of Settlement on the same date. Plaintiff respectfully requests that this court now enforce the parties' fair, adequate, and reasonable settlement and not permit Plaintiffs to renege on the enforceable and binding agreement.

**A.    Federal Law Governs the Enforceability Of The Settlement Agreement**

This court must look to federal law to assess the enforceability of the settlement agreement. *In re Suchy*, 786 F.2d 900, 902-903 (9th Cir. 1985) ("[I]t is well settled that a court has inherent power to enforce summarily a settlement agreement involving an action pending before it."); *McCovey v. Pacific Lumber Co.*, 1992 WL 228888 *3 (N.D. Cal 1992) ("As the Court has subject matter jurisdiction over this case due to the presence of federal questions, the enforceability of a

settlement must be determined by reference to federal law."). *Dacanay v. Mendoza*, 573 F.2d 1075, 1078 (9th Cir.1978) (citations omitted); *see also Callie v. Near*, 829 F.2d 888, 890 (9th Cir.1987) ("It is well settled that a district court has the equitable power to enforce summarily an agreement to settle a case pending before it."); *J & J Sports Productions, Inc. v. Chai*, No. 09-00450, 2010 WL 2991479, at *1 (E.D. Cal. July 28, 2010) ("If a dismissal is not final, a district court has continuing jurisdiction to enforce, modify or vacate the Settlement Agreement."); *Marrs v. Cox*, 1991 WL 54873, *2 (9th Cir. 1991) (Unpub. Disp.) ("A court has inherent power summarily to enforce a Settlement Agreement with respect to an action pending before it; the merits of the antecedent controversy become inconsequential."). "The authority of a trial court to enter a judgment enforcing a settlement agreement has as its foundation the policy favoring the amicable adjustment of disputes and the concomitant avoidance of costly and time consuming litigation." *Dacanay*, 573 F.2d at 1078 (citation omitted).  This court looks to federal law, rather than to state substantive law, because this case involves a federal question: the Securities Acts of 1933 and 1934.  *See id; Taylor v. Gordon Flesch Co.*, 793 F.2d 858 (7th Cir. 1986) (explaining that federal law governs the enforceability of settlements in Title VII actions, another federal statute) (citing *Lyles v. Commercial Lovelace Motors Freight, Inc.*, 684 F.2d 501, 504 (7th Cir. 1982)).

To be enforced, a settlement agreement must meet two requirements. First, it must be a complete agreement. *Gamble v. Synchrony Bank* (C.D. Cal., May 15, 2020, No. EDCV191229JGBSPX) 2020 WL 12991563, at *2; *Callie*, 829 F.2d at 890 (citing *Ozyagcilar v. Davis*, 701 F.2d 306, 308 (4th Cir. 1983)). This requires that the parties have reached agreement on all material terms. *Id*. at 891. Second, the parties "must have either agreed to the terms of the settlement or authorized their respective counsel to settle the dispute." *Marks-Foreman v. Reporter Pub. Co.*, 12 F. Supp. 2d 1089, 1092 (S.D. Cal. 1988) (citing *Harrop v. Western Airlines, Inc.*, 550

-7-

PLAINTIFFS CLIFFORD A. ROSEN AND RONALD A. CHRISTENSEN'S NOTICE OF MOTION AND MOTION TO ENFORCE THE SETTLEMENT AGREEMENT

F.2d 1143, 1144-45 (9th Cir.1977)); *Alipio v. Secretary of Army*, No. 94-00224, 1998 WL 231021, at *3 (N.D. Cal. May 1, 1998).

B. **Email Communications Setting Forth The Agreeable Terms Is An Enforceable Settlement Agreement**

E-mail communications can create an enforceable settlement agreement between the parties provide all elements of a contract are present. *Gamble v. Synchrony Bank* (C.D. Cal., May 15, 2020, No. EDCV191229JGBSPX) 2020 WL 12991563, at *3 (finding the e-mails created an enforceable settlement agreement between the parties' counsel).

Defendants will likely allege that they did not execute a long-form agreement making the settlement agreement unenforceable. But, the Defendants agreed to all long-term terms in the Conditional Agreement and then fully negotiated and, through their counsel, agreed to the revised payment and default terms, inclusive of a stipulated judgment. As in *Gamble*, the Defendants agreed to the terms through their counsel and are bound by same.

Additionally, Defendants' counsel drafted, finalized and submitted the Notice of Settlement on February 23, 2023, following the agreement on the revised payment and default terms.

Accordingly, this Court should enforce the long-form Conditional Agreement terms with the new payment terms, allowing for the conditional dismissal to ensure avoidance or bankruptcy does not render the settlement agreement meaningless.

