1  GARCIA RAINEY BLANK & BOWERBANK LLP
      A LIMITED LIABILITY PARTNERSHIP
2  NORMA V. GARCIA, Cal. Bar No. 223512
   ngarciaguillen@garciarainey.com
3  JEFFREY M. BLANK, Cal. Bar No. 217522
   jblank@garciarainey.com
4  695 Town Center Drive, Suite 540
   Costa Mesa, CA 92626
5  Telephone:    (714) 382-7002
   Facsimile:    (714) 784-0031
6
   Attorneys for Plaintiffs
7  Clifford A. Rosen, MD and Ronald A. Christensen, MD.

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10

11  CLIFFORD A. ROSEN, an individual;      **Case No. 8:20-cv-01973 JLS (DFMx)**
12  RONALD A. CHRISTENSEN, an
    individual                             **PLAINTIFFS CLIFFORD A.**
13                   Plaintiff,            **ROSEN AND RONALD A.**
                                           **CHRISTENSEN'S REPLY IN**
14          vs.                            **SUPPORT OF MOTION TO**
                                           **ENFORCE THE SETTLEMENT**
15  URBAN COMMONS, LLC, a                  **AGREEMENT**
    Delaware Limited Liability Company;
16  URBAN COMMONS 6TH AVE                  DATE:  May 5, 2023
    SEATTLE, LLC, a Delaware Limited       TIME:  10:30 a.m.
17  Liability Company; URBAN               CTRM: 8A
    COMMONS BATTERY PARK, LLC,             JUDGE: Hon. Josephine L. Staton
18  a Delaware Limited Liability Company;
    CHICAGO ANALYTIC TRADING
19  COMPANY, LLC, d/b/a
    LITTLERIVER CAPITAL, LLC, a
20  Delaware Limited Liability Company;
    DIGITAL CAPITAL MARKETS, LLC,
21  a Maryland Limited Liability Company;
    TAYLOR WOODS, an individual;
22  HOWARD WU, an individual; C.
    BRIAN EGNATZ, an individual; and
23  DOES 1 through 10, inclusive

24                   Defendants

25

26

27

28

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### INTRODUCTION

Plaintiffs Clifford A. Rosen ("Dr. Rosen") and Ronald A. Christensen ("Dr. Christensen", and, together with Dr. Rosen, "Plaintiffs") respectfully request the Court enforce the Settlement Agreement as set forth in their moving papers.  In their Opposition (Docket No. 326) Defendants Howard Wu ("Wu") and Brian Egnatz ("Egnatz") ask this Court to ignore their counsel's written confirmation they agreed to the material terms of the settlement agreement, specifically the stipulated judgment.  Wu and Egnatz also ask this Court to ignore that following their confirmation of agreement to the settlement terms, it was counsel for Wu and Egnatz who drafted and filed the Notice of Settlement.

Conveniently, Wu and Egnatz also ignore and fail to address the authority submitted by Plaintiffs' finding this Court has authority to enforce settlement agreements reached in principle and confirmed by their counsel in email correspondence.  *Gamble v. Synchrony Bank* (C.D. Cal., May 15, 2020, No. EDCV191229JGBSPX) 2020 WL 12991563, at *3 (finding the e-mails created an enforceable settlement agreement between the parties' counsel).  Instead, Wu and Egnatz rely entirely on California Code of Civil Procedure section 664.6 in contending this Court does not have the power to enforce the settlement agreement here.  Their reliance is misplaced as "compliance with section 664.6 is not the only way to establish an enforceable settlement agreement. For one, federal courts have inherent equitable power to enforce settlement agreements." *Id*. at 5.

1  Indeed, nothing in the Wu and Egnatz Opposition or supporting

2 declarations support their position that the parties did not agree on the settlement

3 agreement.  They concede that a long-form agreement (with material terms) had

4 been previously executed.  In fact, the only key additional material provision that

5 had to be addressed was whether a stipulated judgment would be agreed to by *all*

6 Defendants in response to this Court's Order.  (Docket No. 306.)  They agreed.

7 They confirmed this in an email.  Then their counsel drafted and filed the Notice of

8 Settlement.  Simply put, Egnatz, Wu, Jason Birt[1] and Taylor Woods agreed to a

9 stipulated judgment.  They cannot now claim otherwise.

10  That Wu and Egnatz had a change of heart after agreeing to the

11 stipulated judgment does not change the fact that—but for their confirmation of that

12 material term—the parties would ***not*** have submitted a Notice of Settlement and

13 would have instead appeared for the Final Status Conference ("FSC") on February

14 24, 2023. Plaintiffs relied on their written confirmation and the Notice of Settlement

15 in agreeing to jointly submit the Notice of Settlement.

16  The District Court has the equitable power to summarily enforce

17 settlement agreements in pending cases.  *Callie v. Near*, 829 F.2d 888, 890 (9th Cir.

