Name  Daniel King

Address  3435 Wilshire Blvd, Ste 1111

City, State, Zip  Los Angeles, CA 90010

Phone  (213)880-2723

Fax

E-Mail  djyking@gmail.com

☐ FPD   ☐ Appointed   ☐ CJA   ☐ Pro Per   ☒ Retained

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Clifford Rosen et al. | CASE NUMBER: |
| PLAINTIFF(S), | 8:20-CV-01973-JLS-DFM |
| v. | |
| Urban Commons, LLC et al. | **NOTICE OF APPEAL** |
| DEFENDANT(S). | (Filing Fee previously paid on July 7, 2023) |

NOTICE IS HEREBY GIVEN that _____ Taylor Woods and Jason Birt _____ hereby appeals to

*Name of Appellant*

the United States Court of Appeals for the Ninth Circuit from:

## Criminal Matter

☐ Conviction only [F.R.Cr.P. 32(j)(1)(A)]
☐ Conviction and Sentence
☐ Sentence Only (18 U.S.C. 3742)
☐ Pursuant to F.R.Cr.P. 32(j)(2)
☐ Interlocutory Appeals
☐ Sentence imposed:

☐ Bail status:

## Civil Matter

☒ Order (specify):
Amendment to Order Granting Plaintiffs'
Motion to Enforce Settlement Agreement

☐ Judgment (specify):

☐ Other (specify):

Imposed or Filed on _____.  Entered on the docket in this action on June 8, 2023 _____.

A copy of said judgment or order is attached hereto.

June 7, 2023 _____

Date

Signature _____

☐ Appellant/ProSe   ☒ Counsel for Appellant   ☐ Deputy Clerk

**Note:**  The Notice of Appeal shall contain the names of all parties to the judgment or order and the names and addresses of the attorneys for each party.  Also, if not electronically filed in a criminal case,  the Clerk shall be furnished a sufficient number of copies of the Notice of  Appeal to permit prompt compliance with the service requirements of FRAP 3(d).

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT
## Form 6. Representation Statement

*Instructions for this form:* http://www.ca9.uscourts.gov/forms/form06instructions.pdf

**Appellant(s)** *(List **each** party filing the appeal, do not use "et al." or other abbreviations.)*

Name(s) of party/parties:

Jason Birt and Taylor Woods

Name(s) of counsel (if any):

Daniel King

Address: 3435 Wilshire Blvd, Ste 1111, Los Angeles, CA 90010

Telephone number(s): (213)880-2723

Email(s): djyking@gmail.com

Is counsel registered for Electronic Filing in the 9th Circuit?   ⦿ Yes   ○ No

**Appellee(s)** *(List only the names of parties and counsel who will oppose you on appeal. List separately represented parties separately.)*

Name(s) of party/parties:

Ronald A. Christensen

Name(s) of counsel (if any):

Norma V. Garcia

Garcia Rainey Blank and Bowerbank LLP

Address: 695 Town Center Dr., Ste 700, Costa Mesa, CA 92626

Telephone number(s): (714)383-7000

Email(s): ngarciaguillen@garciarainey.com

*To list additional parties and/or counsel, use next page.*

*Feedback or questions about this form? Email us at* forms@ca9.uscourts.gov

Continued list of parties and counsel: *(attach additional pages as necessary)*

**Appellants**

Name(s) of party/parties:

Clifford A. Rosen

Name(s) of counsel (if any):

Norma V. Garcia

Address: 695 Town Center Dr., Ste 700, Costa Mesa, CA 92626

Telephone number(s): (714)382-7000

Email(s): ngarciaguillen@garciarainey.com

Is counsel registered for Electronic Filing in the 9th Circuit?   ⦿ Yes   ○ No

**Appellees**

Name(s) of party/parties:

Name(s) of counsel (if any):

Address:

Telephone number(s):

Email(s):

Name(s) of party/parties:

Name(s) of counsel (if any):

Address:

Telephone number(s):

Email(s):

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

**Form 6**                                  *2*                           *New 12/01/2018*

JS-6

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:20-cv-01973-JLS-DFM                                Date: June 08, 2023
Title:  Clifford Rosen et al v. Urban Commons, LLC et al