-8-

PLAINTIFFS CLIFFORD A. ROSEN AND RONALD A. CHRISTENSEN'S NOTICE OF MOTION AND MOTION TO ENFORCE THE SETTLEMENT AGREEMENT

C. **A Settlement Agreement Signed By Counsel Of The Parties May Still Be Enforced Even If All Of The Parties Did Not Sign That Agreement**

Federal policy favors settlement as the means for dispute resolution. *See e.g., Bianchi v. Perry*, 140 F.3d 1294, 1297 (9th Cir. 1998)("[T]here is a compelling public interest and policy in upholding and enforcing settlement agreements voluntarily entered into."); *Bennett v. Beahring Corp.*, 737 F.2d 982, 986 (11th Cir. 1984). For this reason, federal law does not require certain formalities of the settlement such as a written agreement or an agreement signed by the parties. *See e.g. Allen v. Alabama State Board of Education*, 612 F. Supp. 1046, 1053 (M.D. Ala. 1985) *reversed on other grounds by*, 804 F.2d 1227 (11th Cir. 1986), which was *vacated, reversed and remanded by* 816 F.2d 575 (11th Cir. 1987). Nor does federal law require an attorney have any written authority to enter into a settlement; but rather, the attorney must have authority that is either express or apparent. *Mid-south Towing Co. v. Har-win, Inc.*, 733 F.2d 386, 391 (5th Cir. 1984). Therefore, a settlement agreement may be enforced against a party even if that party has not signed the agreement when the party's attorney had actual, implied, or apparent authority to enter into the settlement. *See Greater Kansas City Laborers Pension Fund v. Paramount Indus., Inc.*, 829 F.2d 644, 646 (8th Cir. 1987). The party who claims that his/her counsel was not authorized to enter into the settlement has a heavy burden to prove that lack of authorization. *Id.*

To the extent that Defendants claim they are not bound by the settlement agreement because they did not sign the long-form agreement, they have a heavy burden to prove that lack of authorization. *Id.* In *Taylor*, the court applied federal common law to uphold an oral settlement agreement, finding that federal common law does not require a formalized written settlement agreement to be enforceable. In contrast, the validity of the settlement agreement in the instant case is even more formalized and clear than the agreement in *Taylor*. Here, Defendants

-9-

PLAINTIFFS CLIFFORD A. ROSEN AND RONALD A. CHRISTENSEN'S NOTICE OF MOTION AND MOTION TO ENFORCE THE SETTLEMENT AGREEMENT

executed the Conditional Agreement and then agreed to revise only the payment and default terms following this Court's February 21, 2023 Order.  In addition, Wu's and Egnatz's counsel drafted and filed a formal Notice of Settlement that the parties filed with the Court.  Thus, Defendants' counsel represented to the Court that the parties reached a settlement of this action.

## IV.
## <u>CONCLUSION</u>

Defendants and their counsel entered into a binding, valid, and enforceable settlement agreement on February 23, 2023.  For the foregoing reasons, Plaintiffs respectfully request that this Court enforce and approve this settlement agreement. In the alternative, Plaintiffs respectfully request this Court reset the Final status Conference as soon as convenient for this Court.

DATED:  March 20, 2023

                          GARCIA RAINEY BLANK & BOWERBANK LLP

                          By     */s/ Norma V. Garcia*
                                  NORMA V. GARCIA
                                  JEFFREY M. BLANK

                                  Attorneys for Plaintiffs
                         CLIFFORD A. ROSEN and RONALD A. CHRISTENSEN

# PROOF OF SERVICE

I, Ashish Verma, state:

I am employed in the County of Orange, State of California. My business address is 695 Town Center Drive, Suite 540, Costa Mesa, CA 92626. I am over the age of eighteen years and not a party to this action.

On March 20, 2023, I served true copies of the following document(s) described as **PLAINTIFFS CLIFFORD A. ROSEN AND RONALD A. CHRISTENSEN'S NOTICE OF MOTION AND MOTION TO ENFORCE THE SETTLEMENT AGREEMENT** on the interested parties in this action as follows:

Eric Bensamochan
Bensamochan Law Firm Inc
9025 Wilshire Boulevard Suite 215
Beverly Hills, CA 90211
Email: eric@eblawfirm.us
**Counsel for Defendant C. Brian Egnatz**

**X BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on March 20, 2023, at Lake Forest, California.

*/s/ Ashish V.*
_____
Ashish Verma

PLAINTIFFS CLIFFORD A. ROSEN AND RONALD A. CHRISTENSEN'S NOTICE OF MOTION AND MOTION TO ENFORCE THE SETTLEMENT AGREEMENT