18 1987).  Consequently, Plaintiffs respectfully request that the Court find the

19 settlement is fair, adequate, and reasonable, and enforce the parties' February 23,

20 2023 agreement.  In the alternative, Plaintiffs respectfully request the Court reset the

21 Final Status Conference as soon as the Court is available.

---

[1] Birt's Joinder in the Opposition should be stricken in its entirety as it is entirely based on unfounded hearsay.  Counsel is testifying without properly laying foundation or setting forth how he has personal knowledge of the facts alleged in same.  (Docket No. 327.)

## II.

## **LEGAL ARGUMENT**

The parties negotiated a valid and enforceable settlement agreement on February 23, 2023.  Egnatz acknowledges this throughout his opposition.

"[The parties] "believed that a final, more definite settlement was reached." [Docket No. 326, Opposition at p. 2, lns. 17-18].

"Egnatz represented that the parties had reached settlement…." [*Id*., at p. 2, ln. 21.]

"Counsel for the Defendants believed that a new deal had been struck…." [*Id*., at p. 3, ln. 13.]

Egnatz, citing to *Callie v. Near*, 829 F.2d 888, 890 (9th Cir. 1987), recognizes in his Opposition that a district court has equitable power to summarily enforce an agreement to settle. [Docket No. 326, Opposition at p. 4, lns. 1-5.] Yet, Egnatz then solely relies on California Code of Civil Procedure Section 664.6 in arguing that because the litigants did not sign the agreement personally or stipulate orally before the Court, the agreement is unenforceable. [Docket No. 326, Opposition at p. 6, lns. 6-7, 23-26; p. 7, lns. 13-20.]

Defendant "is correct that compliance with section 664.6 is one way to establish an enforceable settlement agreement …. However, compliance with section 664.6 is not the only way to establish an enforceable settlement agreement." *Gamble, supra*, 2020 WL 12991563, at *5. Plaintiffs relied on *Gamble* in their moving papers [Docket No. 321, Motion at p. 8, lns. 6-16], yet, not surprisingly, Egnatz, in his Opposition, completely ignores this case and the principles cited therein. While acknowledging the Court has equitable power to enforce the settlement agreement, Egnatz solely analyzes California Code of Civil Procedure 664.6, implicitly implying this is the only

-3-

1   means through which the Court can exercise its equitable powers. This is

2   wrong.

3   **A.**      **The District Court Can Rely On Federal Law In Enforcing A Settlement**

4           **Agreement.**

5           California Code of Civil Procedure Section 664.6 "creates an alternative

6   procedure for the enforcement of certain settlement agreements, but does

7   not replace other means of enforcing a settlement contract." *Walter v. W. Indus. Inc.*,

8   No. SACV131503JLSANX, 2015 WL 12765552, at *2 (C.D. Cal. Mar. 25, 2015).

9   Section 664.6 "appears to do nothing more than provide a streamlined method for

10  reducing a settlement to judgment." *Kilpatrick v. Beebe*, 219 Cal.App.3d 1527, 1529

11  (1990). Even if there is not compliance with Section 664.6 because "no writing was

12  signed by the parties and no settlement was entered into orally before the Court[,]

13  pursuant to its equitable powers, the Court may still enforce a complete settlement

14  entered into by the parties. *Walter, supra*, 2015 WL 12765552, at *2, citing *Callie*,

15  *supra*, 829 F.2d at 890.

16          In exercising its equitable powers, the Court can rely on federal law.

17  *McCovey v. Pacific Lumber Co.*, 1992 WL 228888 *3 (N.D. Cal 1992) ("As the

18  Court has subject matter jurisdiction over this case due to the presence of federal

19  questions, the enforceability of a settlement must be determined by reference to

20  federal law."); *see also Taylor v. Gordon Flesch Co.*, 793 F.2d 858 (7th Cir. 1986)

21  (explaining that federal law governs the enforceability of settlements in Title VII

22  actions, another federal statute) (citing *Lyles v. Commercial Lovelace Motors*

23  *Freight, Inc.*, 684 F.2d 501, 504 (7th Cir. 1982)).

24          Under federal law, "[e]ven without a signed writing, an enforceable

25  settlement is established so long as the moving party demonstrates that the parties

26  intended to be bound in the absence of a fully executed agreement." *Gamble, supra*,

27  2020 WL 12991563, at *6.