Present:  **HONORABLE JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

        V.R. Vallery                                                N/A
        Deputy Clerk                                          Court Reporter

   Attorneys Present for Plaintiffs:              Attorneys Present for Defendants:

        Not Present                                        Not Present

**PROCEEDINGS:   (IN CHAMBERS) AMENDMENT TO ORDER GRANTING
                 PLAINTIFFS' MOTION TO ENFORCE SETTLEMENT
                 AGREEMENT (DOC. 330); ORDER DISMISSING ACTION
                 AND RETAINING JURISDICTION TO ENFORCE
                 SETTLEMENT AGREEMENT**

        In its Order issued May 10, 2023, the Court Ordered Plaintiffs to file a proposed
judgment consistent with the terms of the Order.  (*See* Doc. 330 at 9.)  Plaintiffs have
done so.  (*See* Docs. 332, 333.)  Upon consideration, the Court finds that issuing a
judgment at this juncture would be premature and vacates the portion of its May 10 Order
requiring the submission of a proposed judgment.  The Court's May 10 Order fully
disposes of this action pursuant to the terms of the Settlement Agreement reached by the
parties.  Accordingly, the action is DISMISSED.  The Court retains jurisdiction to
enforce the Settlement Agreement in the event that it is breached, consistent with the
terms set forth in the Court's May 10 Order.  *See K.C. ex rel. Erica C. v. Torlakson*, 762
F.3d 963, 967 (9th Cir. 2014).  Such enforcement may include entry of judgment
pursuant to the stipulated judgment provision of the Settlement Agreement.

                                                Initials of Deputy Clerk: vrv

_____

**CIVIL MINUTES – GENERAL**                                              **1**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## <mark>UNDER SEAL</mark>
### CIVIL MINUTES – GENERAL

Case No.  8:20-cv-01973-JLS-DFM                    Date: May 10, 2023
Title:  Clifford Rosen et al v. Urban Commons, LLC et al

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

_____V.R. Vallery_____              _____N/A_____
Deputy Clerk                               Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFF:   ATTORNEYS PRESENT FOR DEFENDANTS:

Not Present                                 Not Present

**PROCEEDINGS:   (IN CHAMBERS)  ORDER GRANTING PLAINTIFFS'
                  MOTION TO ENFORCE SETTLEMENT AGREEMENT (Doc.
                  321)**

    Before the Court is Plaintiffs Clifford Rosen and Ronald Christensen's Motion to
Enforce Settlement Agreement.  (Mot., Doc. 321).  Defendants C. Brian Egnatz and
Howard Wu opposed, and Defendants Jason Birt and Taylor Woods moved to join in the
opposition.  (Opp., Doc. 326; Mot. for Joinder, Doc. 327.)  Plaintiffs replied.  (Reply,
Doc. 328.)  The Court held a hearing on both Motions on May 5, 2023.[1]  Having
considered the papers and the parties' arguments, and for the reasons herein, the Court
now GRANTS the Motion.

## I.    BACKGROUND

    Plaintiffs Clifford Rosen and Ronald Christensen brought the instant action on
October 13, 2020.  (Doc. 1.)  Plaintiffs allege that Defendants misled them into investing
$750,000 in January and March of 2020.  (Third Amended Complaint ("TAC", Doc. 281
¶ 1.)  Their claims include violations of federal and California securities law, actual and
constructive fraud, and intentional and negligent misrepresentation.  (*Id.* ¶ 2.)

_____
[1] Counsel for Defendants Birt and Woods did not appear at the hearing.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

<mark>UNDER SEAL</mark>
**CIVIL MINUTES – GENERAL**

Case No.  8:20-cv-01973-JLS-DFM                    Date: May 10, 2023
Title:  Clifford Rosen et al v. Urban Commons, LLC et al