28

-4-

Such intent can be manifested through counsel. *Marks-Foreman v. Reporter Pub. Co.*, 12 F. Supp. 2d 1089, 1092 (S.D. Cal. 1988) (citing *Harrop v. Western Airlines, Inc.*, 550 F.2d 1143, 1144-45 (9th Cir.1977)); *Alipio v. Secretary of Army*, No. 94-00224, 1998 WL 231021, at *3 (N.D. Cal. May 1, 1998). Federal law does not require an attorney to have any written authority to enter into a settlement; such authority need be apparent only. *Mid-south Towing Co. v. Har-win, Inc.*, 733 F.2d 386, 391 (5th Cir. 1984). Therefore, a settlement agreement may be enforced against a party even if that party has not signed the agreement when the party's attorney had actual, implied, or apparent authority to enter into the settlement. *See Greater Kansas City Laborers Pension Fund v. Paramount Indus., Inc.*, 829 F.2d 644, 646 (8th Cir. 1987). The party who claims that his/her counsel could not enter into the settlement has a heavy burden to prove that lack of authorization. *Id.*

Egnatz does not argue that his counsel lacked authority to settle the dispute nor does he argue that his counsel did not settle the dispute. [Docket No. 326, Opposition at p. 2, lns. 17-18, 21; p. 3, ln. 13.] As such, this Court can and should apply federal law to enforce the parties' settlement agreement.

**B.    The Settlement Agreement Is Enforceable Under California Law.**

     **1.    Email Communications Between Counsel Can Bind Parties Under California Law.**

In *Gamble*, *supra*, the case relied on by Plaintiffs in their moving papers and ignored by Egnatz in his Opposition, the district court explained that "even assuming state law applies rather than the Court's equitable powers, the parties clearly manifested an intent to be bound by the settlement agreement." 2020 WL 12991563, at *5. As the *Gamble* court explained, email communications, without a signed written agreement, can create a binding settlement agreement under California law, finding that "under California law, Trans Union has submitted sufficient evidence that the parties "'intended to be bound [ ] in the absence of a

fully executed agreement.' *Karubian*, 2018 WL 10517183, at *5 (C.D. Cal. Oct. 17, 2018) (internal quotations omitted); *see also Joao Control & Monitoring Sys.*, 2012 WL 13018363, at *2 (finding sufficient intent to be bound where attorneys acting with authorization agreed to unsigned settlement via e-mail); *J.B.B. Inv. Partners Ltd. v. Fair*, 37 Cal. App. 5th 1, 11 (2019), as modified (July 1, 2019), review denied (Oct. 9, 2019) (finding that "[t]he plain language of [e-mails between the parties' attorneys] demonstrate[d], as a matter of law, the existence of a settlement agreement between the parties" despite unsigned nature of the agreement)." *Gamble, supra*, 2020 WL 12991563, at *5.

Thus, even if this Court relied on state law rather than the Court's equitable powers, powers that Egnatz has conceded the Court has, the settlement agreement is still enforceable. [Docket No. 326, Opposition at p. 3, lns. 3-13.]

As noted, the Opposition erroneously relies on a faulty implicit assumption that the settlement agreement can be enforced only under California Code of Civil Procedure 664.6. Egnatz solely relies on cases analyzing California Code of Civil Procedure 664.6 and even mischaracterizes those cases.

Indeed, Egnatz, under a section entitled "The Parties Could Not Agree Through Counsel," relies on one case and states that "[t]he court in *Carcamo* recognized that under *Cal. Code Civ. Proc.* § 664, the agreement must be either signed and in writing by the parties made outside the presence of the court, or orally before the court for the court." [Docket No. 326, Opposition at p. 7, lns. 17-20.] Yet, this is not what the court said in *Carcamo*. In fact, the district court, citing to *Marks-Foreman v. Reporter Pub. Co.*, 12 F.Supp.2d 1089, 1092 (S.D. Cal. 1988), a case relied on by Plaintiffs in their motion [Docket No. 321, Motion at p. 7 lns. 24-26], explained that "the parties 'must have either agreed to the terms of the settlement *or authorized their respective counsel to settle the dispute*." *Carcamo v. Vacation Interval Realty Inc.,* 2014 WL 12576802, at *2 (C.D. Cal. Aug. 19, 2014),

emphasis added. Thus, while Egnatz's header in the Opposition is that the parties cannot agree to settle through their counsel, the one case relied on by Egnatz in the section holds exactly the opposite.

Further, the settlement agreement in *Carcamo*, reached at a court ordered settlement conference, was enforced under Section 664.6, but of course the court did not say that Section 664.6 was the only means to enforce a settlement agreement. *Id*. at *3.

Similarly, Egnatz's reliance on *Finney v. Ford Motor Co*., 2018 WL 5879730, at *1 (N.D. Cal. Nov. 7, 2018) is also misplaced, because the court was interpreting a settlement agreement reached at a mediation which included a Section 664.6 enforceability provision.

In sum—the law is crystal-clear—counsel can bind parties to settlement agreements if counsel was authorized by their client to settle the dispute. That was the case here and this has not been disputed.