Relevant to the motion at hand, on December 16, 2022, the parties filed a joint Stipulation to Continue the Final Status Conference stating "[t]he Parties have entered into settlement discussions and have reached an agreement in principal [*sic*] and will require some additional time to document the settlement." (Doc. 297 at 2.)  The Court granted the continuance. (*See* Doc. 300.)  On February 15, 2023, the parties signed a Conditional Settlement Agreement and Mutual Release providing for settlement of the case. (*See* Doc. 322-1.)  On February 16, 2023, the parties filed a stipulation to stay the case pending the fulfillment of settlement terms. (Doc. 305.)  The Court denied the stipulation on February 21, stating:

> The Court finds that this conditional agreement is not
> sufficiently definite; the Court has already continued the Final
> Pretrial Conference once because the parties represented that
> they had reached an agreement in principle to settle.  The
> Court will not continue to postpone litigation of this case in
> the absence of a definite settlement. If the parties are able to
> reach a *final* settlement agreement (*i.e.*, one that provides for
> stipulated entry of judgment in a certain amount in the event
> the condition precedent is not met, but that does not leave this
> case open for further litigation), the parties may file a Notice
> of Settlement in advance of the Final Pretrial Conference on
> February 24.

(Doc. 306 at 1-2 (citations omitted).)

Following the Court's Order, the parties exchanged emails about altering the settlement agreement to provide for stipulated judgment and about filing a notice of settlement. (*See* Docs. 322-2, 322-3, 322-4.)  Three sets of attorneys participated in the emails: Norma Garcia, who is counsel for the Plaintiffs; Eric Bensamochan, counsel for Defendants Wu and Egnatz; and Brian Sullivan with the firm Werb & Sullivan, who has not appeared in this case, but who was apparently representing Defendants Birt and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

<mark>UNDER SEAL</mark>
**CIVIL MINUTES – GENERAL**

Case No.  8:20-cv-01973-JLS-DFM                    Date: May 10, 2023
Title:  Clifford Rosen et al v. Urban Commons, LLC et al

Woods[2] in the settlement negotiations.  (*See id.*)  On February 22, Bensamochan sent a draft to Garcia and Sullivan.  (Doc. 322-2 at 6.)  Sullivan replied "Can you please change J Birt to Pro Se."  (*Id.* at 5.)  Garcia replied, stating that her clients were frustrated and setting forth the terms she said her clients wanted, including stipulated judgment.  (*Id.*)  Sullivan responded that "[t]he important reason for the modification of the payment schedule is that all Defendants are *agreeing to the Stipulated Judgment*, and waiving their defenses to the action."  (*Id.* at 3-4.)  He went on, setting forth four terms modifying the initial settlement agreement in exchange for agreeing to the stipulated judgment:

1. <mark>We please need to keep the payments limited to $50K per month, for the reason stated above.  This was a collective decision</mark>
2. <mark>Defendants will agree to a 30 day time for cure</mark>
3. <mark>Defendants will agree to increase the Stipulated Judgment to $625K, but cannot go any higher.  This was also a collective decision.</mark>
4. <mark>All Defendants will agree to the Stipulated Judgment under these terms.</mark>

(*Id.* at 4.)  Sullivan continued, "[p]lease remind your Clients that the Defendants have quickly made and agreed to these demanding changes in less than one day, in order to keep this Settlement on track.  We hope that your Clients will do the same in return." (*Id.*)  On February 23, Bensamochan emailed to ask whether the Plaintiffs agreed to the terms laid out in Sullivan's email, saying "[i]f so, I will draft a notice of settlement and get it filed along with a request to put off the FSC for 15 days to allow time to finalize the draft and gather signatures."  (*Id.* at 1.)  Garcia replied:

<mark>To be clear, here are the agreed upon terms:</mark>

---

[2] As of April 14, 2023, Birt and Woods are represented by attorney Jason Robert Smith.  (*See* Mot. for Joinder at 5.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**UNDER SEAL**
**CIVIL MINUTES – GENERAL**

Case No.  8:20-cv-01973-JLS-DFM                        Date: May 10, 2023
Title:  Clifford Rosen et al v. Urban Commons, LLC et al

1. $50k per month staring [*sic*] April 1st until the full $425k settlement amount is paid off.  Last payment will be on December 1st in the amount of $25k;
2. 30-day period to cure;
3. $625k stipulated judgment in the event of a default as to all defendants;
4. Stipulated judgment as to all defendants.