### 2.   The Settlement Agreement Was Complete.

The only argument, unrelated to the faulty reliance on Section 664.6, appears in two conclusory sentences. In arguing that the settlement agreement was not complete, Egnatz states: "In this case the parties were still negotiating the final terms of the settlement agreement when the deal fell apart. The settlement agreement provided for default provisions which were unacceptable to a number of the Defendants." [Docket No. 326, Opposition at p. 8, lns. 5-7.] Egnatz does not identify the mysterious "final terms" that were being negotiated or even state that the agreement reached was incomplete nor does he contend that his counsel did not have authority to enter the agreement nor does he even contend that he did not

1   intend to be bound by it when it was consummated. Any such contentions would be

2   belied by other portions of the Opposition.

3        "[The parties] "believed that a final, more definite settlement was

4   reached." [Docket No. 326, Opposition at p. 2, lns. 17-18].

5        "Egnatz represented that the parties had reached settlement…."

6   [*Id.*, at p. 2, ln. 21.]

7        "Counsel for the Defendants believed that a new deal had been

8   struck…." [*Id.*, at p. 3, ln. 13.]

9        While Egnatz, in his Opposition states that "Defendants do not

10  completely agree" with Plaintiffs' characterization that "Defendants had

11  reneged on the agreed upon terms[,]" Egnatz then confirms that is exactly

12  what happened by stating that after "[c]ounsel for the Defendants believed

13  that a new deal had been struck" and "after the Notice of Settlement was

14  filed[,]" Defendants realized and fully understood the implications of a

15  Stipulated Judgment against them." [Docket No. 326, Opposition at p. 3, lns.

16  13, 17-18.].

17       The terms of the settlement agreement were complete and included

18  default provisions to provide for stipulated judgment as to all Defendants.

19  Apparently, the agreed upon default provisions, upon further reflection, were

20  unacceptable to some of the Defendants. Simply put, the Defendants reneged

21  on the agreed upon terms of a complete agreement because they had cold feet.

22  Needless to say, Egnatz does not cite any case law recognizing a cold-feet

23  defense.

PLAINTIFFS CLIFFORD A. ROSEN AND RONALD A. CHRISTENSEN'S REPLY ISO MOTION TO ENFORCE THE SETTLEMENT AGREEMENT

As such, the settlement agreement is enforceable under California law as an alternative basis.

### III.

### CONCLUSION

Defendants and their counsel entered into a binding, valid, and enforceable settlement agreement on February 23, 2023.  Defendants essentially concede to all the facts and simply rely on an erroneous premise that to be enforceable, the parties had to sign the agreement per California Code of Civil Procedure Section 664.6. However, Section 664.6 is not the exclusive means to enforce a settlement agreement. The Court has equitable powers and can apply federal law. Under federal law, the email agreement between counsel is enforceable. Even under California law, irrespective of Section 664.6, the email agreement between counsel is also enforceable. For the foregoing reasons, Plaintiffs respectfully request that this Court enforce and approve this settlement agreement. In the alternative, Plaintiffs respectfully request this Court reset the Final status Conference as soon as convenient for this Court.


DATED:  April 21, 2023

GARCIA RAINEY BLANK & BOWERBANK LLP


By    /s/ Norma V. Garcia
NORMA V. GARCIA
JEFFREY M. BLANK

Attorneys for Plaintiffs
CLIFFORD A. ROSEN and RONALD A. CHRISTENSEN

PLAINTIFFS CLIFFORD A. ROSEN AND RONALD A. CHRISTENSEN'S REPLY ISO MOTION TO ENFORCE THE SETTLEMENT AGREEMENT

1

## **PROOF OF SERVICE**

2

I, Ashish Verma, state:

3

I am employed in the County of Orange, State of California.  My business address is 695 Town Center Drive, Suite 540, Costa Mesa, CA 92626.  I am over the age of eighteen years and not a party to this action.

4

5

6

On April 21, 2023, I served true copies of the following document(s) described as **PLAINTIFFS CLIFFORD A. ROSEN AND RONALD A. CHRISTENSEN'S REPLY IN SUPPORT OF MOTION TO ENFORCE THE SETTLEMENT AGREEMENT** on the interested parties in this action as follows:

7

8

9

Eric Bensamochan
Bensamochan Law Firm Inc
9025 Wilshire Boulevard Suite 215
Beverly Hills, CA 90211
Email: eric@eblawfirm.us
***Counsel for Defendant C. Brian Egnatz***

10

11

12

13

**X BY CM/ECF NOTICE OF ELECTRONIC FILING:**  I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.  Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

14

15

16

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

17

18

Executed on April 21, 2023, at Lake Forest, California.

19

20

_____
Ashish Verma

21

22

23

24

25

26

27

28

-i-

PLAINTIFFS CLIFFORD A. ROSEN AND RONALD A. CHRISTENSEN'S REPLY ISO MOTION TO ENFORCE THE SETTLEMENT AGREEMENT