(*Id.*)  On the morning of February 23, Bensamochan circulated a draft notice of settlement; Garcia and Sullivan both responded with revisions and both agreed to its filing.  (*See generally* Doc. 322-4.)

The Notice of Settlement filed on February 23 stated:

> Plaintiffs Clifford A. Rosen and Ronald A. Christensen on the one hand and all of the named Defendants on the other hand, have reached a settlement as to all claims and issues between all parties inclusive of a stipulated judgment, payment terms, and all other required language to ensure finality and enforceability of the final settlement, including language asking this Court to retain jurisdiction to enforce the agreement.  The parties are finalizing a settlement agreement and expect that the agreement will be drafted and signed within ten (10) days.

(Doc. 309.)  The Court accordingly vacated the Final Pretrial Conference set for February 24 and ordered the parties to file a Notice of Dismissal within ten days.  (Doc. 310.)

On March 1, 2023, Plaintiffs filed a Notice stating that "[o]n Monday, February 27, 2023, the Defendants, through counsel, advised Plaintiffs' counsel that Defendant C. Brian Egnatz reneged on the settlement terms, specifically the term requiring he agree to and execute a stipulated judgment." (Doc. 311.)  The Court modified the Scheduling Order to permit Plaintiffs to file a motion to enforce the settlement agreement (*see* Doc. 317), which Plaintiffs did on March 20.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

==UNDER SEAL==
**CIVIL MINUTES – GENERAL**

Case No.  8:20-cv-01973-JLS-DFM                        Date: May 10, 2023
Title:  Clifford Rosen et al v. Urban Commons, LLC et al

## II.    <u>LEGAL STANDARDS</u>

Under federal law, "[i]t is well settled that a district court has the equitable power to enforce summarily an agreement to settle a case pending before it." *Callie v. Near*, 829 F.2d 888, 890 (9th Cir. 1987).  "However, the district court may enforce only *complete* settlement agreements." *Id.*  To prevail on a motion to enforce, the movant must show both that the parties "have reached agreement on all material terms[,]" and that the parties "have *either* agreed to the terms of the settlement or authorized their respective counsel to settle the dispute." *Schaffer v. Litton Loan Servicing, LP*, No. 05-07673, 2012 WL 10274678, at *8 (C.D. Cal. Nov. 13, 2012) (citations omitted).  The Court's power to summarily enforce settlement agreements is similar to its authority to enter summary judgment.  *Id.* at *9 ("A motion to enforce settlement is akin to a motion for summary judgment.").  Therefore, "a court has no discretion to enforce a settlement where material facts are in dispute; an evidentiary hearing must be held to resolve such issues." *In re City Equities Anaheim, Ltd.*, 22 F.3d 954, 958 (9th Cir. 1994).

Principles of contract law apply to the interpretation of settlement agreements. *See Jeff D. v. Andrus*, 899 F.2d 753, 759 (9th Cir. 1989).  Moreover, "[t]he construction and enforcement of settlement agreements are governed by principles of local law which apply to interpretation of contracts generally." *Id.* at 759-60 (applying Idaho state law to interpretation of a settlement agreement in the context of a class action).  Under California law, four elements must be present to form a valid contract: "(1) parties capable of contracting; (2) their mutual consent; (3) a lawful object; and (4) sufficient consideration." *Am. Gen. Life & Acct. Ins. Co. v. Findley*, No. 12-01753, 2013 WL 1120662, at *11 (C.D. Cal. Mar. 15, 2013) (citing Cal. Civ. Code §§ 1550, 1565).  In turn, "mutual consent" requires that "a specific offer is communicated to the offeree, and an acceptance is subsequently communicated to the offeror." *Id.* (citation omitted).

Finally, "[w]here parties agree to the material terms of a contract, they cannot avoid the formation of a valid and binding agreement by silently reserving an issue, and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

<mark>UNDER SEAL</mark>
**CIVIL MINUTES – GENERAL**

Case No.  8:20-cv-01973-JLS-DFM                    Date: May 10, 2023
Title:  Clifford Rosen et al v. Urban Commons, LLC et al

later claiming that it was material to their willingness to enter into a contract." *Inamed Corp. v. Kuzmak*, 275 F. Supp. 2d 1100, 1122 (C.D. Cal. 2002).  At the same time, "where there is no meeting of the minds upon the material terms of a contract, the agreement cannot be enforced." *Id.*

## III.    ANALYSIS

Plaintiffs argue that the parties reached a valid and enforceable settlement agreement on February 23, 2023.  (Mot. at 7.)  Specifically, Plaintiffs' counsel attests that the settlement agreement consists of the terms of the agreement signed by all parties that was provided to the Court, along with the modified provisions regarding payment terms and default remedies that are reflected in the email exchange (collectively, the "Settlement Agreement").  (Mot. at 3-4; Garcia Decl., Doc. 321-1 ¶¶ 5-7.)  Defendants argue that the Settlement Agreement is not enforceable because the Defendants themselves did not sign it and the terms of the settlement were not complete.  (Opp. at 7.)

### A.    Complete Agreement

Defendants' argument that the terms of the Settlement Agreement were not complete consists of two sentences: "In this case the parties were still negotiating the final terms of the settlement agreement when the deal fell apart.  The settlement agreement provided for default provisions which were unacceptable to a number of the Defendants."  (Opp. at 8.)  They do not specify the provisions to which they did not agree.  None of the Defendants argue that their attorneys were not authorized to settle the case on their behalf.  Accordingly, the question for the Court is whether the parties reached a complete agreement as to the material terms of the settlement and "clearly manifested an intent to be bound by the settlement agreement." *Gamble v. Synchrony Bank*, No. 19-1229, 2020 WL 12991563, at *5 (C.D. Cal. May 15, 2020).

Here, the parties had executed a settlement agreement and stipulated to a stay, which the Court declined to enter because the agreement allowed for the parties to reopen the underlying litigation on this case in the event of non-payment under the settlement

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

<mark>UNDER SEAL</mark>
**CIVIL MINUTES – GENERAL**

Case No.  8:20-cv-01973-JLS-DFM                    Date: May 10, 2023
Title:  Clifford Rosen et al v. Urban Commons, LLC et al

amount.  Defendants then proposed modifying the then-existing settlement agreement to address payment terms and default remedies.  Attorney Garcia sent an email explaining that her clients were frustrated with the new proposed settlement terms.  Attorney Sullivan responded that the altered terms were necessary to enable the Defendants to accede to a stipulated judgment.  Attorney Bensamochan asked Plaintiffs if they assented to the terms.  On behalf of Plaintiffs, Attorney Garcia agreed to the terms.  The parties then collaborated on a Notice of Settlement that represented to the Court that an agreement had been reached that provided for a stipulated judgment that merely needed to be signed by the parties.

Plaintiffs have thus provided ample evidence that all the parties had reached a complete settlement agreement and all intended to be bound by it.  Defendants proposed the terms, and Plaintiffs agreed to them.  *See Gamble*, 2020 WL 12991563, at *3 (finding an enforceable settlement agreement where Defendant's counsel sent an email with a settlement offer, Plaintiff's counsel responded that their client would agree with several other terms, and Defendant's counsel responded with "confirmed").  Defendants have not set forth any evidence to the contrary.  Indeed, they have even acknowledged the agreement: in their opposition, Defendants state "An apparent agreement seemed to have been reached, and a notice of settlement was filed on February 23, 2023.  Egnatz represented that the parties had reached settlement but required additional time to revise and execute the long form agreement." (Opp. at 2.)  In their Motion to Join, Birt and Woods state "Defendants Birt and Woods acknowledge that they authorized the attorneys to file a Notice to Settlement . . . .  Their point is that Birt and Egnatz did not fully understand or intend to agree to a stipulated judgment." (Doc. 327 at 3.)  "[T]he courts will not set aside contractual obligations, particularly where they are embodied in written contracts, merely because one of the parties claims to have been ignorant of, or to have misunderstood, the provisions of the contract." *Brokaski v. Delco Sys. Operations*, 41 Fed. App'x 958, 960 (9th Cir. 2002) (quoting *Hedging Concepts, Inc. v. First Alliance Mortgage Co.*, 41 Cal. App. 4th 1410, 1421 (1996)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

==UNDER SEAL==
**CIVIL MINUTES – GENERAL**

Case No.  8:20-cv-01973-JLS-DFM                              Date: May 10, 2023
Title:  Clifford Rosen et al v. Urban Commons, LLC et al

Counsels' communications demonstrate that, after the Court's February 21 Order, they modified the then-existing settlement agreement by renegotiating certain very limited terms, namely, the payment terms, the right to cure, and the entry of a stipulated judgment in the event of default in payment.  Defendants cannot simply claim that they were unaware of the stipulated judgment provision of the revised settlement agreement, especially when alterations to the initial settlement were agreed to in consideration for inclusion of the stipulated judgment provision.  Defendants Egnatz and Wu have supplied declarations stating that they "did not agree to be bound" by the most recent settlement agreement and that they were "unhappy" with the stipulated judgment provisions.  (*See* Doc. 326 at 10, 12.)  However, they have not stated that they did not authorize their attorney to assent to the terms.  They similarly do not dispute that they authorized their attorney to represent to the Court that a settlement was reached.  Merely being "unhappy" with a contract term does not evince intent not to be bound by it, nor does it excuse nonperformance.  Moreover, a settlement agreement need not be signed, or even reduced to writing, to be enforceable. *See Myles v. Nelson Staffing Sols.*, No. 06-07792, 2007 WL 2209281, at *8 (N.D. Cal. July 30, 2007) (enforcing unsigned settlement agreement); *Kilpatrick*, 219 Cal. App. 3d at 52-23 (affirming enforcement of oral, out-of-court agreement to settle personal injury action).

In short, Plaintiffs have provided evidence of a complete agreement all parties manifested an intent to be bound by, and Defendants have not set forth any evidence or argument showing otherwise.  Buyer's remorse is an insufficient basis to avoid enforcement of the Settlement Agreement.

### B.    California Code of Civil Procedure Section 664

Defendants argue, citing California Code of Civil Procedure section 664, that in order to be enforced, a settlement must either be signed by the litigants themselves or made by oral stipulation before the court.  (Opp. at 6.)  This is incorrect for several reasons.  First, as Plaintiffs point out, section 664 provides a means of enforcing a settlement under California law, but it is not the only means of doing so.  *See Kilpatrick*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

<mark>UNDER SEAL</mark>
**CIVIL MINUTES – GENERAL**

Case No.  8:20-cv-01973-JLS-DFM                     Date: May 10, 2023
Title:  Clifford Rosen et al v. Urban Commons, LLC et al

*v. Beebe*, 219 Cal. App. 3d 1527, 1529 (1990) ("Appellants contend . . . that section 664.6 was intended to provide an exclusive means of enforcing settlements. . . .  Nothing in the language of section 664.6 suggests it was intended to be exclusive. Rather, it appears to do nothing more than provide a streamlined method for reducing a stipulated settlement to judgment.").  And, as noted above, federal courts have inherent power to enforce settlement agreements.  Moreover, section 664.6 does not stand for Defendants' cited proposition: it explicitly permits "[a]n attorney who represents the party" to sign a stipulation to settle the case.  Defendants argue that only the litigants themselves can sign a stipulation under this subsection; however, the cases they cite pre-date amendments to section 664.6 that became effective January 1, 2021, making enforceable stipulations for settlement signed by attorneys representing the parties.  *See, e.g.*, *Finney v. Ford Motor Co.*, No. 17-06183, 2018 WL 5879730, at *3 (N.D. Cal. Nov. 7, 2018).  Thus, this statute neither stands for the proposition Defendants cite it for, nor does it preclude a finding of an enforceable settlement agreement in this case.  Because the Court has already found an enforceable settlement agreement exists, it need not separately consider whether the emails by the attorneys in this action constitute an enforceable settlement agreement under section 664.6.

## IV.    CONCLUSION

Accordingly, the Court GRANTS Plaintiffs' Motion.  Plaintiffs must file a proposed judgment consistent with this Order and the terms of the Settlement Agreement within **ten days** of the issuance of this Order.

Initials of Deputy Clerk:  vrv